**FILED**

**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**08 C 1409**

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, <br><br> Plaintiff, <br><br> v. <br><br> U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.

**JUDGE DOW**
**MAGISTRATE JUDGE DENLOW**

**NOTICE OF FILING**

To:     Donald R. McGarrah
        SALVI, SCHOSTOK & PRITCHARD P.C.
        181 W. Madison St., Suite 3800
        Chicago, IL 60602

PLEASE TAKE NOTICE that on March 10, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois NOTICE OF REMOVAL OF DEFENDANT U-HAUL INTERNATIONAL, INC., a copy of which is attached.

Dated: March 10, 2008                          Respectfully submitted,

                                               **U-HAUL INTERNATIONAL, INC.**


                                               _____s/ Dmitry Shifrin_____
                                               George Jackson III, #6189680
                                               Dmitry Shifrin, #6279415
                                               BRYAN CAVE LLP
                                               161 N. Clark St., Suite 4300
                                               Chicago, IL 60601
                                               (312) 602-5000
                                               (312) 602-5060 (fax)

72494                                    1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of March, 2008, a copy of the foregoing Notice of

Filing was mailed, first-class, postage prepaid to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602

<u>        s/ Dmitry Shifrin         </u>

**FILED**

**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) ) | **08 C 1409** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | ) ) ) ) | **JUDGE DOW** **MAGISTRATE JUDGE DENLOW** |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant U-Haul International, Inc. ("U-Haul International") hereby removes the state court action entitled *Gregorio Trevino, Special Administrator of the Estate of Gregorio Trevino, deceased v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08 L 841, filed in the Circuit Court of Cook County, Illinois.

### State Court Proceedings

1.  Plaintiff commenced this action in the Circuit Court of Cook County, Illinois by filing his complaint (the "Complaint") on or about January 24, 2008 (a true and accurate copy of the Complaint is attached hereto as Exhibit 1).

2.  U-Haul International has not been served with the Complaint more than 30 days prior to the filing of this Notice of Removal. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

3.  No further proceedings have taken place in this action.

71821                                    1

4.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

### A.    Amount In Controversy

5.     Plaintiff brings this action seeking a judgment of liability and damages based on a fatality resulting from a vehicular accident in Kentucky allegedly caused by William Geary. Plaintiff claims William Geary rented the vehicle from U-Haul Co. of Illinois, Inc. ("U-Haul of Illinois") and U-Haul International, and also that these U-Haul defendants improperly maintained the vehicle driven by William Geary.[1]

6.     It is clear from the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of costs and interest.  Plaintiff has filed a three-count Complaint under Illinois' Wrongful Death, Survival and Family Expense Acts.  *See* Complaint, Counts I, II and III. Plaintiff claims that his son "sustained injuries that resulted in his death," and that the deceased "left surviving him his father...and his mother...who have been deprived of his love, affection and society." Complaint, Count I ¶¶ 18, 19.  Plaintiff further claims that the deceased "sustained conscious pain and suffering and disability prior to his death."  Complaint, Count II ¶ 19. Plaintiff also claims the deceased's estate has incurred "certain medical, funeral and burial expenses" for which the estate is liable.  Complaint, Count III ¶ 19. Nowhere in the Complaint does Plaintiff limit the amount in controversy to less than $75,000.  Instead, for each of his three

---

[1] In addition to the remaining arguments set forth in this Notice of Removal, Plaintiff names improper U-Haul entities as defendants in his Complaint.

claims, Plaintiff seeks damages "in excess of $50,000.00, together with costs of this action." Complaint, Counts I, II and III.

7.      If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in Illinois, where, as here, plaintiff alleges serious injuries. *See, e.g., Hansen v. Baxter Healthcare Corp.,* 198 Ill. 2d 420, 439, 764 N.E.2d 35, 46 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287, 682 N.E.2d 1203, 1217 (1st Dist. 1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 810, 610 N.E.2d 683, 701 (5th Dist. 1993).   Based on Plaintiff's allegations of personal and economic injuries, the finder of fact could easily conclude that Plaintiff is entitled to damages in excess of $75,000, and U-Haul International has met its burden of showing that the jurisdictional amount is satisfied. *See Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 429 (7th Cir. 1997); *Hansen,* 198 Ill. 2d at 439, 764 N.E.2d at 46; *Proctor,* 291 Ill. App. 3d at 287, 682 N.E.2d at 1217; *Kochan,* 242 Ill. App. 3d at 810, 610 N.E.2d at 701.

8.      Therefore, the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

**B.      Complete Diversity Of Citizenship**

9.      There is complete diversity between Plaintiff, the special administrator of the estate of the deceased, who was a citizen of Texas, and Defendants.   Plaintiff affirmatively admits that the deceased was a citizen of the State of Texas.  28 U.S.C. § 1332(c)(2); *see also* Complaint, Count I ¶ 1.

10.      Defendant U-Haul International is a Nevada corporation and has its principal place of business in the State of Arizona, so for diversity purposes it is a citizen of the States of Nevada and Arizona.  28 U.S.C. § 1332(c)(1); *see also* Complaint, Count I ¶ 3.

11.     Upon information and belief, Defendant Roger D. Geary is the son of William Geary and an individual residing in the State of Tennessee. *See* Complaint, Count I ¶ 4. Accordingly, upon information and belief, Tennessee is the state in which Roger D. Geary is domiciled and, therefore, the state of which he is a citizen for purposes of determining diversity.

12.     Although Plaintiff refers to William Geary as a "Defendant" in his Complaint, William Geary is not listed as a defendant in the caption and thus cannot serve as a basis for contesting jurisdiction. *See* Complaint, Count I ¶ 10.

### i.    Fraudulent Joinder

13.     The remaining defendant, U-Haul of Illinois, is alleged to be a citizen of the state of Illinois. Complaint, Count I ¶ 2. However, U-Haul of Illinois has been fraudulently joined to defeat diversity jurisdiction. Accordingly, its citizenship should be ignored for purposes of determining diversity. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

14.     In the Seventh Circuit, "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In determining whether a defendant was fraudulently joined, the Seventh Circuit requires not just an analysis of whether plaintiff stated a "claim," but also whether plaintiff has a "reasonable possibility" of recovery on that claim. *See Schwartz*, 174 F.3d at 878 (finding removal proper because of fraudulent joinder, notwithstanding the fact that plaintiff had a "claim" under the concept of notice pleading).

15.     As set forth below, Plaintiff does not have a reasonable possibility of recovering on his negligence claim against U-Haul of Illinois under the Wrongful Death, Survival or Family Expense Acts.     Therefore, U-Haul of Illinois' citizenship should be ignored for purposes of determining diversity, and removal is appropriate because there is complete diversity of citizenship among the remaining parties.

### C.     Argument

16.     Plaintiff alleges that on and prior to April 21, 2006, the date of the subject accident, U-Haul of Illinois was engaged in the business of renting and maintaining "certain types" of vehicles, including the "box type moving vehicle involved in the accident." Complaint, Count I ¶¶ 6, 7. Plaintiff also alleges that on and prior to April 21, 2006, Defendant, U-Haul of Illinois maintained, serviced and rented "the moving van that was involved in the subject accident." Complaint, Count I ¶¶ 9, 16.

17.     As a result of the foregoing allegations, Plaintiff claims that U-Haul of Illinois was negligent under the Illinois Wrongful Death, Survival and Family Expense Acts for allegedly renting to William Geary an improperly maintained vehicle prior to the trip at issue in the Complaint, and for William Geary's conduct allegedly leading to the accident at issue. Complaint, Count I ¶ 17(a)-(f).

18.     To prevail on a claim under the Illinois Wrongful Death Act the plaintiff must demonstrate, among other things, that defendant owed a duty of care to decedent and that a breach of duty proximately caused decedent's death. *Leavitt v. Farwell Tower Ltd. P'ship*, 252 Ill. App. 3d 260, 264, 625 N.E.2d 48, 52 (1st Dist. 1993).  The Illinois Survival Act allows a representative of the decedent to maintain common law actions which accrued to the decedent before he died. *Advincula v. United Blood Serv.*, 176 Ill. 2d 1, 42, 678 N.E.2d 1009, 1029 (Ill.

1997). The basis for plaintiff's Survival Act claim is negligence, in which plaintiff must also demonstrate, among other things, that defendant owed a duty of care to decedent and that a breach of duty was the proximate cause of decedent's injuries." *Mt. Zion State Bank & Trust v. Consol. Commc'ns*, 169 Ill. 2d 110, 116, 660 N.E.2d 863, 868 (Ill. 1995).

19.    If a person does not have control over property, he has "no duty to third persons injured in connection with the property." *Maisenbach v. Buckner*, 133 Ill. App. 2d 53, 56, 272 N.E.2d 851, 854 (1st Dist. 1971); *see also Buczak v. Central Sav. & Loan Ass'n*, 230 Ill. App. 3d 490, 497, 594 N.E.2d 1291, 1295 (1st Dist. 1992); *Martin v. 1727 Corp.*, 120 Ill. App. 3d 733, 737, 458 N.E.2d 990, 993 (5th Dist. 1983). Control over property is a prerequisite to tort liability. *Buente v. Van Voorst*, 213 Ill. App. 3d 116, 118, 571 N.E.2d 513, 514 (3rd Dist. 1991).

20.    U-Haul of Illinois did not own or control the vehicle allegedly rented by William Geary in this action. Affidavit of Jeff Alden at ¶ 4 (attached hereto as Exhibit 2). Significantly, *U-Haul of Illinois did not rent the vehicle at issue to William Geary. Id.* at ¶ 5. *See also* Affidavit of Robert Magyar at ¶ 4, and rental contract attached thereto (attached hereto as Exhibit 3). Plaintiff's allegation to the contrary is factually incorrect. Thus, Plaintiff has no possibility of recovering against U-Haul of Illinois under the Wrongful Death, Survival and Family Expense Acts because it did not own or rent the vehicle.

21.    To the extent Plaintiff is seeking recovery against U-Haul of Illinois for William Geary's conduct while operating the rental vehicle, that also fails for lack of duty. It is a longstanding principle in Illinois that a "bailor who does not retain control of the vehicle is not responsible to third persons for negligent use of the car by the bailee." *Great Central Ins. Co. v. Harris*, 46 Ill. App. 3d 542, 547-48, 360 N.E.2d 1151, 1155 (3rd Dist. 1977); *see also Singer v. Cross*, 257 Ill. App. 41 (1st Dist. 1930) (business of renting automobiles does not warrant

exception to rule that bailor cannot be held responsible to third person for use by bailee of chattel bailed, as a matter of public policy). Thus, U-Haul of Illinois cannot be liable for William Geary's conduct while operating the vehicle even if it rented the vehicle to him, which it did not.

22.     Further, even if Plaintiff could show that U-Haul of Illinois owed the decedent a duty of care, which he cannot because it did not own or rent the vehicle to William Geary, Plaintiff still has no possibility of recovery against U-Haul of Illinois because its conduct was not the proximate cause of decedent's injury. *Yager v. Illinois Bell Tel. Co.*, 281 Ill. App. 3d 903, 909, 910, 667 N.E.2d 1088, 1093, 1094 (4th Dist. 1996).

23.     First, Plaintiff's general allegations that U-Haul of Illinois was engaged in the business of renting and maintaining "certain types" of vehicles, including the "box type moving vehicle involved in the accident," are far too general to create any proximal link between U-Haul of Illinois and the *specific* vehicle and injury at issue. Similarly, Plaintiff's unsubstantiated allegation that maintenance was performed on the subject vehicle by U-Haul of Illinois at some unspecified point in time prior to the accident is equally insufficient to state a claim, let alone establish proximate cause. *See* Complaint, Count I ¶¶ 6, 7, 9; *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("the mere possibility that a defendant's conduct has caused an injury [may become] so slight that it may be disregarded as a matter of law").

24.     Second, there is no connection to U-Haul of Illinois as the cause of the accident. U-Haul of Illinois did not maintain the vehicle at or even near the time of the accident at issue. Affidavit of Jeff Alden at ¶ 6. The vehicle had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006. Affidavit of Robert Magyar at ¶ 6. Thus, causation does not exist even if, according to Plaintiff, maintenance was performed on the subject vehicle by U-Haul of Illinois at some

unspecified point in time prior to the accident. *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("[a] defendant's acts do not proximately cause a plaintiff's injuries if the independent act of a third person intervenes between defendant's act and the injury").

25.     For the foregoing reasons, Plaintiff does not have a reasonable possibility of recovering on his negligence claim against U-Haul of Illinois under the Wrongful Death, Survival or Family Expense Acts. Therefore, U-Haul of Illinois' citizenship should be ignored for purposes of determining diversity, and removal is appropriate because there is complete diversity of citizenship among the remaining parties.

## II.    U-HAUL OF ILLINOIS AND U-HAUL INTERNATIONAL HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

26.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

27.     The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 90(b) and 1441(a).

28.     Upon information and belief, Defendant Roger D. Geary has not been served, and therefore his consent to this removal is not necessary.

29.     U-Haul of Illinois has been fraudulently joined, and therefore its consent to this removal is not necessary. Nevertheless, U-Haul of Illinois' consent to removal is attached hereto as Exhibit 4.

30.     Pursuant to 28 U.S.C. § 1446(d), U-Haul International is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending, and will serve a copy of this notice on all parties to the removed action.

71821                                          8

WHEREFORE, Defendant U-Haul International, Inc. respectfully removes this action from the Circuit Court of Cook County, Illinois, Case No. 08 L 841, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: March 10, 2008                           Respectfully submitted,

                                                **U-HAUL INTERNATIONAL, INC.**


                                                _____ s/ Dmitry Shifrin _____
                                                George Jackson III, #6189680
                                                Dmitry Shifrin, #6279415
                                                BRYAN CAVE LLP
                                                161 N. Clark St., Suite 4300
                                                Chicago, IL 60601
                                                (312) 602-5000
                                                (312) 602-5060 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2008, a copy of the foregoing Notice of

Removal was mailed, first-class, postage prepaid to the following counsel:


Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602


_____ s/ Dmitry Shifrin _____

STATE OF ILLINOIS )
                    ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

GREGORIO TREVINO, Special Administrator )
of the Estate of GREGORIO TREVINO, JR., )
deceased, )
                                   )
        Plaintiff, )          2008L000841
                                  )          CALENDAR/ROOM E
      vs.                 ) NO.    TIME 00:00
                                  )          PI Motor Vehicle
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC. and )
ROGER D. GEARY, )
                                     )
        Defendants. )

## COMPLAINT AT LAW

## COUNT I

Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO

TREVINO, JR., deceased, and ORALIA TREVINO, (hereinafter "PLAINTIFFS"), by and through

their attorneys, SALVI SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, U-

HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC. (hereinafter "U-HAUL

DEFENDANTS"), ROGER D. GEARY, and each of them, state:

     1.    On and before April 21, 2006, GREGORIO TREVINO, JR. was a citizen of the

State of Texas.

     2.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF

ILLINOIS, was an Illinois Corporation with its principal place of business in Illinois.



**EXHIBIT**

1

3.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL INTERNATIONAL, INC., was a Nevada Corporation with its principal place of business in Arizona.

4.    On and before April 21, 2006, and at all times material, Defendant, ROGER D. GEARY, was an individual residing in Tennessee.

5.    JANET M. DEUTSCH, Special Administrator of the Estate of William Geary, deceased, has been appointed Special Administrator of the Estate of William Geary for purposes of naming a proper party defendant for this litigation. Attached hereto as Exhibit "B" is a copy of the order entered by the Circuit Court of Cook County appointing Janet Deutsch as Special Administrator of the Estate of William Geary, deceased.

6.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, was engaged in the business of renting out, maintaining, storing, distributing, and selling certain types of moving vehicles, including the box type moving vehicle involved in this accident.

7.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, conducted business in Cook County, Illinois, which included marketing, servicing, and renting out its products, including the box type moving van involved in this accident, in Cook County, Illinois.

8.    On information and belief, U-HAUL INTERNATIONAL owned the 2006 General Motors C5C042 box type moving van (VIN 1GDG5C1E35F903934) (hereinafter "the moving van") and had responsibility for assuring the van was properly maintained and serviced.

9.      Prior to April 21, 2006, Defendant, U-HAUL OF ILLINOIS, was required to maintain, service and rent out the moving van.

10.      Prior to April 21, 2006, the Defendant, William J. Geary, deceased, resided in Chicago, Illinois.

11.      On April 21, 2006, William J. Geary was driving the moving van northbound on Interstate Highway 65 in Kentucky. As Mr. Geary was proceeding on the roadway, he lost control of the moving fan and crossed the median into oncoming traffic.

12.      On April 21, 2006, GREGORIO TREVINO, JR. was driving southbound on Interstate 65 in Kentucky in his tractor-trailer combination.

13.      On April 21, 2006, without warning, the moving van driven by William Geary traveling northbound on Interstate 65 crossed the median and slid across the interstate in front of GREGORIO TREVINO, JR.'s vehicle and caused a collision between their two vehicles.

14.      On April 21, 2006, GREGORIO TREVINO, JR. and William J. Geary died as a result of the subject collision and resulting fire on Interstate Highway 65 in Kentucky.

15.      Prior to April 21, 2006, and at all times material, U-HAUL INTERNATIONAL INC. and U-HAUL COMPANY OF ILLINOIS were engaged in a joint enterprise, joint venture, or some mutually beneficial working arrangement for a common business purpose.

16.      On April 21, 2006, at the time of the accident, U-HAUL INTERNATIONAL INC. and U-HAUL COMPANY OF ILLINOIS were jointly responsible for marketing, maintaining, servicing and renting out the moving van that was involved in the subject accident..

17.     On and before April 21, 2006, and at all times material, Defendants, U-HAUL INTERNATIONAL INC., U-HAUL COMPANY OF ILLINOIS, and William J. Geary, and each of them, were negligent in one or more of the following aspects:

(a)     Failed to maintain the U-HAUL moving van in a good, working condition;

(b)     Failed to properly maintain the van's braking system and brakes;

(c)     Failed to enforce and/or follow internal guidelines for proper maintenance of the van and the van's braking system;

(d)     Failure to ensure that the van was in proper working condition prior to embarking on the trip that resulted in the incident;

(e)     Failure to maintain a proper lookout;

(d)     Operated the van at speeds that were too fast for the presenting conditions;

(f)     Failed to control the van after a mechanical failure;

(e)     Rented a vehicle to the public that was improperly maintained.

18.     As a proximate result of one or more of the aforesaid negligent acts or omissions of the Defendants, GREGORIO TREVINO, JR. sustained injuries which resulted in his death.

19.     At the time of his death, GREGORIO TREVINO, JR., deceased, left surviving him his father, GREGORIO TREVINO, and his mother, ORALIA TREVINO, who have been deprived of his love, affection and society.

20.     GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 740 ILCS 180/1, 180/2, and 180/2.1, commonly referred to as the Wrongful Death Act (Attached hereto as Exhibit "A" is a copy of

4

an Order entered in the Circuit Court of Cook County appointing GREGORIO TREVINO as the Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased).

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

<u>COUNT II</u>
(Negligence/Survival Action)

Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and ORALIA TREVINO, (hereinafter "TREVINO"), by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC. (hereinafter "U-HAUL DEFENDANTS"), ROGER D. GEARY, and each of them, state:

1-18.   Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, restates, realleges and incorporates by reference paragraphs 1 through 17, including all subparagraphs, of Count I, as and for paragraphs 1 through 17 of Count II.

19.    As a proximate result of one or more negligent acts of the aforementioned Defendants, GREGORIO TREVINO, JR. sustained conscious pain and suffering and disability prior to his death, and had he survived, he would have been entitled to bring an action for such injuries.

20.    Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 755 ILCS 5/27-6, commonly referred to as the "Survival Act."

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT III
### (Negligence/Family Expense Act)

Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and ORALIA TREVINO, (hereinafter "TREVINO"), by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC. (hereinafter "U-HAUL DEFENDANTS"), and ROGER D. GEARY, and each of them, state:

1-18.    Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, restates, realleges and incorporates by reference paragraphs 1 through 17, including all subparagraphs, of Count I, as and for paragraphs 1 through 17 of Count III.

19.    That as a result of the death of GREGORIO TREVINO, JR., deceased, certain medical, funeral and burial expenses were incurred for which the Estate of GREGORIO TREVINO, JR., deceased, is liable.

6

20.    Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 750 ILCS 65/15, commonly referred to as the "Family Expense Act" (attached hereto as Exhibit "A" as evidence of his right to bring this action is a copy of the Order issued by the Circuit Court of Cook County).

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY**

SALVI, SCHOSTOK & PRITCHARD P.C.

By: _____
      Donald R. McGarrah, Attorney for Plaintiff

DONALD R. MCGARRAH – ARDC #3123480
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

7

STATE OF ILLINOIS )
                     ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator ) <br> of the Estate of GREGORIO TREVINO, JR., ) <br> deceased, ) <br>         Plaintiffs, ) <br> ) <br>   vs. ) <br> U-HAUL COMPANY OF ILLINOIS, INC., ) <br> U-HAUL INTERNATIONAL, INC. and ) <br> ROGER D. GEARY, ) <br> ) <br>         Defendants. ) | NO. |

## <u>ORDER</u>

    THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and it being represented that GREGORIO TREVINO is legally competent to act as Administrator;

    IT IS HEREBY ORDERED that GREGORIO TREVINO is appointed Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, for the purpose of prosecuting a cause of action for all purposes relating to this lawsuit.

ENTER:

_____

Dated at Chicago, Illinois this
_____ day of January, 2008.

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227



ENTERED
JUDGE WILLIAM D. MADDUX-1559
JAN 2 4 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK_____



EXHIBIT
A

STATE OF ILLINOIS  )
                   )  SS
COUNTY OF COOK  )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GREGORIO TREVINO, Special Administrator  )
of the Estate of GREGORIO TREVINO, JR.,   )
deceased,                                  )
      Plaintiffs,                          )
                                           )
    vs.                                  )    NO.
U-HAUL COMPANY OF ILLINOIS, INC.,          )
U-HAUL INTERNATIONAL, INC. and             )
ROGER D. GEARY,                            )
                                           )
      Defendants.                          )

## ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator to Serve as Defendant, and it being represented that JANET M. DEUTSCH is legally competent to act as Special Administrator;

IT IS HEREBY ORDERED that JANET M. DEUTSCH is appointed Special Administrator to serve as Defendant for all purposes relating to this lawsuit.

ENTER:

_____

Dated at Chicago, Illinois this
_____ day of January, 2008.

**ENTERED**
JUDGE WILLIAM D. MADDUX•1559

JAN 2 4 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK_____

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227



EXHIBIT
B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GREGORIO TREVINO, Special )
Administrator of the Estate of GREGORIO )
TREVINO, JR., deceased, )
      )
           Plaintiff, )
      )    Case No.
v. )
      )
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC, and )
ROGER D. GEARY, )
      )
           Defendants. )

STATE OF ILLINOIS      )
                     ) ss.:
COUNTY OF ____Cook____ )

### AFFIDAVIT

Jeff Alden, being duly sworn, deposes and says:

1.      My name is Jeff Alden.  I am the President of U-Haul Co. of Illinois, Inc., an

Illinois corporation.

2.      I am over the age of twenty-one and am authorized and competent to make this

Affidavit on behalf of U-Haul Co. of Illinois, Inc.

3.      I am familiar with the allegations of Plaintiff's Complaint and know that it

involves allegations related to a vehicle accident which took place in Kentucky.

4.      U-Haul Co. of Illinois, Inc. did not own the vehicle allegedly rented by William

Geary in this action, VIN 1GDG5C1E35F903934.

5.      U-Haul Co. of Illinois, Inc. did not rent the vehicle at issue to William Geary.

6.      U-Haul Co. of Illinois, Inc. did not maintain the vehicle at or near the time of the

1


EXHIBIT
2

accident at issue.

**AFFIANT FURTHER SAYETH NAUGHT**

_____
Jeff Alden


Sworn to before me
this ___4___ day of March, 2008

_____
Notary Public

Official Seal
Alanda E Woods
Notary Public State of Illinois
My Commission Expires 11/16/2008

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased,<br><br>      Plaintiff,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STATE OF FLORIDA    )
               ) ss.:
COUNTY OF  _HILLSBOROUGH_ )

## AFFIDAVIT

Robert S. Magyar, being duly sworn, deposes and says:

    1.      My name is Robert S. Magyar.  I am the President of U-Haul Co. of Florida, a Florida corporation.

    2.      I am over the age of twenty-one and am authorized and competent to make this Affidavit on behalf of U-Haul Co. of Florida.

    3.      I am familiar with the allegations of Plaintiff's Complaint and know that it involves allegations related to a vehicle accident which took place in Kentucky.

    4.      I am aware that the vehicle involved in the accident at issue was rented by U-Haul Co. of Florida to William Geary at the time relevant to the present action.

    5.      Attached is a true and accurate copy of the rental contract, as maintained in the U-Haul electronic system, which shows that Mr. Geary rented this vehicle.

1

**EXHIBIT**

tabbies

_3_

6. Prior to the rental to William Geary, the vehicle at issue had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006.

AFFIANT FURTHER SAYETH NAUGHT



_____
**Robert S. Magyar**

Sworn to before me
this _10 th_ day of March, 2008

_____
Notary Public

2.

# U-Haul equipment rental contract

**Reservation number:** 177808
**Contract number:** 177808
One-Way (Dispatch)

**Customer:**
William Geary
3205 N Cicero Ave
Chicago , IL 60641
Primary Phone: (773) 401-2877
License: g60093041073 State: FL Exp: 03/10
BirthDate: 03-11-41

**Entity:**
786056
U-Haul Clearwater
201 S Missouri Ave
Clearwater , FL 33756
Phone: (727) 461-2532
WebBEST

## Rental information

| Reservation: | Location | MCO | Date |
|---|---|---|---|
| Dispatch: | 786056 | 786 | 4/19/2006 12:56:58 PM |
| Expected: | 52956 | 739 | 4/25/2006 12:58:11 PM |

| Equipment Id | Status | Qty. | Rate | $/Mile | Safe Cvg. | Fuel Out | Fuel In | Miles Out | Miles In | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 0000 JH 3242K | Disp | 1 | $1,475.00 | $0.40 | | 3/8 | | 26421.0 | | |

## Payment information

| Pmt. Type | Status | Pmt. Date | Card | Card Exp. Date | Pmt. Loc. | Paid Amount |
|---|---|---|---|---|---|---|
| Master Card | APPROVED | 04/19/2006 | xxxxxxxx0206 | 04/09 | 786056 | $1,578.25 |

| Days Allowed | Rental Amount | Miles Allowed | Total Amount Collected |
|---|---|---|---|
| 6 | $1,475.00 | 1464 | $1,578.25 |

## Credit card history

| Card No. | Location | Contract | Date | Amount Paid | Status |
|---|---|---|---|---|---|
| xxxxxxxx0206 | 621001 | 4335493 | 4/14/2006 12:55:51 PM | $0.00 | APPROVED |

## Meaningful Assurance

| Assurance type | |
|---|---|
| Local Drivers License | g60093041073  Exp: 0310 |
| Personal Phone (call ) | (773) 401-2781  -Verified |

## Notes

**There are no notes for this contract.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREGORIO TREVINO, Special )
Administrator of the Estate of GREGORIO )
TREVINO, JR., deceased, )
         )
        Plaintiff, )
         )   Case No.
v. )
         )
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC, and )
ROGER D. GEARY, )
         )
        Defendants. )

### <u>CONSENT TO REMOVAL</u>

Defendant U-Haul Co. of Illinois, Inc., by and through its undersigned attorneys, hereby

consents to the Notice of Removal filed by Defendant U-Haul International, Inc. with the United

States District Court for the Northern District of Illinois, Eastern Division, for removal of the

above-styled matter from the Circuit Court of Cook County, Illinois.


Dated: March 10, 2008             Respectfully submitted,

                                 BRYAN CAVE LLP



                             _____s/ Dmitry Shifrin_____
                             George Jackson III, #6189680
                             Dmitry Shifrin, #6279415
                             161 N. Clark St., Suite 4300
                             Chicago, IL 60601
                             (312) 602-5000
                             (312) 602-5060 (fax)



EXHIBIT
4

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2008, a copy of the foregoing Consent to

Removal was mailed, first-class, postage prepaid to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602


_____s/ Dmitry Shifrin_____

2