**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| | ) | Case No. 08-cv-1409 |
| v. | ) ) | Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT U-HAUL INTERNATIONAL, INC.'s**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW**

Defendant U-Haul International, Inc. ("U-Haul International"), by and through its undersigned counsel, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint at Law ("Complaint"):

**ANSWER TO "COUNT I"**

1.      On and before April 21, 2006, GREGORIO TREVINO, JR. was a citizen of the State of Texas.

**ANSWER:**    U-Haul International is without sufficient information or knowledge to form a belief as to the allegations of paragraph 1 and therefore denies same.

2.      On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, was an Illinois Corporation with its principal place of business in Illinois.

**ANSWER:**    U-Haul International admits the allegations of paragraph 2.

3.      On and before April 21, 2006, and at all times material, Defendant, U-HAUL INTERNATIONAL, INC., was a Nevada Corporation with its principal place of business in Arizona.

72559.4

**ANSWER:**    U-Haul International admits the allegations of paragraph 3.

4.    On and before April 21, 2006, and at all times material, Defendant, ROGER D. GEARY, was an individual residing in Tennessee.

**ANSWER:**    U-Haul International is without sufficient information or knowledge to form a

belief as to the allegations of paragraph 4 and therefore denies same.

5.    JANET M. DEUTSCH, Special Administrator of the Estate of William Geary, deceased, has been appointed Special Administrator of the Estate of William. Geary for purposes of naming a proper party defendant for this litigation. Attached hereto as Exhibit "B" is a copy of the order entered by the Circuit Court of Cook County appointing Janet Deutsch as Special Administrator of the Estate of William Geary, deceased.

**ANSWER:**    U-Haul International states that the allegations of paragraph 5 state a legal

conclusion to which no response is required.  To the extent a response is required, U-Haul

International states that Plaintiff's Complaint purports to attach as an exhibit an order from the

Circuit Court of Cook County, Illinois.  U-Haul International further states that this order speaks

for itself, and U-Haul International denies each and every allegation in paragraph 5 that

misconstrues, misstates or contradicts the order.

6.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, was engaged in the business of renting out, maintaining, storing, distributing, and selling certain types of moving vehicles, including the box type moving vehicle involved in this accident.

**ANSWER:**    The allegations of paragraph 6 are not directed at U-Haul International and thus

no response is required.  To the extent a response is required, U-Haul International denies the

allegations of paragraph 6.

7.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, conducted business in Cook County, Illinois, which included marketing, servicing, and renting out its products, including the box type moving van involved in this accident, in Cook County, Illinois.

**ANSWER:**    The allegations of paragraph 7 are not directed at U-Haul International and thus

no response is required.  To the extent a response is required, U-Haul International denies the

allegations of paragraph 7.

8.    On information and belief, U-HAUL INTERNATIONAL owned the 2006 General Motors C5C042 box type moving van (VIN IGDG5C1E35F903934) (hereinafter "the moving van") and had responsibility for assuring the van was properly maintained and serviced.

**ANSWER:**    U-Haul International denies the allegations of paragraph 8.

9.    Prior to April 21, 2006, Defendant, U-HAUL OF ILLINOIS, was required to maintain, service and rent out the moving van.

**ANSWER:**    The allegations of paragraph 9 are not directed at U-Haul International and thus no response is required.  To the extent a response is required, U-Haul International is without sufficient information or knowledge to form a belief as to the allegations of paragraph 9 and therefore denies same.

10.    Prior to April 21, 2006, the Defendant, William J. Geary, deceased, resided in Chicago, Illinois.

**ANSWER:**    U-Haul International is without sufficient information or knowledge to form a belief as to the allegations of paragraph 10 and therefore denies same.

11.    On April 21, 2006, William J. Geary was driving the moving van northbound on Interstate Highway 65 in Kentucky.  As Mr. Geary was proceeding on the roadway, he lost control of the moving fan and crossed the median into oncoming traffic.

**ANSWER:**    Upon information and belief, and based upon police reports, U-Haul International has been informed that the subject vehicle was traveling northbound on Interstate Highway 65 in Kentucky and crossed the median.  U-Haul International is without sufficient information or knowledge to form a belief as to the remaining allegations of paragraph 11 and therefore denies same.

12.    On April 21, 2006, GREGORIO TREVINO, JR. was driving southbound on Interstate 65 in Kentucky in his tractor-trailer combination.

**ANSWER:**    Upon information and belief, and based upon police reports, U-Haul International

has been informed that Gregorio Trevino, Jr. was driving southbound on Interstate Highway 65

in Kentucky in his tractor-trailer combination.

13.   On April 21, 2006, without warning, the moving van driven by William Geary traveling northbound on Interstate 65 crossed the median and slid across the interstate in front of GREGORIO TREVINO, JR.'s vehicle and caused a collision between their two vehicles.

**ANSWER:**   Upon information and belief, and based upon police reports, U-Haul International

has been informed that the subject vehicle was traveling northbound on Interstate Highway 65 in

Kentucky, crossed the median and was involved in an accident on Interstate Highway 65 in

Kentucky.  U-Haul International is without sufficient information or knowledge to form a belief

as to the remaining allegations of paragraph 13 and therefore denies same.

14.   On April 21, 2006, GREGORIO TREVINO, JR. and William J. Geary died as a result of the subject collision and resulting fire on Interstate Highway 65 in Kentucky.

**ANSWER:**   Upon information and belief, U-Haul International admits that Gregorio Trevino,

Jr. and William Geary were involved in a collision on Interstate Highway 65 in Kentucky.  U-

Haul International has been informed, based upon police reports, that Gregorio Trevino, Jr. and

William Geary died as a result of the subject collision and resulting fire on Interstate Highway 65

in Kentucky.

15.   Prior to April 21, 2006, and at all times material, U-HAUL INTERNATIONAL INC. and U-HAUL COMPANY OF ILLINOIS were engaged in a joint enterprise, joint venture, or some mutually beneficial working arrangement for a common business purpose.

**ANSWER:**   U-Haul International states that the allegations of paragraph 15 state a legal

conclusion to which no response is required.  To the extent a response is required, U-Haul

International denies the allegations of paragraph 15.

16.   On April 21, 2006, at the time of the accident, U-HAUL INTERNATIONAL INC. and U-HAUL COMPANY OF ILLINOIS were jointly responsible for marketing, maintaining, servicing and renting out the moving van that was

involved in the subject accident.

**ANSWER:**   U-Haul International denies the allegations of paragraph 16.

17.   On and before April 21, 2006, and at all times material, Defendants, U-HAUL INTERNATIONAL INC., U-HAUL COMPANY OF ILLINOIS, and William J. Geary, and each of them, were negligent in one or more of the following aspects:

a.   Failed to maintain the U-HAUL moving van in a good, working condition;

b.   Failed to properly maintain the van's braking system and brakes;

c.   Failed to enforce and/or follow internal guidelines for proper maintenance of the van and the van's braking system;

d.   Failure to ensure that the van was in proper working condition prior to embarking on the trip that resulted in the incident;

e.   Failure to maintain a proper lookout;

[f.]   Operated the van at speeds that were too fast for the presenting conditions;

[g.]   Failed to control the van after a mechanical failure;

[h.]   Rented a vehicle to the public that was improperly maintained.

**ANSWER:**   U-Haul International denies the allegations of paragraph 17, including subparts

(a)-[h].

18.   As a proximate result of one or more of the aforesaid negligent acts omissions of the Defendants, GREGORIO TREVINO, JR. sustained injuries which resulted in his death.

**ANSWER:**   U-Haul International denies the allegations of paragraph 18.

19.   At the time of his death, GREGORIO TREVINO, JR., deceased, left surviving him his father, GREGORIO TREVINO, and his mother, ORILIA TREVINO, who have been deprived of his love, affection and society.

**ANSWER:**   U-Haul International is without sufficient information or knowledge to form a

belief as to the allegations of paragraph 19 and therefore denies same.

20.   GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 740 ILCS 180/1, 180/2, and 180/2.1, commonly referred to as the Wrongful Death Act (Attached hereto as Exhibit "A" is a copy of an Order entered in the Circuit Court of Cook County

appointing GREGORIO TREVINO as the Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased).

**ANSWER:**    U-Haul International states that the allegations of paragraph 20 state legal conclusions to which no response is required.  To the extent a response is required, U-Haul International states that Plaintiff's Complaint purports to attach as an exhibit an order from the Circuit Court of Cook County, Illinois.  U-Haul International further states that this order speaks for itself, and U-Haul International denies each and every allegation in paragraph 20 that misconstrues, misstates or contradicts the order, and denies the remaining allegations of paragraph 20.

> WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

**ANSWER:**    As for the unnumbered prayer for relief following Count I, paragraph 20, no responsive pleading is required.  Should a response be deemed required, U-Haul International denies each and every allegation contained in this unnumbered prayer for relief.   U-Haul International further requests that this Court dismiss Count I with prejudice or, in the alternative, enter judgment in favor of U-Haul International against Plaintiff, with costs and other expenses and such further relief as the Court may deem just and proper.

### ANSWER TO "COUNT II - (Negligence/Survival Action)"

1-18.    Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, restates, realleges and incorporates by reference paragraphs 1 through 17, including all subparagraphs, of Count I, as and for paragraphs 1 through 17 of Count II.

**ANSWER:**    U-Haul International restates and incorporates herein by this reference its responses to paragraphs 1 through 17 of Count I above as if set forth fully herein.

19.    As a proximate result of one or more negligent acts of the aforementioned

Defendants, GREGORIO TREVINO, JR. sustained conscious pain and suffering and disability prior to his death, and had he survived, he would have been entitled to bring an action for such injuries.

**ANSWER:**   U-Haul International denies the allegations of paragraph 19.

20.   Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 755 ILCS 5/27-6, commonly referred to as the "Survival Act."

**ANSWER:**   U-Haul International states that the allegations of paragraph 20 state legal conclusions to which no response is required.   To the extent a response is required, U-Haul International denies the allegations of paragraph 20.

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

**ANSWER:**   As for the unnumbered prayer for relief following Count II, paragraph 20, no responsive pleading is required.   Should a response be deemed required, U-Haul International denies each and every allegation contained in this unnumbered prayer for relief.   U-Haul International further requests that this Court dismiss Count II with prejudice or, in the alternative, enter judgment in favor of U-Haul International against Plaintiff, with costs and other expenses and such further relief as the Court may deem just and proper.

### ANSWER TO "COUNT III - (Negligence/Family Expense Act)"

1-18.   Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, restates, realleges and incorporates by reference paragraphs 1 through 17, including all subparagraphs, of Count I, as and for paragraphs 1 through 17 of Count III.

**ANSWER:**   U-Haul International restates and incorporates herein by this reference its responses to paragraphs 1 through 17 of Count I above as if set forth fully herein.

19.   That as a result of the death of GREGORIO TREVINO, JR., deceased, certain medical, funeral and burial expenses were incurred for which the Estate of

72559.4                                                7

GREGORIO TREVINO, JR., deceased, is liable.

**ANSWER:**    U-Haul International states that it is without sufficient information or knowledge

to form a belief as to the allegations of paragraph 19 and therefore denies same.

20.    Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 750 ILCS 65/15, commonly referred to as the "Family Expense Act" (attached hereto as Exhibit "A" as evidence of his right to bring this action is a copy of the Order issued by the Circuit Court of Cook County).

**ANSWER:**    U-Haul International states that the allegations of paragraph 20 state legal

conclusions to which no response is required.  To the extent a response is required, U-Haul

International states that Plaintiff's Complaint purports to attach as an exhibit an order from the

Circuit Court of Cook County, Illinois.  U-Haul International further states that this order speaks

for itself, and U-Haul International denies each and every allegation in paragraph 20 that

misconstrues, misstates or contradicts the order, and denies the remaining allegations of

paragraph 20.

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

**ANSWER:**    As for the unnumbered prayer for relief following Count III, paragraph 20, no

responsive pleading is required.  Should a response be deemed required, U-Haul International

denies each and every allegation contained in this unnumbered prayer for relief.  U-Haul

International further requests that this Court dismiss Count III with prejudice or, in the

alternative, enter judgment in favor of U-Haul International against Plaintiff, with costs and other

expenses and such further relief as the Court may deem just and proper.

## **JURY DEMAND**

U-Haul International, Inc. demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Venue is improper because, as Plaintiff admits, the injury and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in Kentucky.

### SECOND AFFIRMATIVE DEFENSE

2.     The current forum is inconvenient because events material to Plaintiff's claims occurred in Kentucky.

### THIRD AFFIRMATIVE DEFENSE

3.     U-Haul International, Inc. does not owe a legally cognizable duty to Plaintiff because it did not own, rent or maintain the subject vehicle.

### FOURTH AFFIRMATIVE DEFENSE

4.     Nothing done or omitted to be done by U-Haul International, Inc. was the proximate cause of any of Plaintiff's alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's damages, if any, occurred due to the intervening and superseding acts of others over whom U-Haul International, Inc. has neither control nor the ability to control.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's damages, if any, were solely the result of acts, omissions and/or conduct of persons over whom U-Haul International, Inc. exercised no control, including, but not limited to, William Geary, and Plaintiff is not entitled to recover any damages against U-Haul International, Inc. on the basis of those acts, omissions or conduct.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Alternatively, the acts and/or omissions of persons over whom U-Haul

72559.4

International, Inc. exercised no control, including, but not limited to, William Geary, contributed

to and caused the damages allegedly sustained by Plaintiff.  U-Haul International, Inc.'s fault, if

any, amounts to less than 25% of the total fault and therefore any liability of U-Haul

International, Inc. would be several, but not joint.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff has failed to join necessary and indispensable parties.

WHEREFORE, having fully answered Plaintiff's Complaint, U-Haul International, Inc.

requests that this Court dismiss Plaintiff's Complaint with prejudice or, in the alternative, enter

judgment in favor of U-Haul International, Inc. against Plaintiff, with costs and other expenses

and such other and further relief as the Court may deem just and proper.


Dated: March 17, 2008                          Respectfully submitted,

                                               **U-HAUL INTERNATIONAL, INC.**



                                                    s/ Dmitry Shifrin
                                               George Jackson III, #6189680
                                               Dmitry Shifrin, #6279415
                                               BRYAN CAVE LLP
                                               161 N. Clark St., Suite 4300
                                               Chicago, IL 60601
                                               (312) 602-5000
                                               (312) 602-5060 (fax)

72559.4                              10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of March, 2008, a copy of the foregoing Answer and

Affirmative Defenses were served via the Court's CM/ECF system to the following counsel:


Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602



       s/ Dmitry Shifrin

72559.4

11