**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, ) ) ) ) | |
| Plaintiff, ) ) ) | Case No. 08-cv-1409 |
| v. ) ) | Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., ) U-HAUL INTERNATIONAL, INC, and ) ROGER D. GEARY, ) ) | |
| Defendants. ) | |

**DEFENDANT U-HAUL CO. OF ILLINOIS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant U-Haul Co. of Illinois, Inc. ("U-Haul of Illinois"), by and through its undersigned counsel, hereby moves the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and states as follows in support:

**I.      INTRODUCTION**

Dismissal of U-Haul of Illinois is appropriate in this matter because, contrary to Plaintiff's allegation, this defendant did not own or rent the subject vehicle to William Geary, and because U-Haul of Illinois did not perform any maintenance on the subject vehicle that could possibly be a proximate cause of this accident as alleged by Plaintiff.

Plaintiff alleges that on April 21, 2006, while driving a vehicle which Plaintiff alleges was rented from U-Haul of Illinois, William Geary caused a vehicular accident in Kentucky that resulted in the death of Plaintiff's decedent. A copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

Plaintiff also alleges that on and prior to April 21, 2006, U-Haul of Illinois was engaged in the business of renting and maintaining "certain types" of vehicles, including the "box type moving vehicle involved in the accident." Complaint, Count I ¶¶ 6, 7. Plaintiff further alleges that on and prior to April 21, 2006, U-Haul of Illinois maintained, serviced and rented "the moving van that was involved in the subject accident." Complaint, Count I ¶¶ 9, 16.

As a result of the foregoing allegations, Plaintiff claims that U-Haul of Illinois was negligent under the Illinois Wrongful Death, Survival and Family Expense Acts for allegedly renting to William Geary an improperly maintained vehicle prior to the trip at issue in the Complaint, and for William Geary's conduct allegedly leading to the accident at issue. Complaint, Count I ¶ 17(a)-(f).

For the reasons set forth below, U-Haul of Illinois should be dismissed.

## II.   ARGUMENT

### A.   Legal Standard.

Plaintiff's Complaint should be dismissed for failure to state a claim. Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss is warranted when the pleadings fail to state a claim upon which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the facts and legal theories alleged in the complaint, because "[a]t a minimum, a complaint must contain facts sufficient to state a claim as a matter of law." *Hickey v. O'Bannon,* 287 F.3d 656, 657 (7th Cir. 2002). In evaluating the sufficiency of a complaint upon a Rule 12(b)(6) motion, the Court should not "accept as true legal conclusions or unsupported conclusions of fact." *Id.* at 659. Plaintiff must go "beyond the speculative level" and provide "enough facts to state a claim to

relief that is plausible on its face." *Killingsworth v. HSBC Bank Nevada, NA.*, 507 F.3d 614, 618 (7th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1974 (2007)).[1]

As explained below, Plaintiff cannot state an actionable claim against U-Haul of Illinois and his Complaint should be dismissed with prejudice.

> **B.     Plaintiff fails to state a claim against U-Haul of Illinois because it did not owe a duty to Plaintiff's decedent.**

To prevail on a claim under the Illinois Wrongful Death Act the plaintiff must demonstrate, among other things, that defendant owed a duty of care to decedent and that a breach of duty proximately caused decedent's death. *Leavitt v. Farwell Tower Ltd. P'ship*, 252 Ill. App. 3d 260, 264, 625 N.E.2d 48, 52 (1st Dist. 1993). The Illinois Survival Act allows a representative of the decedent to maintain common law actions which accrued to the decedent before he died. *Advincula v. United Blood Serv.*, 176 Ill. 2d 1, 42, 678 N.E.2d 1009, 1029 (Ill. 1997). The basis for plaintiff's Survival Act claim is negligence, in which plaintiff must also demonstrate, among other things, that defendant owed a duty of care to decedent and that a breach of duty was the proximate cause of decedent's injuries." *Mt. Zion State Bank & Trust v. Consol. Commc'ns*, 169 Ill. 2d 110, 116, 660 N.E.2d 863, 868 (Ill. 1995).

If a person does not have control over property, he has "no duty to third persons injured in connection with the property." *Maisenbach v. Buckner*, 133 Ill. App. 2d 53, 56, 272 N.E.2d 851, 854 (1st Dist. 1971); *see also Buczak v. Central Sav. & Loan Ass'n*, 230 Ill. App. 3d 490, 497, 594 N.E.2d 1291, 1295 (1st Dist. 1992); *Martin v. 1727 Corp.*, 120 Ill. App. 3d 733, 737,

---

[1] Pursuant to Fed. R. Civ. P. 12(d), a Rule 12(b)(6) motion may be converted into a Rule 56 summary judgment motion if matters outside the pleadings are presented to and not excluded by the Court. However, "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Conversion from a Rule 12(b)(6) motion in this instance is unnecessary, and the Court may consider U-Haul of Illinois' affidavits as part of the pleadings, because Plaintiff's Complaint references and principally relies upon a rental transaction that has nothing to do with U-Haul of Illinois.

458 N.E.2d 990, 993 (1st Dist. 1983). Control over property is a prerequisite to tort liability. *Buente v. Van Voorst*, 213 Ill. App. 3d 116, 118, 571 N.E.2d 513, 514 (3rd Dist. 1991).

U-Haul of Illinois did not own or control the vehicle allegedly rented by William Geary in this action. Affidavit of Jeff Alden at ¶ 4 (attached hereto as Exhibit 2). Significantly, *U-Haul of Illinois did not rent the vehicle at issue to William Geary*. *Id.* at ¶ 5. *See also* Affidavit of Robert Magyar at ¶ 4, and rental contract attached thereto (attached hereto as Exhibit 3). Plaintiff's allegation to the contrary is factually incorrect. Thus, Plaintiff has no possibility of recovering against U-Haul of Illinois under the Illinois Wrongful Death, Survival and Family Expense Acts because it did not own or rent the vehicle.[2]

To the extent Plaintiff is seeking recovery against U-Haul of Illinois for William Geary's conduct while operating the rental vehicle, that also fails. It is a longstanding principle in Illinois that a "bailor who does not retain control of the vehicle is not responsible to third persons for negligent use of the car by the bailee." *Great Central Ins. Co. v. Harris*, 46 Ill. App. 3d 542, 547-48, 360 N.E.2d 1151, 1155 (3rd Dist. 1977); *see also Singer v. Cross*, 257 Ill. App. 41 (1st Dist. 1930) (business of renting automobiles does not warrant exception to rule that bailor cannot be held responsible to third person for use by bailee of chattel bailed, as a matter of public policy). Thus, U-Haul of Illinois cannot be liable for William Geary's conduct while operating the vehicle even if it rented the vehicle to him, which it did not.

---

[2] Moreover, Plaintiff's claim that U-Haul of Illinois and U-Haul International, Inc. were engaged in a joint venture, joint enterprise or "some" mutually beneficial working arrangement for a common business purpose is insufficient to create any actionable claim against U-Haul of Illinois. Complaint, Count I ¶ 15. To establish the existence of a joint venture under Illinois law, Plaintiff must show, among other elements, that the relationship is based on a contract and, also, a common interest in the purpose of the joint venture. *Aigner v. Bell Helicopters, Inc.*, 86 F.R.D. 532, 541 (N.D. Ill. May 8, 1980). Plaintiff's allegation does not assert the existence of any contractual relationship between the U-Haul entities creating a joint venture between them, nor does it even identify the purpose of the purported venture and the interest of each entity. It is thus wholly speculative. *Killingsworth*, 507 F.3d at 618 (plaintiff must go "beyond the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face") (*quoting Bell Atlantic*, 127 S.Ct. at 1964-65, 1974). Further, U-Haul of Illinois did not own or rent the subject vehicle and, as a result, could not have shared any interest in this rental transaction that it did not know about, and with which it was not involved in any way.

> **C.** **Plaintiff fails to state a claim against U-Haul of Illinois because its conduct was not the proximate cause of Plaintiff's decedent's injury.**

Further, even if Plaintiff could show that U-Haul of Illinois owed the decedent a duty of care, which he cannot because it did not own or rent the vehicle to William Geary, Plaintiff still has no possibility of recovery against U-Haul of Illinois because its conduct is not the proximate cause of decedent's injury. *Yager v. Illinois Bell Tel. Co.*, 281 Ill. App. 3d 903, 909, 910, 667 N.E.2d 1088, 1093, 1094 (4th Dist. 1996).

First, Plaintiff's general allegations that U-Haul of Illinois was engaged in the business of renting and maintaining "certain types" of vehicles, including the "box type moving vehicle involved in the accident," are far too general to create any proximal link between U-Haul of Illinois and the *specific* vehicle and injury at issue. Similarly, Plaintiff's unsubstantiated allegation that maintenance was performed on the subject vehicle by U-Haul of Illinois at some unspecified time prior to the accident is equally insufficient to state a claim, let alone establish proximate cause. *See* Complaint, Count I ¶¶ 6, 7, 9; *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("the mere possibility that a defendant's conduct has caused an injury [may become] so slight that it may be disregarded as a matter of law"); *see also Killingsworth,* 507 F.3d at 618 (plaintiff must go "beyond the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face") (*quoting Bell Atlantic*, 127 S.Ct. at 1964-65, 1974).

Second, there is no connection to U-Haul of Illinois as the cause of the accident. U-Haul of Illinois did not maintain the vehicle at or even near the time of the accident at issue. Affidavit of Jeff Alden at ¶ 6. The vehicle had been driven for less than 30,000 miles at the time of the rental, and had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006. Affidavit of Robert Magyar at ¶ 6. Thus, causation does not exist even if, according to Plaintiff, maintenance was performed

on the subject vehicle by U-Haul of Illinois at some unspecified point in time prior to the accident. *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("[a] defendant's acts do not proximately cause a plaintiff's injuries if the independent act of a third person intervenes between defendant's act and the injury").

### III.     CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim for negligence against U-Haul of Illinois under the Illinois Wrongful Death, Survival or Family Expense Acts, and his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant U-Haul Co. of Illinois, Inc. respectfully requests this Court grant its Motion and dismiss Plaintiff's Complaint against it with prejudice, awarding costs and fees and such other and further relief as may be just and proper.

Dated: March 17, 2008                              Respectfully submitted,

**U-HAUL CO. OF ILLINOIS, INC.**


              s/ Dmitry Shifrin
George Jackson III, #6189680
Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2008, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was served via the Court's CM/ECF system to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602


                                           s/ Dmitry Shifrin