UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO, SPECIAL ADMINISTRATOR OF THE ESTATE OF GREGORIO TREVINO, JR., DECEASED<br><br>Plaintiff,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., AND ROGER D. GEARY,<br><br>Defendants. | § § § § § § § § § § § § § § | CASE NO. 1:08-cv-01409<br><br>JUDGE ROBERT M. DOW, JR. |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COME PLAINTIFFS, by and through their undersigned attorneys of record, and files this, their Motion for Leave to File First Amended Complaint and would show unto the Court as follows:

**I.**

This case arises out of an automobile collision between a U-Haul moving truck and a tractor-trailer combination driven by Plaintiffs' decedent. Plaintiffs seek leave of court to file their First Amended Complaint, which is attached hereto as Exhibit "1."

**II.**

Plaintiffs' First Amended Complaint would more clearly allege their wrongful death claims and remove the claims of the estate of Gregorio Trevino, Jr. The claims of the estate are being pursued by the surviving spouse of Mr. Trevino in Illinois state

court. It is unnecessary, therefore, for Mr. Trevino's father (a plaintiff herein) to pursue the estate's claims.

### III.

The amended complaint would also effectively dismiss Plaintiffs claims against U-Haul Company of Illinois, Inc. and join U-Haul Company of Florida, Inc. Based on information provided by U-Haul, U-Haul Company of Florida, Inc., and not U-Haul Company of Illinois, Inc., is the company that rented the U-Haul moving truck in question to its driver, William Geary, deceased. This amendment would also satisfy the pending Motion to Dismiss filed by the current U-Haul defendants.

### IV.

The amended complaint would also join General Motors Corporation as a defendant. Upon information and belief, General Motors Corporation and U-Haul jointly manufactured the U-Haul moving truck in question to the finished product that was rented to consumers. The amended complaint would allege strict product liability claims and negligence claims relating to the design and manufacture of the truck.

### V.

The amended complaint would also remove Roger Geary as a defendant. Roger Geary, the son of William Geary, deceased, is not a proper party to this action. The party named as Janet Deutsch, special administrator of the estate of William Geary, deceased, has the capacity to be sued as the legal representative of Mr. Geary's estate for purposes of Plaintiffs wrongful death claims against this estate.

### VI.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the court should freely give leave when justice so requires. If leave is not given in this instance, Plaintiffs

will be deprived of their rights to pursue all legal remedies arising out of the untimely death of their son. As this action was removed to this Court in March 2008, and the parties have yet to submit their joint status report and conduct any discovery, Defendants will not be prejudiced by the Court granting this motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Motion be granted and for such other relief that they may show themselves justly entitled.

Respectfully submitted, this the 18th day of April 2008.

                                    Respectfully submitted,

                                    SALVI, SCHOSTOK & PRITCHARD
                                    181 West Madison Street, Suite 3800
                                    Chicago, Illinois 60602
                                    Phone: (312) 372-1227
                                    Fax:    (312) 372-3720

By:    /s/Donald R. McGarrah
           DONALD R. MCGARRAH
           ARDC#3123480

           ATTORNEYS FOR PLAINTIFF

# Exhibit "1"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO, SPECIAL ADMINISTRATOR OF THE ESTATE OF GREGORIO TREVINO, JR., DECEASED<br><br>Plaintiff,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., AND ROGER D. GEARY,<br><br>Defendants. | § § § § § § § § § § § § § § | CASE NO. 1:08-cv-01409<br><br>JUDGE ROBERT M. DOW, JR. |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Gregorio Trevino and Oralia Trevino, file this first amended complaint against U-Haul International, Inc., U-Haul Company of Florida, Inc., General Motors Corporation and Janet M. Deutsch, Special Administrator of the Estate of William J. Geary, Deceased. Plaintiffs would show the Court as follows:

### I.
### PARTIES

1.1     Plaintiffs, Gregorio Trevino and Oralia Trevino are the surviving parents of Gregorio Trevino, Jr., deceased. They are bringing wrongful death claims arising out the death of their son. Plaintiffs are residents and citizens of the State of Texas.

1.2     Defendant, U-Haul International, Inc., (hereinafter "UHI") is a Nevada corporation with its principal office in Arizona. At all times pertinent to this action, UHI was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.3     Defendant, U-Haul Company of Florida, Inc. (hereinafter "UHF") is a Florida corporation with its principal office in Florida. At all times pertinent to this action, UHF was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.4     Defendant, General Motors Corporation (hereafter "GM") is a Delaware corporation with its principal office in Michigan. At all times pertinent to this action, GM was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.5     Defendant, Janet M. Deutsch, is a resident of Chicago, Illinois. She is properly a defendant as the special administrator of the estate of William J. Geary, deceased, for the negligent acts of Mr. Geary.

1.6     Hereinafter, "GM/U-Haul" refers to UHI, UHF and GM.

## II.
### VENUE AND JURISDICTION

2.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has a controversy in excess of $75,000, is between citizens of different states.

2.2     This Court has personal jurisdiction over UHI, UHF and GM, because they are authorized to and do conduct business in the State of Illinois and have sufficient contacts with the State of Illinois, both generally and with regard to this specific action, that the exercise of personal jurisdiction over it is proper. This Court has personal jurisdiction over Geary because at the time of the death of William Geary, Mr. Geary was a resident and citizen of the State of Illinois. Moreover, his estate's special administrator, Janet Deutsch, is a resident and citizen of the State of Illinois.

2.3   This is a proper venue, pursuant to 28 U.S.C. §1391, because all defendants reside in this judicial district for venue purposes.

## III.
## BACKGROUND FACTS

3.1   On or about April 21, 2006, Gregorio Trevino, Jr. was driving southbound on Interstate 65 in Kentucky. Mr. Trevino was driving a Celedon tractor-trailer combination. A 2005 U-Haul moving truck (VIN 1GDG5C1E35F903934), manufactured by GM/U-Haul and driven by William Geary from Chicago, Illinois, was traveling northbound on Interstate 65. Without warning, Mr. Geary lost control, crossed the median and slid across the interstate in front of the tractor-trailer combination after colliding with another vehicle. The U-Haul moving truck and tractor-trailer then collided. Both vehicles burst into flames. Mr. Trevino, along with both occupants of the U-Haul moving truck, died as a result of this incident.

## IV.
## STRICT LIABILITY – GM/U-HAUL

4.1   At all times relevant hereto, GM/U-Haul were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving trucks, including the subject moving truck.

4.2   The subject moving truck, as sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed by GM/U-Haul, was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including but not limited to, its defective and inadequate fuel tank and fuel delivery system, its brakes, its suspension system, its steering system and wheel bearings, all while in the possession, custody or control of GM/U-Haul.

4.3 The subject moving truck was in a defective and unreasonably dangerous condition when it left the control of GM/U-Haul.

4.4 At the time the subject moving truck was placed into the stream of commerce by GM/U-Haul, up to the time of the accident, the subject moving truck was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

4.5 The death of Gregorio Trevino, Jr. and Plaintiffs' damages were the direct and proximate result of the subject moving truck's defective and unreasonably dangerous condition.

4.6 Because GM/U-Haul are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing the subject moving truck and similar products, because GM/U-Haul reaped the profits from the subject moving truck and similar products and because GM/U-Haul placed the subject moving truck and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Florida, GM/U-Haul are liable to Plaintiffs for their damages arising out of the death of Gregorio Trevino, Jr. under the theory of strict products liability.

4.7 As a direct and proximate result of the defective and unreasonably dangerous condition of the subject moving truck, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by GM/U-Haul and was in a defective and unreasonably dangerous condition when it left the control of GM/U-Haul, Gregorio Trevino, Jr., deceased, suffered severe injuries which resulted in his death.

4.8 Gregorio Trevino, Jr., deceased, has left as his survivors his parents, Plaintiffs Gregorio and Oralia Trevino, who have suffered personal and pecuniary loss

as the result of the death of their son, and have suffered from the loss of his love, society and companionship they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

## V.
## NEGLIGENCE – GM/U-HAUL

5.1   GM/U-Haul carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject moving truck, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of GM/U-Haul.

5.2   GM/U-Haul had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject moving truck such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. GM/U-Haul owed such duty to Plaintiffs' decedent and to the general motoring public.

5.3   GM/U-Haul knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject moving truck, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

5.4   GM/U-Haul knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject moving truck such that it would not

be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.5   GM/U-Haul knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject moving truck and its components, including but not limited to, its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.6   GM/U-Haul failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject moving truck and its components, including, but not limited to, its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

5.7   GM/U-Haul additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject moving truck, and failed to recall or timely recall the subject moving truck or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

5.8   The aforesaid careless and negligent acts or omissions on the part of GM-U-Haul imposed an unreasonable risk of arm on Plaintiffs' decedent and the general motoring public.

5.9   The aforesaid careless and negligent acts or omissions on the part of GM/U-Haul also represented a deviation from the industry standard of care.

5.10   As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of GM/U-Haul, Gregorio Trevino, Jr., deceased, suffered severe injuries which resulted in his death.

5.11   Gregorio Trevino, Jr., deceased, has left as his survivors his parents, Plaintiffs Gregorio and Oralia Trevino, who have suffered personal and pecuniary loss as a result of the death of their son, and have suffered from the loss of his love, society, and companionship they enjoyed prior to his death.

## VI.
### NEGLIGENCE – UHI, UHF & GEARY

6.1   UHI, UHF and Geary committed acts of omissions and commission, which collectively and severally constituted negligence. These acts and omissions were a proximate cause of the accident, the injuries to and death of Gregorio Trevino, Jr., and the damages of the Plaintiffs.

6.2   UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain the truck in a good, working condition, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.3   UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain the truck's braking system, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.4   UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to ensure the braking system in the truck was operating properly at the time of rental, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.5	UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to follow internal procedures or guidelines for maintaining the truck and its braking system, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.6	William J. Geary's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain control of the U-Haul truck after a mechanical failure, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.7	William J. Geary's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to ensure that the U-Haul truck was in proper working condition before embarking on his journey, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

## VII.
### GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

7.1	Plaintiffs allege that GM/U-Haul are guilty of gross negligence for knowingly introducing the subject moving truck into the stream of commerce with a defective and inadequate fuel tank and fuel delivery system, defective brakes, a defective suspension system, a defective steering system and defective wheel bearings. Plaintiffs, therefore, are entitled to recover exemplary damages from these defendants and seek these damages in an amount far in excess of the minimum jurisdictional limits of this Court.

7.2    Plaintiffs allege that UHI and UHF are guilty of gross negligence for knowingly renting their vehicles to consumers, like Mr. Geary, with improperly maintained braking systems. Plaintiffs, therefore, are entitled to recover exemplary damages from these defendants and seek these damages in an amount far in excess of the minimum jurisdictional limits of this Court.

## VIII.
### ACTUAL DAMAGES

8.1    As a result of the injuries to and death of Gregorio Trevino, Jr., Plaintiffs suffered, and will suffer in the future, wrongful death damages including pecuniary loss, loss of companionship and society, and mental anguish.

## IX.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1    Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## X.
### CONDITIONS PRECEDENT

10.1    All conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1    Plaintiffs, who seek damages greater than $75,000, request a trial by a jury.

WHEREFORE, PREMISES CONSIDERED, Gregorio Trevino and Oralia Trevino pray Defendants be cited to appear and answer for their conduct, this case be set for trial, and they recover judgment of and from Defendants for their damages in such amount as the evidence may show and the trier of fact may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and

further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

                        Respectfully submitted,

                        SALVI, SCHOSTOK & PRITCHARD
                        181 West Madison Street, Suite 3800
                        Chicago, Illinois 60602
                        Phone: (312) 372-1227
                        Fax:    (312) 372-3720

By:    /s/ Donald R. McGarrah
        DONALD R. MCGARRAH
        ARDC #3123480

        ATTORNEYS FOR PLAINTIFF