IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, <br><br> Plaintiff, <br><br> v. <br><br> U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> Case No. 08-cv-1409 <br><br> Judge Dow |

**U-HAUL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF STANDING**

Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. (collectively, the "U-Haul Defendants") hereby file their Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint for lack of standing, and state as follows in support:

**A.     The Instant Lawsuit.**

1.     This is the first of two lawsuits filed by two separate sets of plaintiffs against virtually identical defendants and arising out of the same vehicular accident.

2.     On or about January 24, 2008, Gregorio Trevino, in his alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., deceased ("Plaintiff"), filed this lawsuit in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts.

3.     Plaintiff's lawsuit is based on his son's fatality resulting from a vehicular accident in Kentucky on or about April 21, 2006 allegedly caused by William Geary. Plaintiff claims William Geary rented the vehicle from the U-Haul Defendants, and that the U-Haul Defendants

were allegedly negligent with respect to the vehicle rented to and driven by William Geary at the time of the accident.

4. Plaintiff's Complaint fails to indicate that his son purportedly left a wife and children surviving him.

### B. Ida Trevino's Lawsuit.

5. Subsequent to the filing of Plaintiff's Complaint, on or about April 10, 2008, the U-Haul Defendants learned that Ida Trevino filed a complaint in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts ("Ms. Trevino's First Complaint").

6. Ms. Trevino claims that Gregorio Trevino, Jr. was her husband and the father of Sara and Angela Trevino. Ms. Trevino's First Complaint alleges that she is also the special administrator of Gregorio Trevino, Jr.'s estate, and arises from the same vehicular accident underlying Plaintiff's Complaint – *i.e.,* the vehicular accident occurring in Kentucky on or about April 21, 2006 and allegedly caused by William Geary.

7. U-Haul International, Inc. removed Ms. Trevino's First Complaint on April 14, 2008, which was pending before Judge Gettleman as Case No. 08-cv-2120. On April 17, 2008, Ms. Trevino voluntarily dismissed her First Complaint.

8. The following day, on April 18, 2008, Ms. Trevino filed her second complaint in the Circuit Court of Cook County, Illinois, asserting identical allegations against virtually all of the same defendants named in her First Complaint ("Ms. Trevino's Second Complaint"). Ms. Trevino's Second Complaint was removed by U-Haul International, Inc. on April 21, 2008 and is currently pending before Judge Gettleman as Case No. 08-cv-2255.

**C.  Argument.**

9. Plaintiff lacks standing to bring his suit because he has failed to plead any facts to support an injury that can be redressed by the Court.  A plaintiff's complaint will be dismissed for lack of standing if it is clear that no set of facts can support the claim for relief.  *Barner v. City of Harvey*, 1997 WL 139468, *9 (N.D. Ill. Mar. 25, 1997).  It must be likely that plaintiff's injury can be redressed by the Court for him to have standing to bring suit.  *Id.* at *8.  A court will not grant relief unless it will confer some benefit upon plaintiff.  *Smith v. Boyle*, 144 F.3d 1060, 1063 (7th Cir. 1998).

10. Fed. R. Civ. P. 17 states that a plaintiff's capacity to sue is determined by the law of the state in which the federal court sits.

11. "The [Illinois' Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*,] is the sole source of determining who may sue [for wrongful death] and under what conditions."  *Mio v. Alberto-Culver Co.*, 715 N.E.2d 309, 312 (2nd Dist. 1999).  The purpose is to compensate the surviving spouse and next of kin for losses sustained due to the decedent's death.  *Id.*; *see also* 740 ILCS 180/2.  If the decedent leaves a surviving spouse and children, the decedent's parents are not considered next of kin and have no standing to recover under the act.  *Id.* at 313; *Rallo v. Crossroads Clinic, Inc.,* 565 N.E.2d 15, 17 (1st Dist. 1991).

12. Consequently, Plaintiff's wrongful death claim should be dismissed because he is not an appropriate wrongful death beneficiary under the circumstances.  According to Ida Trevino's complaint, she is the surviving spouse of Gregorio Trevino, Jr., who also purportedly left two surviving daughters.  Thus, Plaintiff has no standing to recover in an individual capacity for his own purported loss.

13. On the other hand, if Plaintiff purports to bring the alleged wrongful death claims on behalf of the appropriate beneficiaries under the Wrongful Death Act (Ida Trevino and her daughters), he still lacks standing. 740 ILCS 180/2.1 states in pertinent part:

> In the event that the only asset of the deceased estate is a cause of action arising under this Act, and no petition for letters of office for his or her estate has been filed, the court, upon motion of any person who would be entitled to a recovery under this Act, and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action.

14. Thus, under the Wrongful Death Act, Plaintiff may be appointed special administrator to pursue claims on behalf of anyone entitled to recover if no petition for letters of office have been filed, and, additionally, the wrongful death beneficiaries move to appoint Plaintiff as special administrator to pursue their claims.

15. Ida Trevino's complaint asserts that letters of office were filed for Gregorio Trevino, Jr.'s estate in 2007, well before Plaintiff filed his Complaint alleging that he has been appointed special administrator to pursue the wrongful death claims.[1] Further, Plaintiff's Complaint does not assert that Ida Trevino, as a wrongful death beneficiary, moved to appoint Plaintiff as special administrator to pursue her (or her daughters') claims. Moreover, it stands to reason that Ida Trevino did not move to appoint Plaintiff as special administrator because she has filed her own suit in which she purports to name herself as special administrator. For these additional reasons, Plaintiff's appointment as special administrator fails and he lacks standing to bring wrongful death claims in both an individual and representative capacity.

16. Plaintiff also lacks standing to pursue claims on behalf of Gregorio Trevino, Jr. under the Illinois Survival Act. Pursuant to 735 ILCS 5/13-209(a)(1), if a cause of action

---

[1] Moreover, it seems that Plaintiff may have been aware of the issuance of these letters. Oralia Trevino, who Plaintiff claims is his wife and Gregorio Trevino, Jr.'s mother, purportedly issued the letters to Ida Trevino in Oralia's capacity as clerk of the relevant Texas probate court.

survives a person's death, a special representative may be appointed to pursue the survival claims if no petition for letters of office for the decedent's estate have been filed. Because Ida Trevino claims to have filed letters for Gregorio Trevino, Jr.'s estate in 2007, well before Plaintiff filed his Complaint, his appointment as special administrator fails and he cannot pursue survival claims on behalf of Gregorio Trevino, Jr.'s estate. Moreover, Plaintiff's appointment fails because his Complaint does not allege that he provided notice of his appointment to his son's heirs – Ida and her daughters – as required under the Survival Act, and because Ida Trevino has appointed herself as special administrator to pursue these claims.

17. Finally, Plaintiff lacks standing to bring claims to recoup burial and funeral expenses under the Illinois Family Expense Act. Parents cannot recover expenses paid on behalf of adult children under the Family Expense Act because there is no legally recognized relationship under the act forcing parents to incur those expenses. *Rodgers v. Consolidated Railroad Corp.*, 482 N.E.2d 1080, 1084 (4th Dist. 1985). Moreover, Plaintiff cannot recover burial and funeral expenses in his capacity as special representative of Gregorio Trevino, Jr.'s estate. *Graul v. Adrian,* 205 N.E.2d 444, 446 (Ill. 1965). To the extent these expenses were incurred by Plaintiff, he must bring a claim to recover them in his individual, rather than representative, capacity. *Id.*

### D.    Conclusion.

18. Plaintiff does not have standing because he does not have a redressable injury in either his individual or representative capacity, and, in addition, a ruling from this Court will not confer any benefit upon him.

WHEREFORE, for all of the foregoing reasons, Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. respectfully request this Court to dismiss Plaintiff's claims under the Illinois Wrongful Death, Survival and Family Expense Acts for lack of standing.

Dated: April 25, 2008                                                  Respectfully submitted,

**U-HAUL INTERNATIONAL, INC.**
**U-HAUL CO. OF ILLINOIS, INC.**

                            s/ Dmitry Shifrin
George Jackson III, #6189680
Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2008, a copy of the foregoing Memorandum in Support of Motion to Dismiss was served via the Court's CM/ECF system, and by hand delivery, to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602

s/ Dmitry Shifrin