IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | )<br>)<br>)<br>**JURY TRIAL DEMANDED** |
| Plaintiff, | )<br>)<br>) Case No. 08-cv-1409 |
| v. | )<br>) Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | )<br>)<br>)<br>) |
| Defendants. | ) |

**U-HAUL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR
REASSIGNMENT OF RELATED CASE**

Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. (collectively, the "U-Haul Defendants") hereby file their Memorandum in support of their motion under Local Rule 40.4 for the reassignment to this Court of *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08-cv-2255 pending before Judge Gettleman. The U-Haul Defendants state as follows in support of their Motion:

    **A.**    **The Instant Lawsuit.**

    1.    This is the first of two lawsuits filed by two separate sets of plaintiffs against virtually identical defendants and arising out of the same vehicular accident.

    2.    On or about January 24, 2008, Gregorio Trevino, in his alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., deceased ("Plaintiff"), filed this lawsuit in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death,

Survival and Family Expense Acts. A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3. Plaintiff's lawsuit is based on his son's fatality resulting from a vehicular accident in Kentucky on or about April 21, 2006 allegedly caused by William Geary. Plaintiff claims William Geary rented the vehicle from the U-Haul Defendants, and that the U-Haul Defendants were allegedly negligent with respect to the vehicle rented to and driven by William Geary at the time of the accident.

4. Plaintiff's suit also joins Roger Geary, allegedly William Geary's son, as a defendant, and further claims that Mr. Trevino appointed Janet M. Deutsch as special administrator to serve as a defendant on behalf of William Geary's estate.

**B.    The Related Lawsuit.**

5. Subsequent to the filing of Plaintiff's Complaint, on or about April 10, 2008, Ida Trevino filed a fifteen-count complaint in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts ("Ms. Trevino's First Complaint").

6. In Ms. Trevino's First Complaint, she claims that Gregorio Trevino, Jr. was her husband and the father of Sara and Angela Trevino. Ms. Trevino's First Complaint alleges that she is also the special administrator of Gregorio Trevino, Jr.'s estate, and arises from the same vehicular accident underlying Plaintiff's Complaint – *i.e.,* the vehicular accident occurring in Kentucky on or about April 21, 2006 and allegedly caused by William Geary.

7. Ms. Trevino's First Complaint joined U-Haul Co. of Arizona, Inc.; U-Haul Co. of Florida, Inc.; U-Haul International, Inc.; U-Haul Leasing & Sales Co.; General Motors Corp. and Mechelle Walsh, who Ms. Trevino claimed to have appointed as special administrator to serve as

a defendant on behalf of William Geary's estate. Ms. Trevino's First Complaint asserted strict liability, negligence and willful and wanton misconduct, alleging that the U-Haul vehicle driven by William Geary had defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings. Ms. Trevino also alleged that William Geary was negligent for causing the accident.

8.    U-Haul International, Inc. removed Ms. Trevino's First Complaint on April 14, 2008, which was pending before Judge Gettleman as Case No. 08-cv-2120. On April 17, 2008, Ms. Trevino voluntarily dismissed her First Complaint.

9.    The following day, on April 18, 2008, Ms. Trevino filed her second complaint in the Circuit Court of Cook County, Illinois, asserting identical allegations against virtually all of the same defendants named in her First Complaint ("Ms. Trevino's Second Complaint"). A true and accurate copy of Ms. Trevino's Second Complaint is attached hereto as Exhibit 2. Ms. Trevino adds U-Haul Co. of Oregon, Inc. and U-Haul Co. of North Carolina, Inc. as defendants, and now claims that she has appointed Jeffrey Crook (not Mechelle Walsh) as special administrator to serve as a defendant on behalf of William Geary's estate. Ms. Trevino's Second Complaint was removed by U-Haul International, Inc. on April 21, 2008 and is currently pending before Judge Gettleman as Case No. 08-cv-2255.

10.   On April 18, 2008, Plaintiff in the instant suit moved for leave to file a fifteen-count amended complaint that is virtually identical to Ms. Trevino's Second Complaint. Plaintiff's motion is noticed for presentment on April 29, 2008. Plaintiff proposes to present individual claims for wrongful death sounding in strict liability, negligence and willful and wanton misconduct against U-Haul International, Inc.; U-Haul Co. of Florida, Inc.; General Motors Corp. and Janet M. Deutsch. Plaintiff proposes to allege that the U-Haul vehicle driven

by William Geary had defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings. Plaintiff also proposes to allege that William Geary was negligent for causing the accident.

      C.    **Argument.**

    11.    Under Local Rule 40.4(a), both cases are related because they arise out of the same occurrence, and involve nearly the same issues of fact and law. Two separate sets of plaintiffs, each claiming to be the special administrator of Gregorio Trevino, Jr.'s estate, assert claims against virtually identical defendants arising out of the same April 21, 2006 accident.

    13.    Further, both cases meet the criteria under Local Rule 40.4(b) for reassigning the case to Judge Dow. First, both cases are pending in the Northern District. Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. Reassignment will mean that one judge will rule on common legal and factual issues arising out of the same accident and that pertain to virtually identical defendants. Substantial time and effort will be save if one judge oversees discovery, rules on virtually identical motions and otherwise manages nearly identical cases.

    14.    Third, Plaintiff's case has not progressed to the point where it would be substantially delayed by designating Ms. Trevino's later filed case as related. Plaintiff has yet to serve all of the defendants with summons, and further proposes to amend his complaint to change his claims and substitute new party defendants. Moreover, no discovery has taken place to date, and the initial status conference is scheduled for April 29, 2008. *See Fairbanks Capital Corp. v. Jenkins*, 2002 U.S. Dist. LEXIS, *8 (N.D. Ill. Dec. 3, 2002) ("the first of the cases to be

filed…has not progressed that far: the court has ruled on a motion to dismiss the counterclaim and discovery has just gotten started.")

15. Finally, the cases are susceptible of disposition in a single proceeding. The complaints are virtually identical and the defenses are expected to be identical. *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, 1991 U.S. Dist. LEXIS 5696, *5-6 (N.D. Ill. April 29, 1991) ("[t]he complaints filed are…virtually identical and [defendant's] defenses in both cases are virtually identical. The only difference between [the two cases] is that each involves a different…customer…")

16. Reassignment will also help assure uniformity in the administration of justice in all cases. The Seventh Circuit has expressed a preference for similar cases to be consolidated before the same judge to avoid disparate decisions and multiple appeals. *See Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 512 (7th Cir. 1999).

WHEREFORE, Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. respectfully request this Court to designate *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08-cv-2255 pending before Judge Gettleman, as related to the instant case, and reassign Case No. 08-cv-2255 to Judge Dow.

Dated: April 25, 2008                                   Respectfully submitted,

                                                                                     **U-HAUL INTERNATIONAL, INC.**
                                                                                     **U-HAUL CO. OF ILLINOIS, INC.**

                                                                                           s/ Dmitry Shifrin
                                                                                   George Jackson III, #6189680

                                                  Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2008, a copy of the foregoing Memorandum in Support of Motion for Reassignment was served via the Court's CM/ECF system, and by hand delivery, to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602


                              s/ Dmitry Shifrin