**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORIO TREVINO, Special | ) | |
| Administrator of the Estate of GREGORIO | ) | |
| TREVINO, JR., deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08-cv-1409 |
| v. | ) | |
| | ) | Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., | ) | |
| U-HAUL INTERNATIONAL, INC., and | ) | |
| ROGER D. GEARY, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff Gregorio Trevino ("Plaintiff") and Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. (collectively, the "U-Haul Defendants"), by and through their undersigned counsel, hereby submit their Joint Initial Status Report, and state as follows:

**A.**    **Counsel of Record**

Donald R. McGarrah                          William J. Maiberger, Jr. (*pro hac pending*)
SALVI, SCHOSTOK & PRITCHARD P.C.   WATTS LAW FIRM
181 W. Madison St., Suite 3800              300 Convent St., Suite 100
Chicago, IL 60602                           San Antonio, TX 78205

*Counsel for Plaintiff*

George Jackson III                          Dan Ball (*pro hac pending*)
Dmitry Shifrin                              BRYAN CAVE LLP
BRYAN CAVE LLP                              211 N. Broadway, Suite 3600
161 N. Clark St., Suite 4300                St. Louis, MO 63102
Chicago, IL 60601

*Counsel for U-Haul Defendants*

**B.**    <u>**Basis for Federal Jurisdiction**</u>

Diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff is a resident of Texas and no defendant is a resident of Texas. On or about March 10, 2008, the U-Haul Defendants filed their Notice of Removal on the basis of diversity. The U-Haul Defendants claim that U-Haul Co. of Illinois, Inc. is fraudulently joined.

**C.**    <u>**Nature of the Claims**</u>

This case stems from a personal injury, motor vehicle accident in Kentucky resulting in the death of Plaintiff's decedent, Gregorio Trevino, Jr. Plaintiffs are the surviving parents of Gregorio Trevino, Jr. They are bringing wrongful death, survival and family expense claims arising out of the death of their son.

Plaintiffs purportedly bring this action through Gregorio Trevino, as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased. Plaintiffs claim William Geary rented the vehicle from the U-Haul Defendants, and also that the U-Haul Defendants were negligent with respect to the vehicle driven by William Geary at the time of the accident. Plaintiff also joined Defendant Roger D. Geary who, to date, has not been served with summons and is not a party to this report.

On April 18, 2008, Plaintiffs filed a motion for leave to file an amended complaint that is scheduled for hearing on April 29, 2008, which is also the date of the Court's Initial Status Conference. If Plaintiffs' motion is granted, Plaintiffs assert that their amended complaint would more clearly allege their wrongful death claims and remove the claims of the estate of Gregorio Trevino, Jr. Plaintiffs assert the claims of the estate are being pursued by the surviving spouse of Gregorio Trevino, Jr. in a separate action. Plaintiffs believe that it is unnecessary, therefore, for Mr. Trevino's father (a plaintiff herein) to pursue the estate's claims.

Plaintiffs assert that the amended complaint would also effectively dismiss U-Haul Company of Illinois, Inc., and join U-Haul Company of Florida, Inc. Based upon information provided by the U-Haul Defendants, U-Haul Company of Florida, Inc., and not U-Haul Company of Illinois, Inc., is the company that rented the U-Haul moving truck in question to its driver, William Geary. Plaintiffs' assert that their amendment would also satisfy the pending motion to dismiss filed by U-Haul Co. of Illinois, Inc.

Plaintiffs amended complaint would also join General Motors Corp. as a defendant. Upon information and belief, Plaintiffs allege that General Motors Corp.; U-Haul International, Inc. and U-Haul Co. of Florida, Inc. jointly manufactured the U-Haul moving truck in question to the finished product that was rented to consumers. The amended complaint would allege strict product liability, negligence and willful and wanton claims relating to the design and manufacture of the truck against these defendants.

Plaintiffs' amended complaint would also remove Roger D. Geary as a defendant. Plaintiffs assert that Roger D. Geary, the step-son of William Geary, deceased, is not a proper party to this action. Plaintiffs claim that Janet M. Deutsch, Special Administrator of the Estate of William Geary, deceased, has the capacity to be sued as the purported legal representative of Mr. Geary's

estate. Ms. Deutsch is named in the body of Plaintiffs' current complaint and in Plaintiffs' proposed amended complaint.

U-Haul International, Inc. will remain a defendant in Plaintiffs' proposed amended complaint.

**D.** **Non-Served Parties**

Defendant Roger D. Geary has not been served. Plaintiffs' proposed amended complaint will purportedly drop him as a defendant. If Plaintiffs' motion for leave to amend is granted, defendants U-Haul Co. of Florida, Inc.; General Motors Corp. and Janet M. Deutsch will need to be served with summons.

**E.** **Principal Legal Issues**

The U-Haul Defendants contend that Plaintiff brings this action pursuant to the Illinois Wrongful Death, Survival and Family Expense Acts, claiming the U-Haul Defendants are negligent with respect to the vehicle driven by William Geary at the time of the accident at issue in the complaint. Plaintiff seeks to recover damages on behalf of the beneficiaries under the Wrongful Death Act, his son's estate under the Survival Act and burial and funeral expenses under the Family Expense Act.

Plaintiffs, through their proposed amended complaint, intend to pursue their wrongful death claims arising out of the death of their son pursuant to the Texas Wrongful Death Act. Plaintiffs assert that the decedent, Gregorio Trevino, Jr., was a resident and citizen of Texas at the time of his death. Plaintiffs assert that, at all times relevant hereto, they have been, and are, residents and citizens of Texas. Under Plaintiffs' proposed amended complaint, they will move individually for wrongful death claims sounding in strict liability, negligence and willful and wanton misconduct against U-Haul International, Inc.; U-Haul Co. of Florida, Inc.; General Motors Corp. and Janet M. Deutsch. Plaintiff proposes to allege that the U-Haul vehicle driven by William Geary had various defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings. The U-Haul Defendants assert that no U-Haul defendant designed or manufactured the components. Plaintiff also proposes to allege that William Geary was negligent for causing the accident.

U-Haul Co. of Illinois, Inc. has filed a motion to dismiss asserting that it did not owe Plaintiff's decedent any duty, nor was it the proximate cause of the alleged injury. Briefing on the motion concludes on May 9, 2008. Plaintiffs, through their proposed amended complaint, do not intend to pursue any claims against U-Haul Company of Illinois, Inc. Plaintiffs do not oppose U-Haul Co. of Illinois, Inc.'s motion.

The U-Haul Defendants have also filed a motion asserting that Plaintiffs have no standing to bring their claims under the Illinois Wrongful Death, Survival and Family Expense Acts. Subsequent to the filing and removal of Plaintiff's complaint, the U-Haul Defendants learned that Plaintiffs' decedent purportedly left a spouse and two children surviving him. Those individuals have filed a separate complaint to recover for injuries sustained to the decedent

arising out of the same accident underlying Plaintiffs' complaint.  That case has been removed and is pending before Judge Gettleman as Case No. 08-cv-2255.  The U-Haul Defendants have also moved to reassign that case to Judge Dow.  Plaintiffs oppose the U-Haul Defendants' motion asserting Plaintiffs have no standing to bring their wrongful death, survival and family expense claims.  Plaintiffs, through their proposed amended complaint, intend to pursue their wrongful death claims under the Texas Wrongful Death Act.  Plaintiffs claim this law provides Plaintiffs (parents of the decedent) a cause of action, regardless of whether the decedent has a surviving spouse.

Further, the U-Haul Defendants assert that venue is improper and the forum is inconvenient because the injury and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in Kentucky.  Plaintiffs assert venue is proper in this district and division.  Plaintiffs are pursuing their wrongful death claims against the estate of the deceased driver of the U-Haul truck in addition to the U-Haul Defendants.  Plaintiffs claim the deceased driver of the U-Haul truck (William Geary) was a resident and citizen of Chicago, Illinois at the time of his death and at the time of the incident in question.

## F.     <u>Principal Factual Issues</u>

Plaintiffs claim William Geary lost control of the U-Haul vehicle while on Interstate Highway 65 in Kentucky and drove head-on into a vehicle driven by Plaintiff's decedent.  Plaintiff claims William Geary rented the vehicle from the U-Haul Defendants.  Defendant U-Haul Co. of Illinois, Inc. has filed a motion to dismiss denying it had anything to do with the rental and maintenance of the vehicle.  Defendant U-Haul International, Inc. answered Plaintiff's Complaint, denying that it rented the vehicle, denying that the vehicle was improperly maintained and asserting that William Geary was the sole cause of the accident.

If Plaintiffs are permitted to amend their complaint retroactive to April 18, 2008, they will pursue wrongful death claims against U-Haul Company of Florida, Inc.; U-Haul International, Inc. and General Motors Corp.  According to information provided by counsel for U-Haul, U-Haul Co. of Florida, Inc. rented the U-Haul truck to Mr. Geary.  Factual questions will include whether the U-Haul vehicle contained defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings.  Plaintiffs' amended complaint also proposes to allege that William Geary was negligent for causing the accident.

## G.     <u>Jury Demand</u>

Plaintiffs and Defendant U-Haul International, Inc. have demanded trial by jury.

## H.     <u>Discovery</u>

To date, not all of the defendants have been served and no discovery has taken place.  The parties are presently briefing U-Haul Co. of Illinois, Inc.'s motion to dismiss.  Plaintiffs do not oppose the motion.

Plaintiff's proposed amended complaint will effectively dismiss two defendants, U-Haul of Illinois, Inc. and Roger D. Geary, and add three new defendants (Janet M. Deutsch, U-Haul Co. of Florida, Inc. and General Motors Corp.).

As of the filing of this report, Plaintiffs' motion for leave to amend has not been granted and the proposed new parties have not been joined or served.  Further, the legal basis of Plaintiff's claims will significantly change.  The existing U-Haul Defendants challenge Plaintiff's standing to bring any of his claims.  If Plaintiff's motion for leave to amend is granted, the U-Haul defendants in the amended complaint will challenge Plaintiff's standing to bring any of those claims.  In addition, there may be other motions filed by parties not yet named or served.

Substantial discovery will be required in the event it becomes necessary.  Plaintiff's claims arise from a vehicular accident that occurred in Kentucky between individuals alleged to be from Illinois and Texas.  Not all defendants have been served to date.  In the event Plaintiff is granted leave to amend his complaint, fifteen counts will be asserted against several new parties, some of whom are not from Illinois, and upon whom service will be required.  Discovery will include parties located outside of Illinois, as well as expert witnesses.

As a result, the U-Haul Defendants believe discovery may be complete by April, 2010.  Plaintiffs believe all discovery may be completed by April, 2009.

## I.     Trial

At this time, Plaintiffs and the U-Haul Defendants are unable to ascertain the earliest date they would be ready for trial and its estimated length.  Due to the substantial amount of discovery that will be necessary, the U-Haul Defendants believe the parties may be ready for trial in the Fall, 2010.  Plaintiffs believe the case can be ready for trial in mid-2009.

## J.     Magistrate

Plaintiffs and the U-Haul Defendants do not wish to proceed before a magistrate.

## K.     Settlement Discussions

Because the U-Haul Defendants do not believe Plaintiffs have standing to bring any of their claims, Plaintiffs and the U-Haul Defendants have not engaged in substantive settlement discussions.

## L.     Settlement Conference

Plaintiffs and the U-Haul Defendants do not request a settlement conference at this time.

Dated: April 25, 2008                    Respectfully submitted,


_____s/ Donald R. McGarrah_____          _____s/ Dmitry Shifrin_____
Donald R. McGarrah                           George Jackson III
SALVI, SCHOSTOK &                            Dmitry Shifrin
PRITCHARD P.C.                               BRYAN CAVE LLP
181 W. Madison St., Suite 3800               161 N. Clark St., Suite 4300
Chicago, IL 60602                            Chicago, IL 60601

*Counsel for Plaintiff*                      Dan Ball (*pro hac pending*)
                                             BRYAN CAVE LLP
                                             211 N. Broadway, Suite 3600
                                             St. Louis, MO 63102

                                             *Counsel for U-Haul Defendants*