## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, <br><br>    Plaintiffs, <br><br>v. <br><br> U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., UHAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, <br>    Defendants. | No. 08-CV-2255 <br> Judge Gettleman |
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, <br><br>    Plaintiff, <br><br>v. <br><br> U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, <br><br>    Defendants. | No. 08-CV-1409 <br> Judge Dow |

**PLAINTIFF IDA TREVINO'S OPPOSITION TO DEFENDANT U-HAUL INTERNATIONAL, INC.'S MOTION TO REASSIGN CASE TO JUDGE DOW**

**INTRODUCTION**

Plaintiff Ida Trevino, by her attorneys, Schiff Hardin LLP, opposes the motion of Defendants U-Haul International, Inc. and U-Haul Company of Illinois, Inc. to reassign her case, No. 08-CV-2255, now pending before Judge Gettleman, to Judge Dow as a "related" case to No. 08-CV-1409. In support thereof, Plaintiff states the following:

**BACKGROUND**

On April 21, 2006, Gregorio Trevino, Jr. was killed when a rented U-Haul moving truck, driven by Illinois resident William Geary, crossed the median and crashed into the tractor-trailer driven by Mr. Trevino, Jr. Both vehicles immediately caught fire and both drivers died in the inferno, as did Mr. Geary's passenger. Gregorio Trevino, Jr. left a widow, Ida Trevino, and two minor children, Sara Rene and Angela Kristen Trevino (hereinafter "Plaintiff" or "Mrs. Trevino").

On January 24, 2008, without receiving consent from or giving notice to Gregorio Trevino, Jr.'s widow, Mrs. Trevino, Gregorio Trevino, Sr. sued U-Haul International, Inc., U-Haul of Company of Illinois, Inc., and Roger D. Geary (William Geary's step-son, a Tennessee resident) in the Circuit Court of Cook County. *See* Ex. A, Complaint in No. 08-L-0841. This three-count complaint alleged negligence claims against each defendant, and attached an order purportedly appointing Gregorio Trevino, Sr. as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and an order appointing Janet M. Deutsch as "Special Administrator to serve as Defendant for all purposes

relating to this lawsuit." *See* Ex. A. That suit incorrectly states that Mr. Trevino, Sr. and his wife are the sole heirs of Gregorio Trevino, Jr. Defendants U-Haul International, Inc. and U-Haul Company of Illinois, Inc. removed No. 08-L-0841 to the Northern District of Illinois on March 10, 2008, where it is currently pending in front of Judge Dow as No. 08-CV-1409. Gregorio Trevino, Sr. did not seek remand, thereby consenting to have his case heard in federal court.

On April 18, 2008, Mrs. Trevino, in her individual capacity and as Special Administrator of her deceased husband's estate, and as the representative of Gregorio Trevino, Jr.'s two minor children, sued U-Haul Company of Illinois, Inc., U-Haul International, Inc., U-Haul Company of Arizona, Inc., U-Haul Company of Florida, Inc., U-Haul Leasing & Sales Co., U-Haul Company of Oregon, Inc., U-Haul Company of North Carolina, Inc., General Motors Corporation, and Jeffery Crook, as Special Administrator of the Estate of William Geary, deceased.

Gregorio Trevino, Jr.'s widow, Mrs. Trevino, chose to file her complaint in the Circuit Court of Cook County. *See* No. 08-L-4269, attached as Ex. B. Her 15-count complaint alleged that the U-Haul Defendants and General Motors sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed the subject U-Haul in a defective and unreasonably dangerous condition, and are liable under theories strict liability, negligence, and willful and wanton conduct pursuant to the Illinois Wrongful Death Act, the Survival Act, and the Family Expense Act. *See* Ex. B. Mrs. Trevino's

complaint further alleges that William Geary, deceased, was a resident of Illinois at the time of his death, and that William Geary is liable for Gregorio Trevino, Jr.'s death under theories of negligence and willful and wanton conduct. *See* Ex. B.  Jeffery Crook, who was appointed Special Administrator of William Geary's estate, was served with summons and the complaint and filed an answer and appearance before the U-Haul Defendants improperly removed Mrs. Trevino's suit to federal court on April 24, 2008.  Despite their improper removal of Mrs. Trevino's state court case and their currently pending motion asserting that Mrs. Trevino is the proper party to seek recovery for her husband's wrongful death, *see* Ex. C, U-Haul Defendants' Mem. in Support of Mot. to Dismiss Plaintiff's Complaint for Lack of Standing, the U-Haul Defendants now seek to have Mrs. Trevino's case consolidated with a case they argue should be dismissed.

Mrs. Trevino is the legitimate and proper plaintiff to prosecute claims arising from her husband's death, and her choice of forum and litigation strategy should not be compromised by the fact that another plaintiff, improperly claiming to be the rightful representative of her husband's estate, filed suit without notice to her.

## **ARGUMENT**

### I.   **Standard**

First, to permit all parties to the proceeding to respond to the questions of relatedness and possible reassignment, a motion to reassign "should not

generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." Local Rule 40.4(c).

Moreover, even where cases are "related," they may be reassigned to another judge only if four requirements are all met: (1) both cases are pending in this Court, (2) the handling of both cases by the same judge is likely to result in a ***substantial saving of judicial time and effort***, (3) the earlier case has not progressed to a point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier filed case, and (4) the cases are ***susceptible of disposition in a single proceeding***. Local Rule 40.4(b) (emphasis added); *see, e.g., Pena v. Freedom Mortg. Team, Inc.*, No. 07 C 552, 2007 WL 3223394, at *7 (N.D. Ill. Oct. 24, 2007). A motion for reassignment must be denied if the movant fails to satisfy any of these four requirements. *See, e.g., Williams v. Walsh Constr.*, No. 05 C 6807, 2007 WL 178309, at *2 (N.D. Ill. Jan. 16, 2007).

## II.    Mrs. Trevino's Suit Was Improperly Removed to Federal Court and Will Be Remanded to Her Chosen Forum.

Mrs. Trevino does not consent to pursuing her case in federal court, and filed her Motion to Remand on April 28, 2008. As set out in that motion, attached as Ex. D, this case cannot be heard in a federal forum because, prior to U-Haul's filing its notice of removal, Mrs. Trevino properly joined and served the Estate of an Illinois resident, William Geary, as a defendant. *See* Return of Service on Jeffery Crook, attached as Ex. E. Pursuant to 28 U.S.C. § 1441(b), the proper joinder and service of an Illinois defendant makes the case non-

removable. *See* 28 U.S.C. § 1441(b) (action "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

By contrast, Gregorio Trevino, Sr.'s suit is in federal court to stay. Mr. Trevino consented to the federal forum, having failed to move for remand within 30 days of removal. Moreover, U-Haul International and U-Haul of Illinois have filed a motion to dismiss Mr. Trevino's complaint for lack of standing, asserting that Mr. Trevino, Sr. and his wife do not have standing to sue for wrongful death, survival, and family expense claims. That motion is well-taken. Mr. Trevino and his wife do not have a cause of action under Illinois law for the death of Gregorio Trevino, Jr., where his widow is actively pursuing such claims. *See Stephens v. Trinity Med. Ctr.,* 292 Ill. App. 3d 165, 167 (Ill. App. Ct. 3d. Dist. 1997) ("The law of this state is well settled that parents are not found to be the next-of-kin under the [Wrongful Death] Act when the decedent is survived by a spouse and children . . . . Thus, a parent's recovery for damages for loss of society with a child is barred by the Act when the decedent is survived by a wife and children."); *Rodgers v. Consol. R.R. Corp.***,** 136 Ill. App. 3d 191, 196 (Ill. App. Ct. 4th Dist. 1985) (holding decedent's parents could not recover funeral expenses under the Survival Act or Family Expense Act). Consequently, the Plaintiffs in No. 08-CV-1409 face an impending motion to dismiss on the basis of standing, which will be dispositive of all their claims and likely will result in the outright dismissal of that suit. Therefore, because Mrs. Trevino's case must be remanded to state court, the U-

Haul Defendants cannot meet their burden of showing either a "substantial savings of judicial time and effort" or that both cases are "susceptible of disposition in a single proceeding." For this reason alone, the U-Haul Defendants' motion to reassign must be denied.

### III. Reassignment of No. 08-CV-2255 Case to Judge Dow is Improper under Local Rule 40.4.

While No. 08-CV-1409 and No. 08-CV-2255 arise from the same occurrence – the vehicular accident that killed Mr. Trevino, Jr., on April 21, 2006 – that fact does not mandate reassignment of No. 08-CV-2255, nor does it necessarily make reassignment proper. U-Haul has failed to carry its burden of showing that the reassignment satisfies all four requirements of Rule 40.4(b). *See Goldhamer v. Nagode,* No. 07 C 5286, 2007 WL 4548228, at *3 (N.D. Ill. Dec. 20, 2007) (noting party seeking reassignment has burden of satisfying Rule 40.4's "stringent criteria" to qualify for case reassignment).

First, U-Haul improperly filed this Motion to Reassign before all defendants in No. 08-CV-2255 had the opportunity to answer or otherwise plead, in violation of Local Rule 40.4(c). *See* Local Rule 40.4(c) ("In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved."). U-Haul International and U-Haul of Illinois are the only entities that are currently named as Defendants in both No. 08-CV-1409 and No. 08-CV-2255. Although Plaintiff in No. 08-CV-1409 has moved for leave to file an amended complaint adding several Defendants who are

named in No. 08-CV-2255, that complaint has not yet been filed and those defendants have not yet been served with the amended complaint.[1] Further, at least one defendant, General Motors, has yet to answer or appear in No. 08-CV-2255. The interests of a defendant who has not yet answered will be compromised by decision on this issue prior to its involvement in the case. U-Haul's failure to comply with this provision of Local Rule 40.4(c) is another reason its motion to reassign should be denied.

Second, U-Haul has not shown that Judge Dow's handling of both cases will result in a substantial saving of time and judicial resources. A party seeking reassignment has the burden of pointing out specific and substantial savings in time and judicial resources that will be achieved by reassignment; it cannot meet this burden by merely asserting that some time and resources will be conserved. *Williams,* 2007 WL 178309, at *2. As discussed below, these two cases will require different legal findings, defenses, or summary judgment motions, making it unlikely that reassignment will result in a substantial judicial savings. *See id.* Further, where, as here, when one case is potentially facing transfer to another type of court, and it is "not clear when the claims will be adjudicated or by whom," judicial resources are not conserved by reassignment because, after the suit is transferred, the cases "will still tax the resources of two different judges." *Pena,* 2007 WL 3223394 at *7 (where

---

[1] In addition, Mr. Trevino, Sr.'s claims against at least some of the new defendants he seeks to add likely would be barred by the statute of limitations, leading to briefing and dispositive motions on an issue in No. 08-CV-1409 that is non-existent in No. 08-CV-2255.

parties were briefing motion to transfer case to bankruptcy court, reassignment of that case denied because cases would still require two judges if transfer granted). These two cases "do not involve complex issues of law with multiple parties that warrant reassignment to promote judicial economy," and thus reassignment should not be granted. *See Davis v. Quebecor World,* No. 01 C 8014, 2002 WL 27660, at *4 (N.D. Ill. Jan. 10, 2002). Here, Mrs. Trevino's case must be remanded to Cook County Circuit Court and, therefore, U-Haul cannot meet its burden of demonstrating that substantial resources will be saved by reassignment.

Lastly, U-Haul has not demonstrated that these cases are susceptible of disposition in a single proceeding. Where a finding in one case would not be dispositive of issues in the other case, the cases are not "susceptible of determination in a single proceeding." *Donahue v. Elgin Riverboat Resort,* No. 04 C 816, at * 2 (N.D. Ill. Sept. 28, 2004); *cf. Fairbanks Capital,* No. 02 C 3930, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002) (cases susceptible of determination in a single proceeding where resolution of an issue would be outcome-determinative in all, no matter which way the issue is resolved).

Although U-Haul contends that the "the defenses are expected to be identical," Mot. to Reassign ¶ 15, a brief evaluation of the issues and defenses raised in each case shows this is not so. At this point, the issues in No. 08-CV-1409 include: whether Mr. Trevino, Sr. and his wife have standing to sue for their son's death, and whether, if they do have such a cause of action, their claims are nevertheless barred by the statute of limitations as to the

defendants they seek to add in their amended complaint. A decision on either of the above issues in No. 08-CV-1409 would be outcome-determinative and potentially dispositive of that entire case. Further, Mr. Trevino, Sr. and his wife concede the propriety of a federal forum for their claims. Comparatively, the issues presented to Judge Gettleman in No. 08-CV-2255 are substantially different and at this point are limited to the narrow, non-dispositive issue of U-Haul's improper and procedurally defective removal of Mrs. Trevino's case, mandating remand to state court. Mrs. Trevino vigorously contests the propriety of the removal, and will not consent to prosecuting her claims in a federal forum.

Where, as here, each case involves a dominant unique characteristic of law or fact, the cases are "rarely susceptible to disposition in a single proceeding." *Williams,* 2007 WL 178309, at *2. Further, these two straightforward personal injury cases do not involve the "complex issues of law" that warrant reassignment to promote judicial economy, *see Quebecor World*, 2002 WL 27660, at *4, and reassignment would only complicate the progress of both cases.

## CONCLUSION

These two cases are progressing rapidly towards very different futures, making reassignment futile, let alone proper. While No. 08-CV-1409 is soon headed for outright dismissal, No. 08-CV-2255 is headed back to state court, its proper forum. As not all defendants in No. 08-CV-2255 have been given an

opportunity to respond to U-Haul's attempt to reassign that case, and because the issues in No. 08-CV-2255 differ substantially from those in No. 08-CV-1409, U-Haul has failed to satisfy its burden to show that No. 08-CV-2255 should be reassigned to this Court, and accordingly, its motion to reassign must be denied.

Dated:      April 30, 2008

>Respectfully submitted,

>By:  /s/ Darren VanPuymbrouck

>Darren VanPuymbrouck
>Renee C. Kelley
>Schiff Hardin LLP
>6600 Sears Tower
>Chicago, Illinois 60606
>Tel:   (312) 258-5500
>Fax:   (312) 258-5600

>OF COUNSEL:
>James F. Perrin
>State Bar No. 24027611
>Paula A. Wyatt
>State Bar No. 10541400
>4825 Everhart Road
>Corpus Christi, Texas  78411
>Tel:   (361) 857-2727
>Fax:   (361) 857-8783

>ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2008, a copy of the foregoing Plaintiff's Opposition To Defendant U-Haul International, Inc.'s Motion To Reassign Case To Judge Dow was served via the Court's CM/ECF system, to the following counsel:

Dmitry Shifrin
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago IL 60601
Attorney for Defendants:
U-Haul Company of Illinois, Inc.,
U-Haul International, Inc.,
U-Haul Company of Arizona, Inc.,
U-Haul Company of Florida, Inc.,
U-Haul Leasing & Sales Co.,
U-Haul Company of Oregon, Inc.
U-Haul Company of North Carolina, Inc.

Peter F. Higgins
LIPKIN & HIGGINS
222 N. LaSalle St., Suite 2100
Chicago IL 60601
Attorney for Jeffery Crook, as Special Administrator of the Estate of William Geary

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago IL 60602
Attorney for Gregorio Trevino, Sr.

/s/ Darren VanPuymbrouck

Attorney for Plaintiff

SCHIFF HARDIN LLP
6600 Sears Tower
Chicago IL 60606