Firm I.D. 90219

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**



| | |
|---|---|
| IDA TREVINO, Individually and as ) | |
| Special Administrator of the Estate of ) | |
| GREGORIO TREVINO, JR., deceased ) | |
| And as Next Friend of SARAH RENE ) | |
| TREVINO and ANGELA KRISTIN ) | |
| TREVINO, minors, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| U-HAUL COMPANY OF ILLINOIS, INC., ) | Calendar/Room |
| U-HAUL INTERNATIONAL, INC., ) | |
| U-HAUL COMPANY OF ARIZONA, INC., ) | JURY DEMAND |
| U-HAUL COMPANY OF FLORIDA, INC., ) | |
| U-HAUL LEASING & SALES CO., ) | |
| U-HAUL COMPANY OF OREGON, ) | |
| U-HAUL COMPANY OF NORTH CAROLINA ) | |
| GENERAL MOTORS CORPORATION, and ) | |
| JEFFREY CROOK, as Special Administrator ) | |
| Of The Estate of WILLIAM GEARY, deceased ) | |
| ) | |
| Defendants. ) | |

2008L004269
CALENDAR/ROOM O
TIME 00:00
Product Liability

## COMPLAINT AT LAW AND JURY DEMAND

COMES NOW, IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARAH RENE TREVINO AND ANGELA KRISTIN TREVINO, minors, hereinafter referred to individually or jointly as "Plaintiffs," complaining of Defendants U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING & SALES CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM

GEARY, deceased, hereinafter referred to collectively as "Defendants," and would respectfully show the court and jury as follows:

## PARTIES

1.  Plaintiff, IDA TREVINO, is the surviving spouse of GREGORIO TREVINO, JR., deceased, and is a resident of Uvalde County, Texas. Plaintiff IDA TREVINO is the natural parent and next friend of minors SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, daughters of GREGORIO TREVINO, JR., deceased. Plaintiffs and GREGORIO TREVINO, JR., deceased, were residents of Zavala County, Texas at the time that this cause of action accrued.

2.  Plaintiff, IDA TREVINO, was granted Letters Testamentary of the Estate of Gregorio Trevino Jr., Deceased as the "qualified Independent Executrix" of that estate on April 17, 2007. See Ex. A attached hereto, Letters Testamentary issued by the Clerk of Zavala County, Texas dated April 17, 2007

3.  Plaintiff, IDA TREVINO, has also been appointed Representative of the Estate of GREGORIO TREVINO, JR., deceased, for purposes of prosecuting this cause of action in Cook County Illinois. *See* Ex. B attached hereto, Order of the Circuit Court of Cook County, Law Division.

4.  JEFFREY CROOK has been appointed Special Administrator of the Estate of William Geary for purposes of naming a proper party defendant for this litigation. See Ex. C attached hereto, Order of Circuit Court of Cook County, Law Division.

5.  Defendant, U-HAUL COMPANY OF ILLINOIS, INC. ("UHCI") is a corporation registered in the State of Illinois with its principal place of business in Illinois. Defendant

UHCI may be served through its agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604.  UHCI is a citizen of Illinois for diversity purposes.

6.    Defendant, U-HAUL INTERNATIONAL, INC. ("UHI") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHI may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

7.    Defendant, U-HAUL COMPANY OF ARIZONA ("UHCA") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHCA may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

8.    Defendant, U-HAUL COMPANY OF FLORIDA ("UHCF") is a corporation registered in the State of Florida and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHCF may be served by service on its registered agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

9.    Defendant U-HAUL LEASING & SALES CO. ("UHLSC") is a Nevada corporation and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHLSC may be served by service on its registered agent, Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada, 89511.

10.   Defendant U-Haul Company of Oregon ("UHCO") is a corporation registered in the State of Oregon and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHCO may be served by service on its registered agent, CT Corporation Systems, 388 State Street, Suite 420, Salem, Oregon  97301 or at its principal place of business at 8816 SE Foster Road., Portland, Oregon 97266.

11.    Defendant U-Haul Company of North Carolina, Inc. ("UHCNC") is a corporation registered in the State of North Carolina and is or was at all times pertinent hereto doing business within the State of Illinois.  Defendant UHCNC may be served by service on its registered agent, CT Corporation Systems, 225 Hillsborough Street, Raleigh, North Carolina 27603, or on its President, Jeff Will at 6216 Albemarle Road, Charlotte, North Carolina 28212.

12.    Defendant GENERAL MOTORS CORPORATION ("GM") is a Delaware corporation, which is and/or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant GM may be served by service on its registered agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

13.    Hereinafter the "GM/U-HAUL DEFENDANTS" refers to UHCI, UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC, and GM.

14.    Defendant JEFFREY CROOK is named in his capacity as Special Administrator of the Estate of WILLIAM GEARY, deceased, for purposes of naming a proper party defendant to this litigation.  At the time of the incident from which this claim arises, and at the time of his death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois.  Pursuant to 28 U.S.C. § 1332(c) (2), WILLIAM GEARY, deceased, is a citizen of Illinois for diversity purposes.

## JURISDICTION AND VENUE

15.    The Circuit Court of Cook County, Illinois has jurisdiction over this case under 735 ILCS 5/2-209(b)(3) in that Defendant UHCI is a corporation organized under the laws of Illinois, under 735 ILCS 5/2-209(b)(4) in that Defendants UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC, and GM conduct ongoing business operations in Illinois, and under 735

ILCS 5/2-209(b)(4) in that WILLIAM GEARY, deceased, was a natural person

domiciled in Illinois when this cause of action arose and at the time of his death.

16.    Venue is proper in the Circuit Court of Cook County, Illinois under 735 ILCS 5/2-101 in

that Cook County, Illinois was the county of residence of WILLIAM GEARY, deceased,

at the time of his death.    Venue is also proper under 735 ILCS 5/2-102(a) in that Cook

County, Illinois, is the county of residence of Defendants UHCI and GM.

### FACTS COMMON TO ALL COUNTS

17.    This action arises from the death of GREGORIO TREVINO, JR., deceased, on April 21,

2006.    Plaintiff IDA TREVINO is the surviving wife of Decedent GREGORIO

TREVINO, JR., deceased, and was at all relevant times the lawful wife of Decedent.

SARAH RENE TREVINO and ANGELA KRISTIN TREVINO are the daughters of

GREGORIO TREVINO JR., deceased.    Plaintiff IDA TREVINO brings this suit

individually, on behalf of the Estate of GREGORIO TREVINO, JR., deceased, and on

behalf of the next of kin of the Decedent, who died intestate.

18.    On April 21, 2006, WILLIAM GEARY, deceased, was driving a 2005 U-Haul moving

van manufactured by the GM/U-HAUL DEFENDANTS, Model No. C5C042, VIN No.

`1GDG5C1E35F903934 (the "U-Haul"), northbound at the 12.5 mile post of Highway I-

65 when the subject U-Haul began skidding, then crossed over both northbound lanes.

The subject U-Haul entered the median in a westbound slide.    The subject U-Haul then

exited the median and entered the southbound lanes traveling in a westbound direction

and struck an RBX tractor-trailer being driven by Corey Hill.    Mr. Hill was able to

continue southbound and pull to the shoulder.    After glancing off the side of Mr. Hill's

tractor-trailer, the subject U-Haul continued northbound in the southbound lanes.    The

subject U-Haul then violently struck head-on the 2000 Great Dane tractor-trailer vehicle driven by GREGORIO TREVINO, JR., deceased. Immediately following impact, the subject U-Haul and the Great Dane tractor-trailer burst into flames. The RBX tractor-trailer also ignited. GREGORIO TREVINO, JR., deceased, WILLIAM GEARY, deceased, and his passenger, Ms. Santiago, were unable to escape the flames and all three of them perished in the fire. Decedent GREGORIO TREVINO, JR., deceased, suffered excruciating pain and suffering before he died on April 21, 2006.

19.  At the time of his death, GREGORIO TREVINO, JR., deceased, was 32 years old and in good health.

20.  As a direct and proximate result of the defective products and of the acts of omission and commission of the Defendants, their agents, servants, representatives and/or employees, acting within the course and scope of their employment and as described herein above, GREGORIO TREVINO, JR., deceased, suffered excruciating pain and mental anguish and other resulting damages prior to his death, including reasonable and necessary medical and health care expenses incurred prior to his death.

21.  By reason of said Defendants' conduct and the resulting death of GREGORIO TREVINO, JR., deceased, the Estate of GREGORIO TREVINO, JR., deceased, incurred reasonable and necessary expenses for the funeral service and burial, all to the damage of the Estate, which is entitled to recover for these injuries and damages in an amount in excess of this Court's minimum jurisdictional limits.

22.  Because of the untimely death of GREGORIO TREVINO, JR., deceased, IDA TREVINO, individually and as next friend of SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, minor children of GREGORIO TREVINO, JR., deceased, as well

as the parents of GREGORIO TREVINO, JR., deceased, have suffered mental anguish, grief, sorrow, mental suffering, and bereavement, loss of companionship, pecuniary contributions and support. Plaintiffs have suffered these and other injuries and damages as a result of the death of GREGORIO TREVINO, JR., deceased, and will continue to suffer such injuries, losses, and damages for the rest of their lives.

**COUNT I:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**
WRONGFUL DEATH

1.  At all relevant times, the GM/U-HAUL DEFENDANTS were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing moving vans, including the subject U-Haul.

2.  The subject U-Haul as sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS.

3.  The subject U-Haul was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS.

4.  At the time the subject U-Haul was placed into the stream of commerce by the GM/U-HAUL DEFENDANTS, up to the time of the accident, the subject U-Haul was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

5.   The death of GREGORIO TREVINO, JR., and the damages suffered by Plaintiffs, were the direct and proximate result of the subject U-Haul's defective and unreasonably dangerous condition.

6.   Because the GM/U-HAUL DEFENDANTS are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and similar products, because the GM/U-HAUL DEFENDANTS reaped the profits from the subject U-Haul and similar products, and because the GM/U-HAUL DEFENDANTS placed the subject U-Haul and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Illinois, the GM/U-HAUL DEFENDANTS are liable to Plaintiffs for their injuries and damages under the theory of strict products liability.

7.   As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

8.   GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

9.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT II:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**
SURVIVAL ACT

1-7.   The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count II as though fully set forth herein.

8.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an unreasonably dangerous and defective condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

9.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT III:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**

FAMILY EXPENSE ACT

1-7.    The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count III as though fully set forth herein.

8.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT IV:
## NEGLIGENCE (GM/U-HAUL DEFENDANTS)
WRONGFUL DEATH

1.    The GM/U-HAUL DEFENDANTS carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel

delivery system, its breaks, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of the GM/U-Haul Defendants.

2. The GM/U-HAUL DEFENDANTS had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. The GM/U-HAUL DEFENDANTS owed such duty to Plaintiffs' decedent and to the general motoring public.

3. The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject U-Haul, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

4. The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5. The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system,

its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

6.    The GM/U-HAUL DEFENDANTS failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

7.    The GM/U-HAUL DEFENDANTS additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject U-Haul, and failed to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

8.    The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs' decedent and the general motoring public.

9.    The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS also represented a deviation from the industry standard of care.

10.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

11.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the

death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death.

12. This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq*.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT V:**
**NEGLIGENCE (GM/U-HAUL DEFENDANTS)**
SURVIVAL ACT

1 – 10. The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count V as though fully set forth herein.

11. As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

12. Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT VI:**
**NEGLIGENCE (GM/U-HAUL DEFENDANTS)**
FAMILY EXPENSE ACT

1 -10. The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count VI as though fully set forth herein.

11.   As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

12.   Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT VII:
## WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
### WRONGFUL DEATH

1. The GM/U-HAUL DEFENDANTS sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul in a manner showing utter indifference and conscious disregard for the welfare of the Plaintiffs and the general motoring public.

2. The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the fact that the subject U-Haul was defective and unreasonably dangerous for

its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.  Such foreseeable ancillary consequences include collisions.

3.  The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

4.  The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, resulting in GREGORIO TREVIINO, JR., deceased, suffering from injuries which resulted in his death.

5.  The GM/U-HAUL DEFENDANTS acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including but not limited to its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings.

6.  The GM/U-HAUL DEFENDANTS additionally acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to provide adequate or proper warnings or instructions to users of the subject U-Haul, and by their failure to recall or timely

recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

7.  The aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs and the general motoring public.

8.  As a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.  GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

10. This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

**COUNT VIII:**
**WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)**
SURVIVAL ACT

1 – 8.  The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count VIII as though fully set forth herein.

9.  As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings,

GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.   Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT IX:
## WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
FAMILY EXPENSE ACT

1 – 8.    The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count IX as though fully set forth herein.

9.    As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT X:
## NEGLIGENCE (GEARY)

- 17 -

WRONGFUL DEATH ACT

1.  At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

2.  At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and was careless and negligent in one or more of the following ways:

    a.  Negligently operated, managed, maintained, and controlled the subject U-Haul;

    b.  Operated the subject U-Haul without keeping a safe and proper lookout;

    c.  Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

    d.  Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

    e.  Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and

    f.  Was otherwise careless and negligent.

3.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.  GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.      This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT XI:
### NEGLIGENCE (GEARY)
SURVIVAL ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.      As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

7.      Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT XII:
### NEGLIGENCE (GEARY)
FAMILY EXPENSE ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.      As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

- 19 -

5.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in

funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO

TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in

excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT XIII:
### WILLFUL AND WANTON (GEARY)
WRONGFUL DEATH ACT

1.    At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use

ordinary care and caution in the operation of the subject U-Haul so as not to injure other

persons traveling on the highway.

2.    At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such

duty and acted with utter indifference and conscious disregard for the safety of Plaintiffs

and the general motoring public in one or more of the following ways:

   a.  Acted with utter indifference and conscious disregard in his operation,
       management, maintenance, and/or control of the subject U-Haul;

   b.  Operated the subject U-Haul without keeping a safe and proper lookout;

   c.  Proceeded at a speed that was greater than reasonable and proper with
       regard to traffic conditions and the use of the highway, or which
       endangered the safety of persons or property;

   d.  Failed to exercise due care to avoid colliding with the RBX tractor-
       trailer which Corey Hill was driving;

   e.  Failed to exercise due care to avoid colliding with the Great Dane
       tractor-trailer which GREGORIO TREVINO, JR., deceased, was
       driving; and

   f.  Was otherwise willful and wanton.

- 20 -

3.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.    GREGORIO TREVINO, JR., deceased, has left as his survivors, his wife, Plaintiff IDA TREVINO and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XIV:**
**WILLFUL AND WANTON (GEARY)**
SURVIVAL ACT

1 - 3.    The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XIV as though fully set forth herein.

4.    As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

5.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XV:**
**WILLFUL AND WANTON (GEARY)**
FAMILY EXPENSE ACT

1 - 3.   The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XV as though fully set forth herein.

4.   As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

5   Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

Respectfully submitted,

By: _Darren VanPuymbrouck_
Darren VanPuymbrouck
Renee C. Kelley
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel:     (312) 258-5500
Fax:    (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt
State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas  78411
Tel:     (361) 857-2727
Fax:    (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

CH1\5691341.1

- 23 -

Apr-18-07  09:07am  From-Langley & Banack  8308765451  T-549  P.002/002  F-204

CAUSE NO. 07-04-1516

# ESTATE OF

## GREGORIO TREVINO JR

# LETTERS TESTAMENTARY

## TO

### IDA A. TREVINO

**Issued this 17th day of April, 2007**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN COUNTY COURT |
| | § | |
| COUNTY OF ZAVALA | § | COUNTY OF ZAVALA, TEXAS |
| | § | |

I Oralia G. Trevino, Clerk of the COUNTY COURT of COUNTY OF ZAVALA, Texas do hereby certify that on 04/17/2007,

### IDA A. TREVINO

was duly granted by said court Letters Testamentary of the

### ESTATE OF GREGORIO TREVINO JR, Deceased,

And she qualified as Independant Executrix qualified as Executrix of said Estate on 04/17/2007 of said Estate as the law requires, and said appointment is still in full force and effect.

**WITNESS MY HAND AND SEAL OF SAID COURT,** at Crystal City, Texas.

**Given under my hand and the seal of said court** at the office in Crystal City, Texas, this, the 17th day of April, 2007.

SEAL

Oralia G. Trevino, COUNTY CLERK
COUNTY OF ZAVALA, TEXAS

By: _Janie L. Rodriguez_
JANIE RODRIGUEZ, CHIEF DEPUTY



Firm I.D. 90219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as )<br>Special Administrator of the Estate of )<br>GREGORIO TREVINO, JR., deceased )<br>And as Next Friend of SARAH RENE )<br>TREVINO and ANGELA KRISTIN )<br>TREVINO, minors, )<br><br>Plaintiffs, )<br><br>v. )<br><br>U-HAUL COMPANY OF ILLINOIS, INC., )<br>U-HAUL INTERNATIONAL, INC., )<br>U-HAUL COMPANY OF ARIZONA, INC., )<br>U-HAUL COMPANY OF FLORIDA, INC., )<br>U-HAUL LEASING & SALES CO., )<br>U-HAUL COMPANY OF OREGON, )<br>U-HAUL COMPANY OF NORTH CAROLINA )<br>GENERAL MOTORS CORPORATION, and )<br>JEFFREY CROOK, as Special Administrator )<br>Of The Estate of WILLIAM GEARY, deceased )<br><br>Defendants. )| 2008L004269<br>CALENDAR/ROOM D<br>TIME 00:00<br>Product Liability<br><br><br><br>Case No.<br><br>Calendar/Room |

### ORDER

This Cause coming on to be heard on the Motion of Schiff Hardin LLP to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

That IDA TREVINO is appointed as Special Independent Administrator of the Estate of GREGORIO TREVINO, JR. pursuant to 735 ILCS 5/13-209(b)(2) for purposes of prosecuting a wrongful death action.

DATED:_____        ENTER:_____

                                                          JUDGE

Darren VanPuymbrouck                        JUDGE DONALD J. SURIANO
Schiff Hardin LLP
6600 Sears Tower                                    APR 1 8 2008
Chicago, IL 60606
Tel: (312) 258-5500                               Circuit Court - 1717
Fax: (312) 258-5600
CH1\5682055.1\04.09.08

*Exh. B*

Firm I.D. 90219

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| IDA TREVINO, Individually and as<br>Special Administrator of the Estate of<br>GREGORIO TREVINO, JR., deceased<br>And as Next Friend of SARAH RENE<br>TREVINO and ANGELA KRISTIN<br>TREVINO, minors, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>)   Case No. |
| U-HAUL COMPANY OF ILLINOIS, INC.,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF ARIZONA, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>U-HAUL LEASING & SALES CO.,<br>U-HAUL COMPANY OF OREGON,<br>U-HAUL COMPANY OF NORTH CAROLINA<br>GENERAL MOTORS CORPORATION, and<br>JEFFREY CROOK, as Special Administrator<br>Of The Estate of WILLIAM GEARY, deceased | )   Calendar/Room<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

```
2008L004269
CALENDAR/ROOM D
TIME 00:00
Product Liability
```

**ORDER**

This Cause coming on to be heard on the Motion of Lipkin & Higgins to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

That JEFFREY CROOK is appointed as Special Independent Administrator of the Estate of WILLIAM GEARY for purposes of naming a proper party in a wrongful death action against his Estate pursuant to 740 ILCS 180/2.1.

DATED:_____      ENTER:_____

                                               JUDGE

Peter F. Higgins
Lipkin & Higgins
222 N. LaSalle Street                            **JUDGE DONALD J. SURIANO**
Suite 2100
Chicago, IL 60601                                 APR 18 2008
Tel: (312) 857-1710
CH1\5694472.1                                   **Circuit Court - 1717**

*Exh. C*