IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors,<br><br>      Plaintiffs,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., UHAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased,<br><br>      Defendants. | No. 08-CV-2255 |

### PLAINTIFF'S MOTION TO REMAND AND FOR FEES AND COSTS AND SUPPORTING MEMORANDUM

Plaintiff Ida Trevino, by her attorneys, Schiff Hardin LLP, individually and in her capacity as representative of the Estate of Gregorio Trevino, Jr., hereby moves this Court for an order remanding this case to the Circuit Court of Cook County, pursuant to 28 U.S.C. § 1447(c), and for an award of her fees and costs. In support of her motion, Plaintiff states as follows:

## SUMMARY OF THE ARGUMENT

Contrary to Defendant U-Haul International, Inc.'s ("UHI") assertion, a local defendant in the state court action, Jeffrey Crook ("Mr. Crook"), who was duly appointed as the Special Administrator of the Estate of William Geary, deceased, was, in fact, served with and filed his appearance and answer to the Plaintiff's Complaint before UHI improperly removed this case. *See* Order of Circuit Court appointing Jeffery Crook as the Special Administrator of the Estate of William Geary, attached as Exhibit A; Return of Service on Jeffrey Crook, dated April 18, 2008, attached as Exhibit B; Jeffrey Crook's Appearance and Answer to Plaintiff's Complaint, filed-stamped April 18, 2008, attached as Exhibit C.

Thus, the very cases relied upon by UHI and its own arguments based on 28 U.S.C. § 1441(b) compel a remand of this case. Moreover, because UHI failed to obtain Mr. Crook's consent to its removal of this case, it is procedurally defective and must be remanded for that reason as well.

UHI's claim that Jeffrey Crook was fraudulently joined because Janet M. Deutsch had previously been appointed as the Special Administrator of William Geary's estate is equally flawed. As the operative order reflects, Janet M. Deutsch was not appointed as the Special Administrator of the Estate of William Geary. Rather, Ms. Deustch was appointed as a "Defendant" in a case that did not even name William Geary's Estate as a party. *See* the Circuit Court's Order appointing Janet M. Deutsch as a "Defendant," attached as Exhibit D. Moreover, under Illinois law, a Special Administrator is specially

appointed for the purpose of naming a proper party defendant for the case in which the appointment is made. It does not establish such a Special Administrator as the Executor of the deceased's estate as UHI suggests. Therefore, even if Ms. Deutsch had been appointed as a Special Administrator for William Geary's estate in Gregorio Trevino's case, which she has not, that would not render another individual's appointment in a different case "fraudulent." That UHI failed to even attach a copy of the order, which they characterize incorrectly, or to cite a single case in support of this argument is further proof of its futility. Finally, UHI's canned arguments alleging that U-Haul of Illinois was fraudulently joined simply ignore the specific allegations of Plaintiff's Complaint. Mr. William Geary, as the Complaint alleges, was an Illinois resident to whom U-Haul of Illinois negligently marketed the subject vehicle, regardless of whether it actually rented the specific defective U-Haul truck at issue.

Moreover, as is obvious from UHI's own arguments and affidavits, regardless of whether U-Haul of Illinois maintained the subject vehicle close to or, as their affidavit admits, at some earlier point in time, Plaintiff's Complaint alleges that U-Haul of Illinois owed a duty to Gregorio Trevino, Jr. ("Mr. Trevino, Jr.") in performing that maintenance, which it breached, causing Mr. Trevino, Jr.'s death. Thus, far from lacking a "reasonable probability of recovering" from U-Haul of Illinois, Plaintiff's complaint, when taken as true, establishes U-Haul of Illinois' liability to Ida Trevino and her children.

## BACKGROUND

Gregorio Trevino, Jr., was killed on April 21, 2006, when a rented U-Haul moving truck, driven by Illinois resident William Geary, crossed the median and crashed into the tractor trailer driven by Mr. Trevino, Jr.  Both vehicles immediately caught fire and both drivers died in the inferno, as did Mr. Geary's passenger.  On April 18, 2008, Gregorio Jr.'s widow Ida Trevino filed this lawsuit, No. 08 L 4269, in the Circuit Court of Cook County, alleging that Defendants, several U-Haul entities and William Geary, were liable for Gregorio Jr.'s untimely death (the "Complaint").  The Complaint alleges that Defendants are liable to Gregorio Jr.'s widow, his two minor daughters, and to his Estate under theories of products liability, negligence, and willful and wanton conduct.  Defendant UHI improperly removed this case on April 21, 2008, after a local defendant had already been served with the Complaint and after that defendant's appearance and answer were filed.  Moreover, UHI improperly failed to obtain Mr. Crook's consent to its removal.

## ARGUMENT

### I. Standard for Granting Remand

As Plaintiff, Ida Trevino's choice of forum is presumed valid and this Court must resolve all doubts about jurisdiction in favor of remand. *See Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  In deciding whether remand is proper, the Court assumes the truth of the factual allegations of the complaint, which are considered controlling. *See, e.g., Sheridan v. Flynn,* No. 03 C 5170, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003).  As the party

seeking removal, UHI bears the burden of establishing that all the requirements of removal have been met. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Removal is a purely statutory right that infringes on state judicial powers, and thus its requirements must be strictly construed. *See, e.g., Sheda v. U.S. Dept. of Treasury Bureau of Public Debt*, 196 F. Supp. 2d 743, 746 (N.D. Ill. 2002); *see also Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982) (noting the Supreme Court has been loathe to expand the federal courts' removal jurisdiction). An action in which federal jurisdiction is premised on diversity "shall be removable only if none of the parties in interest properly joined and served is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b). Thus, this case is not removable if any Defendant, properly joined and served, is a citizen of the state of Illinois. *See* 28 U.S.C. § 1441(b); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000) (defendants who seek a federal forum must clear "additional hurdle" of showing that none of the defendants joined and served are residents of the forum state).

## II. Defendant's Notice of Removal Is Procedurally Defective

### A. A Local Defendant Is Properly Joined and Served

Defendant's claim that no "local defendant" was served with the Complaint at the time of their removal is wrong. Defendant William Geary, deceased, was a citizen of the state of Illinois at the time of his death. *See* Compl. ¶ 16. Jeffery Crook, who was appointed to serve as Special Representative of William Geary's Estate in connection with this case, was

served with the complaint on April 18, 2008.  *See* Ex. B.  Jeffery Crook filed an appearance and answer on behalf of William Geary's Estate on April 18, 2008.  *See* Ex. C.

In their Notice of Removal, UHI relies on and quotes *Wensil v. E.I. DuPont De Nemours and Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) as holding that "[t]he statute is clear.  The presence of unserved resident defendants does not defeat removal where complete diversity exists.  (*See* Notice of Removal at ¶ 17, p. 5).  That Court, however, went on to hold that:

> The Court recognizes that the plaintiffs are being deprived of their original choice of forum merely because the South Carolina defendants are served after the non-resident defendant.  ***However, this fortuitous result could have been prevented by serving a South Carolina resident defendant first.***

*Id.* at 449 (emphasis added).  As such, Defendants' own authority sinks the thin reed upon which their removal was premised and compels the remand of this case.

Moreover, as Judge Aspen recognized in *Holmstrom v. Harod*, No. 05 C 2714, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005) "the purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."  Here, the resident party, William Geary, was operating the defective U-Haul vehicle when it struck and killed Plaintiff's husband.  There could be no serious contention that such an integral party was included merely to block removal.  Significantly, the Court in *Holmstrom* remanded that case despite the fact that no resident defendant had

been served.[1] Here, actual service on the resident defendant further obliterates any claim that the plaintiff named William Geary's estate solely to prevent removal and did not intend to serve him, and therefore, further compels remand of this case.

Finally, that the resident defendant was not only served, but filed his voluntary appearance and answer to the Complaint also defeats the Defendant's removal and mandates that the case be remanded. As the court held in *Windoc Corp. v. Clarke*, 530 F. Supp. 812 (D.C. Neb. 1982), even where a resident defendant had not been served, but had filed its voluntary appearance, a case could not be removed under § 1441(b). Thus, Mr. Crook's appearance and answer on behalf of William Geary's Estate on April 18, 2008, three days before the case was removed on April 21, 2008, requires that this case be remanded.

### B. This Action Was Improperly Removed Without Consent of All Defendants

Removal is defective if it is not accompanied by the consent of all defendants who have been served. *See, e.g., Speciale v. Seybold,* 147 F.3d 612, 617 (7th Cir. 1998) (holding removal was procedurally defective where removing defendant failed to obtain consent of others). UHI's claim that consent is not required because no defendants have been served is incorrect.

---

[1] The Court held that where no party had been served with plaintiff's complaint before it had been removed, remand was required even though the resident defendant had not been served because "the policy of the 'joined and served' requirement [was] not implicated in [that] situation." Obviously, where a resident defendant is, in fact, served before removal, that policy is not implicated at all.

*See* Exhibit B. Remand is proper where, as here, "a case is improvidently removed without the consent of a served defendant." *Schmude v. Sheahan,* 198 F. Supp. 2d 964, 967 (N.D. Ill. 2002) (noting the general procedural requirement in a multiple-defendant case is that all served defendants consent; describing this "rule of unanimity"). As such, UHI's removal is procedurally deficient and the case must be remanded for this reason alone. *See Yount v. Shasek,* 472 F. Supp. 2d 1055, 1060-61 (S.D. Ill. 2006) (holding that removing defendant's failure to obtain consent of co-defendants renders the notice of removal procedurally deficient).

### C. Defendant's "Fraudulent Joinder" Claims Are Baseless

#### 1. Defendant Has No Support for its Argument that Jeffrey Crook is Fraudulently Joined.

An out-of-state defendant seeking removal bears a heavy burden to establish fraudulent joinder. *Poulos,* 959 F.2d at 73 (holding out-of-state defendant must show that, taking all issues of fact and law in favor of the plaintiff, there is no cause of action against the in-state defendant). Defendant UHI cannot meet this burden with respect to either William Geary's Estate or U-Haul of Illinois.

Fraudulent joinder occurs where there is "outright fraud in plaintiff's pleading of jurisdictional facts," or where the plaintiff's claims against the defendant whom he has allegedly fraudulently joined "have no reasonable chance of success." *See, e.g., Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994); *Butler v. Kohl's Dept.*

- 8 -

*Stores, Inc.,* No. 1:08 CV 0084, 2008 WL 1836684, at *1 (S.D. Ind. Apr. 23, 2008). If the plaintiff has a reasonable chance of success against the allegedly fraudulently joined defendant, the plaintiff's motives in joining that defendant are irrelevant. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992).

UHI claims that Mr. Crook is "fraudulently joined" and that his citizenship should be ignored for purposes of determining diversity. This contention misses the mark in several respects. First, Mr. Crook's own citizenship is irrelevant to the question of diversity. Mr. Crook is named merely as representative of Geary's estate, not in his individual capacity. The Judicial Code is clear that it is the **decedent's** state of citizenship, not the representative's, that counts for diversity purposes. 28 U.S.C. § 1332(c)(2); *Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591, 593 (7th Cir. 1990) (noting "legal representatives of estates of decedents, infants, or incompetents are deemed to be citizens of the same state as the decedents, the infants, or the incompetents"). And, in any event, the Court need not endeavor to "determine diversity" here. While diversity is clear – no Defendant is a resident of the same state as the Plaintiff – this case is made non-removable by the fact that William Geary was a citizen of Illinois at the time of his death, pursuant to the "local defendant" provision of 28 U.S.C. § 1441(b).

UHI claims that Jeffery Crook's appointment as Special Administrator for William Geary's Estate is "improper" because, in another lawsuit, a Janet M. Deutsch was named as Special Administrator for William Geary's Estate. Notice of Removal ¶¶ 4, 33. First, as evidenced by the order appointing Ms.

- 9 -

Deutsch a "Defendant," she was never appointed the Special Administrator of William Geary's Estate. Second, even if she had been, Janet Deutsch's appointment in a different lawsuit, filed by different plaintiffs, does not make Mr. Crook's appointment in this lawsuit by these plaintiffs "improper" in any way. "A special administrator is empowered only to defend the action in which he is appointed," *Comm. Bank of Plano v. Otto*, 324 Ill. App. 3d 471, 475, 755 N.E.2d 532, 535 (2d Dist. 2001), and thus the appointment of Jeffery Crook as Special Administrator in this lawsuit is in no way inconsistent with the appointment of another individual as Special Administrator in another suit.[2] Defendant's failure to cite any authority for its claim that Mr. Crook is fraudulently joined demonstrates its inability to satisfy the "heavy burden" it bears in seeking removal, and the case must be remanded.

### 1. Plaintiff's Complaint Demonstrates a "Reasonable Probability of Recovery" Against U-Haul of Illinois

Defendant also claims that U-Haul of Illinois is fraudulently joined and that its status as an Illinois resident should be disregarded. First, local defendant William Geary was a resident of Illinois at the time of his death, and his Estate has been served prior to removal, and thus U-Haul of Illinois' status as a local defendant is immaterial. UHI claims that Plaintiff does not have a reasonable probability of recovery against U-Haul of Illinois because U-Haul of Illinois owed no duty to the Plaintiff, because it "did not own the vehicle or rent

---

[2] Similarly, the appointment of Mechelle Walsh in the first action that was removed and dismissed in no way renders Mr. Crook's appointment "improper" or fraudulent. Moreover, contrary to UHI's claim, Eunice Geary was never appointed as a Special Administrator for William Geary.

it to William Geary" and because it "did not maintain the vehicle at or near the time of the accident." Although UHI claims that U-Haul of Illinois did not "sell, manufacture, distribute, equip, design or market the vehicle," *see* Notice of Removal ¶ 41, tellingly, ***it does not deny that it maintained*** the vehicle – it only disclaims liability for its maintenance of the vehicle on the basis of its own self-serving judgment that such maintenance did not occur close enough in time to the accident to be considered the cause. Because Plaintiff's factual allegations must be taken as true, and because U-Haul of Illinois has admitted that it serviced the subject U-Haul, Defendant has failed to show that Plaintiff lacks a "reasonable probability" of recovering against U-Haul of Illinois for its alleged negligent maintenance.

**III.    Plaintiff is Entitled to Costs and Attorney's Fees Under § 1447(c)**

Fees can be awarded where the removing party lacks an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). Here, UHI had no objectively reasonable basis for filing this notice of removal: its claims of fraudulent joinder of Mr. Crook and U-Haul of Illinois are clearly baseless, as discussed above, and UHI imprudently rushed to court with this notice of removal, failing to conduct a sufficient investigation to determine whether a local defendant had been served. A simple review of the state court records within the time to seek removal would have reflected that local defendant Mr. Crook had been served, and that removal was thus improper under § 1441(b). Moreover, UHI's argument that Mr. Crook was fraudulently joined because Ms. Deutsch had been appointed as

the Special Administrator of William Geary's Estate clearly mischaracterizes the operative order, which it failed to attach.

Accordingly, Plaintiff is entitled to recover her costs and attorneys' fees incurred in preparing this motion to remand. *See, e.g., Butler,* 2008 WL 1836684, at *4 ("if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees"); *Beaufort County Sch. Dist. v. United National Ins. Co.,* 519 F. Supp. 2d 609, 618 (D. S.C. 2007) (awarding attorneys' fees where a "cursory glance" at the record showed the allegedly fraudulently joined defendant was a proper defendant to the action, and removing defendant asserted no reasonable grounds for finding otherwise).

## **CONCLUSION**

UHI's Notice of Removal is based on the false premise that no resident defendant had been served or answered prior to the attempted removal. Its removal attempts to deprive Plaintiff of her right to select a state court forum, and it attempts to deprive a co-Defendant of the right to refuse consent to removal. UHI filed its removal without taking the fundamental step of checking the state court's file to see that a resident Defendant had been served and answered. The removal was patently improper, and caused Plaintiff to incur fees and expenses in filing this Motion to Remand. The case should be remanded to the Circuit Court of Cook County, and Defendant UHI should be ordered to pay the fees and expenses occasioned by its improper removal.

Dated:	April 28, 2008

>Respectfully submitted,
>
>By: /s/ Darren VanPuymbrouck
>
>Darren VanPuymbrouck
>Renee C. Kelley
>Schiff Hardin LLP
>6600 Sears Tower
>Chicago, Illinois 60606
>Tel:	(312) 258-5500
>Fax:	(312) 258-5600
>
>OF COUNSEL:
>James F. Perrin
>State Bar No. 24027611
>Paula A. Wyatt
>State Bar No. 10541400
>4825 Everhart Road
>Corpus Christi, Texas  78411
>Tel:	(361) 857-2727
>Fax:	(361) 857-8783
>
>ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of April, 2008, a copy of the foregoing Plaintiff's Motion to Remand and For Fees And Costs, And Supporting Memorandum was served via the Court's CM/ECF system and on the 29th day of April, 2008, by U.S. Mail, to the following counsel:

Dmitry Shifrin
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago IL 60601
Attorney for Defendants:
U-Haul Company Of Illinois, Inc.,
U-Haul International, Inc.,
U-Haul Company Of Arizona, Inc.,
U-Haul Company Of Florida, Inc.,
U-Haul Leasing & Sales Co.,
U-Haul Company Of Oregon, Inc.
U-Haul Company Of North Carolina, Inc.

Peter F. Higgins
Lipkin & Higgins
222 N. LaSalle St., Suite 2100
Chicago IL 60601
Attorney for Jeffery Crook, as Special Administrator of the Estate of William Geary

                                          /s/ Darren VanPuymbrouck

                                          Attorney for Plaintiff