UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO AND ORALIA TREVINO<br><br>Plaintiffs,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF FLORIDA, INC., GENERAL MOTORS CORPORATION, AND JANET M. DEUTSCH, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM J. GEARY<br><br>Defendants. | §§§§§§§§§§§§§§§§ | CASE NO. 1:08-cv-01409<br><br>JUDGE ROBERT M. DOW, JR. |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Gregorio Trevino and Oralia Trevino, file this first amended complaint against U-Haul International, Inc., U-Haul Company of Florida, Inc., General Motors Corporation and Janet M. Deutsch, Special Administrator of the Estate of William J. Geary, Deceased. Plaintiffs would show the Court as follows:

**I.**
**PARTIES**

1.1 Plaintiffs, Gregorio Trevino and Oralia Trevino are the surviving parents of Gregorio Trevino, Jr., deceased. They are bringing wrongful death arising out the death of their son. Their claims are being made pursuant to the Texas Wrongful Death Act, Chapter 71, Subchapter A, Texas Civil Practice and Remedies Code. Plaintiffs are residents and citizens of the State of Texas.

1.2 Defendant, U-Haul International, Inc., (hereinafter "UHI") is a Nevada corporation with its principal office in Arizona. At all times pertinent to this action,

UHI was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.3　Defendant, U-Haul Company of Florida, Inc. (hereinafter "UHF") is a Florida corporation with its principal office in Florida. At all times pertinent to this action, UHF was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.4　Defendant, General Motors Corporation (hereafter "GM") is a Delaware corporation with its principal office in Michigan. At all times pertinent to this action, GM was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.5　Defendant, Janet M. Deutsch, is a resident of Chicago, Illinois. She is properly a defendant as the Special Administrator of the estate of William J. Geary, deceased, for the negligent acts of Mr. Geary.

1.6　On or about January 24, 2008, Janet Deutsch was appointed Special Administrator of the Estate of William J. Geary, deceased. A copy of the Order from the Circuit Court of Cook County, Illinois is attached hereto as Exhibit "A."

1.7　Hereinafter, "GM/U-Haul" refers to UHI, UHF and GM.

## II.
### VENUE AND JURISDICTION

2.1　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has a controversy in excess of $75,000, is between citizens of different states.

2.2　This Court has personal jurisdiction over UHI, UHF and GM, because they are authorized to and do conduct business in the State of Illinois and have sufficient contacts with the State of Illinois, both generally and with regard to this

specific action, that the exercise of personal jurisdiction over it is proper. This Court has personal jurisdiction over Geary because at the time of the death of William Geary, Mr. Geary was a resident and citizen of the State of Illinois. Moreover, his estate's Special Administrator, Janet Deutsch, is a resident and citizen of the State of Illinois.

2.3   This is a proper venue, pursuant to 28 U.S.C. §1391, because all defendants reside in this judicial district for venue purposes.

## III.
### BACKGROUND FACTS

3.1   On or about April 21, 2006, Gregorio Trevino, Jr. was driving southbound on Interstate 65 in Kentucky. Mr. Trevino was driving a Celedon tractor-trailer combination. A 2005 U-Haul moving truck (VIN 1GDG5C1E35F903934), manufactured by GM/U-Haul and driven by William Geary from Chicago, Illinois, was traveling northbound on Interstate 65. Without warning, Mr. Geary lost control, crossed the median and slid across the interstate in front of the tractor-trailer combination after colliding with another vehicle. The U-Haul moving truck and tractor-trailer then collided. Both vehicles burst into flames. Mr. Trevino, along with both occupants of the U-Haul moving truck, died as a result of this incident.

## IV.
### STRICT LIABILITY – GM/U-HAUL

4.1   At all times relevant hereto, GM/U-Haul were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving trucks, including the subject moving truck.

4.2   The subject moving truck, as sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed by GM/U-Haul, was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including but not limited to, its defective and inadequate fuel tank and

fuel delivery system, its brakes, its suspension system, its steering system and wheel bearings, all while in the possession, custody or control of GM/U-Haul.

4.3     The subject moving truck was in a defective and unreasonably dangerous condition when it left the control of GM/U-Haul.

4.4     At the time the subject moving truck was placed into the stream of commerce by GM/U-Haul, up to the time of the accident, the subject moving truck was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

4.5     The death of Gregorio Trevino, Jr. and Plaintiffs' damages were the direct and proximate result of the subject moving truck's defective and unreasonably dangerous condition.

4.6     Because GM/U-Haul are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing the subject moving truck and similar products, because GM/U-Haul reaped the profits from the subject moving truck and similar products and because GM/U-Haul placed the subject moving truck and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Florida, GM/U-Haul are liable to Plaintiffs for their damages arising out of the death of Gregorio Trevino, Jr. under the theory of strict products liability.

4.7     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject moving truck, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by GM/U-Haul and was in a defective and unreasonably dangerous condition when it left the control of GM/U-Haul, Gregorio Trevino, Jr., deceased, suffered severe injuries which resulted in his death.

4.8    Gregorio Trevino, Jr., deceased, has left as his survivors his parents, Plaintiffs Gregorio and Oralia Trevino, who have suffered personal and pecuniary loss as the result of the death of their son, and have suffered from the loss of his love, society and companionship they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

## V.
## NEGLIGENCE – GM/U-HAUL

5.1    GM/U-Haul carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject moving truck, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of GM/U-Haul.

5.2    GM/U-Haul had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject moving truck such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. GM/U-Haul owed such duty to Plaintiffs' decedent and to the general motoring public.

5.3    GM/U-Haul knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject moving truck, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

5.4    GM/U-Haul knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing,

leasing, maintaining, and/or marketing the subject moving truck such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.5  GM/U-Haul knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject moving truck and its components, including but not limited to, its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.6  GM/U-Haul failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject moving truck and its components, including, but not limited to, its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

5.7  GM/U-Haul additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject moving truck, and failed to recall or timely recall the subject moving truck or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

5.8  The aforesaid careless and negligent acts or omissions on the part of GM-U-Haul imposed an unreasonable risk of arm on Plaintiffs' decedent and the general motoring public.

5.9  The aforesaid careless and negligent acts or omissions on the part of GM/U-Haul also represented a deviation from the industry standard of care.

5.10   As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of GM/U-Haul, Gregorio Trevino, Jr., deceased, suffered severe injuries which resulted in his death.

5.11   Gregorio Trevino, Jr., deceased, has left as his survivors his parents, Plaintiffs Gregorio and Oralia Trevino, who have suffered personal and pecuniary loss as a result of the death of their son, and have suffered from the loss of his love, society, and companionship they enjoyed prior to his death.

## VI.
### Negligence – UHI, UHF & Geary

6.1   UHI, UHF and Geary committed acts of omissions and commission, which collectively and severally constituted negligence. These acts and omissions were a proximate cause of the accident, the injuries to and death of Gregorio Trevino, Jr., and the damages of the Plaintiffs.

6.2   UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain the truck in a good, working condition, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.3   UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain the truck's braking system, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.4   UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to ensure

the braking system in the truck was operating properly at the time of rental, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.5     UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to follow internal procedures or guidelines for maintaining the truck and its braking system, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.6     William J. Geary's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain control of the U-Haul truck after a mechanical failure, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.7     William J. Geary's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to ensure that the U-Haul truck was in proper working condition before embarking on his journey, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

## VII.
### GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

7.1     Plaintiffs allege that GM/U-Haul are guilty of gross negligence for knowingly introducing the subject moving truck into the stream of commerce with a defective and inadequate fuel tank and fuel delivery system, defective brakes, a defective suspension system, a defective steering system and defective wheel bearings.

Plaintiffs, therefore, are entitled to recover exemplary damages from these defendants and seek these damages in an amount far in excess of the minimum jurisdictional limits of this Court.

7.2  Plaintiffs allege that UHI and UHF are guilty of gross negligence for knowingly renting their vehicles to consumers, like Mr. Geary, with improperly maintained braking systems. Plaintiffs, therefore, are entitled to recover exemplary damages from these defendants and seek these damages in an amount far in excess of the minimum jurisdictional limits of this Court.

## VIII.
### ACTUAL DAMAGES

8.1  As a result of the injuries to and death of Gregorio Trevino, Jr., Plaintiffs suffered, and will suffer in the future, wrongful death damages including pecuniary loss, loss of companionship and society, and mental anguish.

## IX.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1  Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## X.
### CONDITIONS PRECEDENT

10.1  All conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1  Plaintiffs, who seek damages greater than $75,000, request a trial by a jury.

WHEREFORE, PREMISES CONSIDERED, Gregorio Trevino and Oralia Trevino pray Defendants be cited to appear and answer for their conduct, this case be set for trial, and they recover judgment of and from Defendants for their damages in such

amount as the evidence may show and the trier of fact may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

                Respectfully submitted,

                SALVI, SCHOSTOK & PRITCHARD
                181 West Madison Street, Suite 3800
                Chicago, Illinois 60602
                Phone: (312) 372-1227
                Fax:   (312) 372-3720

By:   /s/Donald R. McGarrah
        DONALD R. MCGARRAH
        ARDC #3123480

        WATTS LAW FIRM, L.L.P.
        Bank of America Plaza, Suite 100
        300 Convent Street
        San Antonio, Texas 78205
        Phone: (210) 527-0500
        Fax:   (210) 527-0501

By:   /s/ William J. Maiberger, Jr.
        WILLIAM J. MAIBERGER, JR.
        Admitted *Pro Hac Vice*
        Texas State Bar No. 00787949
        Federal Bar No. 18581

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2008, a copy of the foregoing Plaintiffs' First Amended Complaint was served via the Court's CM/ECF system to the following counsel of record:

George Jackson, III
Dmitry Shifrin
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Attorney representing U-Haul Company of Illinois, Inc., and U-Haul International, Inc.

Dan H Ball
Bryan Cave, LLP
211 North Broadway
Suite 3600
St. Louis, MO 63102
(314) 259-2700
Attorney representing U-Haul Company of Illinois, Inc.

/s/ William J. Maiberger, Jr.

MAY-06-2008 13:32 From:SALVI SCHOSTOK          312 372 3720         To:210 527 0501            P.3/3

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC. and ROGER D. GEARY, <br><br> Defendants. | NO. |

### ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator to Serve as Defendant, and it being represented that JANET M. DEUTSCH is legally competent to act as Special Administrator;

IT IS HEREBY ORDERED that JANET M. DEUTSCH is appointed Special Administrator to serve as Defendant for all purposes relating to this lawsuit.

ENTER:

_____

Dated at Chicago, Illinois this
_____ day of January, 2008.



DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227



05/06/2008 TUE 14:30   [TX/RX NO 9426]   ☒003