IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) ) Case No. 08-cv-1409 |
| v. | ) ) Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | ) ) ) ) |
| Defendants. | ) |

**U-HAUL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR REASSIGNMENT OF RELATED CASE**

Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. (collectively, the "U-Haul Defendants") hereby file their reply in support of their motion under Local Rule 40.4 for the reassignment to this Court of *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08-cv-2255 pending before Judge Gettleman. The U-Haul Defendants state as follows in support of their Motion:

The U-Haul Defendants have more than adequately presented the reasons why Ida Trevino's case should be reassigned to Judge Dow pursuant to Local Rule 40.4. It seems that all defendants are caught between two competing sets of surviving family members who have been unable to agree on the most efficient, and procedurally proper, way to pursue their interests. The U-Haul Defendants have no interest in which judge presides over their case. They are merely

seeking to avoid defending themselves in separate courtrooms against identical claims arising from the same vehicular accident.

Gregorio Trevino's ("Plaintiff") Amended Complaint asserts *identical* allegations against the same defendants named in Ida Trevino's Second Complaint – in fact, Plaintiff's Amended Complaint recites *verbatim* the allegations asserted in Ms. Trevino's Second Complaint.  A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit 1.  There is absolutely nothing to distinguish the proposed theories of recovery and anticipated defenses concerning liability in both cases, and consequently nothing to prevent one judge from presiding over both cases.

Ms. Trevino's opposition to reassignment focuses on only the following factors under Rule 40.4(b): (i) that the handling of both cases by one judge will not save substantial judicial time and effort, and (ii) that both cases are not susceptible of disposition in a single proceeding. Ms. Trevino is wrong.

> **A.     The Handling of Both Cases by Judge Dow Will Likely Result in a Substantial Saving of Judicial Time and Effort and Both Cases Are Susceptible of Disposition in a Single Proceeding.**

Plaintiff's Amended Complaint seeks relief against U-Haul International, Inc.; U-Haul Co. of Florida, Inc.; General Motors Corp. ("GM") and Janet M. Deutsch, the individual appointed by Plaintiff to serve as special administrator of the estate of William Geary (the deceased U-Haul lessee purportedly responsible for the vehicular accident at issue in both Ms. Trevino's and Plaintiff's complaints).  Plaintiff's Amended Complaint presents individual claims for wrongful death recovery sounding in strict liability, negligence and gross negligence. Plaintiff alleges that the U-Haul vehicle driven by William Geary had defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its

suspension system, its steering system, and wheel bearings. Plaintiff also alleges that William Geary was negligent for causing the accident.

There is nothing to distinguish Ms. Trevino's Second Complaint from Plaintiff's Amended Complaint. Like Plaintiff's Amended Complaint, Ms. Trevino seeks relief against U-Haul International, Inc.; U-Haul Co. of Florida, Inc.; GM and, in her case, Jeffrey Crook, the second individual appointed by Ms. Trevino to serve as special administrator of the estate of William Geary. Like Plaintiff's Amended Complaint, Ms. Trevino presents individual claims for wrongful death recovery sounding in strict liability, negligence and willful and wanton misconduct. Like Plaintiff's Amended Complaint, Ms. Trevino alleges that the U-Haul vehicle driven by William Geary had defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings. And like Plaintiff's Amended Complaint, Ms. Trevino also alleges that William Geary was negligent for causing the accident.

Ms. Trevino's Second Complaint only differs in the number of defendants she claims are responsible for her husband's death. In addition to the defendants in Plaintiff's Amended Complaint, Ms. Trevino also joins as defendants U-Haul Co. of Arizona, Inc.; U-Haul Co. of Illinois, Inc.; U-Haul Co. of Oregon, Inc.; U-Haul Co. of North Carolina, Inc. and U-Haul Leasing & Sales Co. However, the additional U-Haul defendants do nothing to make Ms. Trevino's case unique from Plaintiff's because, like Plaintiff, she simply lumps all U-Haul defendants and GM together as one and the same allegedly tortious actor in every count directed against these defendants. Thus, there is absolutely nothing to distinguish the claims against any of the U-Haul defendants in either Plaintiff's Amended Complaint or Ms. Trevino's Second Complaint.

75718.3                                              3

As a result, because the claims and defendants in both cases are identical, the anticipated motions and defenses of the defendants relating to liability in both cases will be the same, and thus more efficiently briefed and determined by one judge instead of two. As for the U-Haul defendants, the allegations in both cases focus on whether any of them have any liability for designing, manufacturing and/or renting a vehicle with allegedly defective components. Any defenses and motions directed towards these allegations are neither case nor plaintiff-specific, but rather issue-specific and thus indistinguishable between the separate cases. *See Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, 1991 WL 70893 at *2 (N.D. Ill. April 29, 1991) ("[t]he complaints filed are…virtually identical and [defendant's] defenses in both cases are virtually identical. The only difference between [the two cases] is that each involves a different…customer…"); *see also Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277 at *2 (N.D. Ill. Nov. 25, 2002) (holding that cases are related where they each involve the legality of a defendant's particular conduct and finding that "[r]eassignment of all of the cases to this Court's calendar will permit these issues to be briefed and determined once, rather than four separate times, which will result in a substantial saving of judicial time and effort-not to mention a substantial saving of the parties' and their counsels' time and effort. The overall administration of justice will likewise be enhanced by having a single judge determine this issue in all four of the cases.")[1]

Ms. Trevino's reliance on *Pena v. Freedom Mortg. Team, Inc.* and *Davis v. Quebecor World* is misplaced. In *Pena*, claims against several defendants were stayed because the parties

---

[1] Plaintiff cannot rely upon Local Rule 40.4(c) to impede reassignment. This rule states that reassignment motions should "generally" not be filed until all parties have an opportunity to respond to questions of relatedness and reassignment. Under the circumstances, one may assume, even if they have not yet appeared or answered, that the non-U-Haul defendants will also want to proceed before a single judge to avoid a multiplicity of briefing and scheduling orders on identical issues.

were seeking referral of that case to a bankruptcy court. In the instant situation, no party has moved to stay the proceedings against them in either case and, unlike a bankruptcy judge who determines a referral, the judge before whom reassignment is requested is capable of determining a pending remand motion. *See Howard v. Filipowski*, 2003 WL 22706960 at *1, *2 (N.D. Ill. Nov. 14, 2003) ("[b]efore this Court can determine whether the action should be remanded to the state court, the court must determine whether this action is related to the [] consolidated action.) In *Quebecor*, the court held that the two cases "do not involve substantially similar issues of fact or law to warrant reassignment," in part because the claims focused on the conduct of separate plaintiffs. *Davis v. Quebecor World*, 2002 WL 27660 at *4 (N.D. Ill. Jan. 10, 2002). There is nothing to distinguish the facts and law applicable to both cases, and the focus here is almost wholly on the defendants' conduct.

Ms. Trevino's pending remand motion before Judge Gettleman should also not be a basis to prevent reassignment. Judge Gettleman has continued the hearing of all pending motions before him, including the remand motion, to May 29. Briefing on reassignment concludes May 13. Once briefing resumes on the remand motion, and as will be more fully set forth in U-Haul's response, Ms. Trevino's Second Complaint has been properly removed from state court. Additionally, as previously mentioned, a pending remand motion does not prevent a ruling on a motion for reassignment. *See Filipowski*, 2003 WL 22706960 at *1, *2.

Finally, the cases are susceptible of disposition in a single proceeding. As previously set forth, both complaints arise out of identical facts, and the liability defenses are expected to be identical. Thus, issues resolved in one case can easily dispose of the same issues in the other: if the U-Haul (or any other) defendants are not found strictly liable and negligent in one case, it is highly likely that they will not be found liable under identical claims and circumstances in the

other case.  This scenario is not like the one relied upon by Ms. Trevino in *Donahue v. Elgin Riverboat Resorts*, where the court denied reassignment because "each individual case relies on a different set of facts..."  *Donahue v. Elgin Riverboat Resorts*, WL 2495642 at *2 (N.D. Ill. Sept. 28, 2004).  Again, the facts from which both of the instant cases arise are identical.

      **B.**      **Conclusion.**

The U-Haul Defendants have followed procedure in moving to reassign Ida Trevino's case to the judge presiding over an earlier-filed and related case.  None of the defendants should be forced to defend themselves in separate courtrooms against identical claims arising from the same vehicular accident simply because they are brought by competing sets of surviving family members.

WHEREFORE, Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. respectfully request this Court to designate *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08-cv-2255 pending before Judge Gettleman, as related to the instant case, and reassign Case No. 08-cv-2255 to Judge Dow.

Dated: May 12, 2008                                   Respectfully submitted,

                                                                    **U-HAUL INTERNATIONAL, INC.**
                                                                    **U-HAUL CO. OF ILLINOIS, INC.**

                                                                         s/ Dmitry Shifrin
                                                                  George Jackson III, #6189680
                                                                  Dmitry Shifrin, #6279415
                                                                  BRYAN CAVE LLP
                                                                  161 N. Clark St., Suite 4300
                                                                  Chicago, IL 60601

(312) 602-5000
(312) 602-5060 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2008, a copy of the foregoing Reply in Support of Motion for Reassignment was served via the Court's CM/ECF system to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602

                                                s/ Dmitry Shifrin