IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO and ORALIA TREVINO, | ) ) ) **JURY TRIAL DEMANDED** |
| Plaintiffs, | ) ) |
| v. | ) Case No. 08-cv-1409 ) |
| U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF FLORIDA, INC., GENERAL MOTORS CORPORATION, and JANET M. DEUTSCH, as Special Administrator of the Estate of William J. Geary, | ) Judge Dow ) ) ) ) ) ) |
| Defendants. | ) |

**U-HAUL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF STANDING**

Defendants U-Haul International, Inc. and U-Haul Co. of Florida, Inc. (collectively, "U-Haul") hereby file their Memorandum in Support of their Motion to Dismiss Plaintiffs' Amended Complaint for lack of standing, and state as follows in support:

**A.      Gregorio Trevino's Original Complaint.**

This is the first of two lawsuits arising out of the same vehicular accident filed by two competing sets of family members against virtually identical defendants.

On or about January 24, 2008, Gregorio Trevino, in his alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., deceased, filed his original complaint in the Circuit Court of Cook County, Illinois seeking recovery against U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. under the Illinois Wrongful Death, Survival and Family Expense Acts.

76266.3                                          1

Mr. Trevino's original complaint was based on his son's fatality resulting from a vehicular accident in Kentucky on or about April 21, 2006 allegedly caused by William Geary. Mr. Trevino claimed William Geary rented the vehicle from U-Haul International, Inc. and U-Haul Co. of Illinois, Inc., and that they were allegedly negligent with respect to the vehicle rented to and driven by William Geary at the time of the accident.

### B. Ida Trevino's Lawsuit.

Subsequent to the filing of Mr. Trevino's original complaint, on or about April 10, 2008, U-Haul learned that Ida Trevino filed a complaint in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts ("Ida Trevino's First Complaint").

Ida Trevino claims that Gregorio Trevino, Jr. was her husband and the father of Sara and Angela Trevino. Ida Trevino's First Complaint alleges that she is also the special administrator of Gregorio Trevino, Jr.'s estate, and arises from the same vehicular accident underlying Mr. Trevino's original complaint – *i.e.,* the vehicular accident occurring in Kentucky on or about April 21, 2006 and allegedly caused by William Geary.

U-Haul International, Inc. removed Ida Trevino's First Complaint on April 14, 2008, which was pending before Judge Gettleman as Case No. 08-cv-2120. On April 17, 2008, Ida Trevino voluntarily dismissed her First Complaint.

The following day, on April 18, 2008, Ida Trevino filed her second complaint in the Circuit Court of Cook County, Illinois, asserting identical allegations against virtually all of the same defendants named in her First Complaint ("Ida Trevino's Second Complaint"). Ida Trevino's Second Complaint was removed by U-Haul International, Inc. on April 21, 2008, and

her case was reassigned to this Court as a related case on May 20, 2008. Ida Trevino's Second Complaint is currently pending before Judge Dow as Case No. 08-cv-2255.

### C. Plaintiffs' Amended Complaint.

Mr. Trevino's original complaint failed to indicate that his son purportedly left a wife and children surviving him. As a parent whose child left a surviving wife and children, Mr. Trevino lacked standing to recover under Illinois' Wrongful Death Act. This, as well as reasons for dismissing the Survival and Family Expense Act claims, were outlined in the first motion to dismiss filed by U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. on April 25, 2008.[1]

Subsequent to the first motion to dismiss for lack of standing, Mr. Trevino was granted leave to amend his original complaint to drop any claims for relief under Illinois' Wrongful Death, Survival and Family Expense Acts. Plaintiffs' Amended Complaint now seeks relief on behalf of Mr. Trevino and his wife Oralia under the Texas Wrongful Death Act. Plaintiffs' Amended Complaint asserts identical allegations against the same defendants named in Ida Trevino's Second Complaint – in fact, Plaintiffs' Amended Complaint recites verbatim the allegations asserted in Ida Trevino's Second Complaint.

### D. Argument.

A plaintiff's complaint will be dismissed for lack of standing if it is clear that no set of facts can support the claim for relief. *Barner v. City of Harvey*, 1997 WL 139468, *9 (N.D. Ill. Mar. 25, 1997). It must be likely that plaintiff's injury can be redressed by the Court for him to have standing to bring suit. *Id.* at *8. A court will not grant relief unless it will confer some benefit upon plaintiff. *Smith v. Boyle*, 144 F.3d 1060, 1063 (7th Cir. 1998).

---

[1] Plaintiffs' Amended Complaint substitutes U-Haul Co. of Florida, Inc. for U-Haul Co. of Illinois, Inc. as a party defendant. As a result, U-Haul Co. of Illinois, Inc. is no longer a party to this proceeding.

Plaintiffs lack standing to bring their Amended Complaint because they seek relief separate and apart from other intended beneficiaries under the Texas Wrongful Death Act.[2] The act expressly identifies wrongful death beneficiaries and how they may bring suit for recovery:

Benefiting From and Bringing Action

(a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.

(b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.

(c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

Tex. Civ. Prac. & Rem. Code Ann. § 71.004.

The Texas Wrongful Death Act contemplates that only one suit shall be brought for the benefit of all parties entitled to recover. *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. Ct. App. 1997). "The provision of the Act requiring all of the beneficiaries to be parties was enacted chiefly for the benefit of the defendant in such suit, to protect it against the bringing of several suits arising out of the same transaction…" *Id.* "Although the Act speaks of a single suit, it is intended that the single suit be one where all of the beneficiaries appear as plaintiffs actively presenting their claim, or one in which one or some of the beneficiaries purport

---

[2] U-Haul does not concede that Texas law applies. Regardless of which wrongful death law may apply, it should be noted that Plaintiffs have no standing under the law of any state that may have a relationship to this dispute: Illinois, Kentucky, Florida or Texas. Parents cannot recover in Illinois when the decedent leaves a surviving spouse and children. *Mio v. Alberto-Culver Co.*, 715 N.E.2d 309, 313 (2nd Dist. 1999). Kentucky law is similar. *See* Ky. Rev. Stat. Ann. § 411.130 ("[i]f the deceased leaves a widow and children or a husband and children, then one-half (1/2) to the widow or husband and the other one-half (1/2) to the children of the deceased", and the wrongful death action must be brought by the decedent's personal representative.) In Florida, the wrongful death action must be brought by the decedent's personal representative. *See* Fla. Stat. Ann. § 768.20. Nor, as set forth in this brief, can parents pursue their own recovery under Texas law by excluding a surviving spouse and children. As a result, the Court need not undergo a choice of law analysis because no conflict exists between any of the aforementioned wrongful death laws.

to prosecute a claim for the benefit of all entitled under the act." *Id.* Thus, all beneficiaries named in the Wrongful Death Act are necessary parties. *Id.*

Plaintiffs lack standing to bring their Amended Complaint under the Texas Wrongful Death Act for several reasons. The intended beneficiaries under the act did not bring suit together under § 71.004(b). Gregorio and Oralia Trevino, as parents, filed suit separately from Ida, Sara and Angela Trevino, who filed their own suit as surviving spouse and children. Nor did Plaintiffs bring suit for the benefit of the entire group of alleged beneficiaries pursuant to § 71.004(b). Plaintiffs' Amended Complaint is completely silent as to the existence and claims of the surviving spouse and children.

Further, under § 71.004(c) of the Texas Wrongful Death Act, the executor of Gregorio Trevino, Jr.'s estate was required to bring suit on behalf of all beneficiaries because none of them brought suit within 3 calendar months of April 21, 2006, the date of Gregorio Trevino, Jr.'s death. Mr. Trevino's original complaint was not filed until January 24, 2008, and Plaintiffs' Amended Complaint was not filed until May 6, 2008. Ida Trevino did not file her First Complaint until April 10, 2008, nor her Second Complaint until April 18, 2008. In her Second Complaint, Ida Trevino asserts that letters of office were filed for Gregorio Trevino, Jr.'s estate in 2007, appointing her executor of his estate, well before the original or amended complaints were filed in this case. A copy of the order is attached hereto as Exhibit 1.[3] As a result, under the Texas Wrongful Death Act, as the executor of the injured party's estate, only Ida Trevino can

---

[3] It seems that Plaintiffs were aware of the issuance of these letters. Oralia Trevino, a Plaintiff to this proceeding who claims to be Gregorio Trevino, Jr.'s mother, purportedly issued the letters to Ida Trevino in Oralia's capacity as clerk of the relevant Texas probate court.

76266.3                                        5

bring wrongful death claims on behalf of all purported beneficiaries, including Plaintiffs. *See Serv-Air, Inc. v. Profitt*, 18 S.W.3d 652, 664 (Tex. Ct. App. 1999).[4]

### E. Conclusion.

In contravention of the Texas Wrongful Death Act, U-Haul has been forced to defend against two cases filed by competing sets of purported wrongful death beneficiaries. Because all beneficiaries are not joined in Plaintiffs' Amended Complaint, Plaintiffs have not plead any facts to prove a redressable injury, or that a ruling from this Court will confer any benefit upon them. Consequently, Plaintiffs lack standing to bring their claims, and their Amended Complaint should be dismissed.

WHEREFORE, for all of the foregoing reasons, Defendants U-Haul International, Inc. and U-Haul Co. of Florida, Inc. respectfully request this Court to dismiss Plaintiffs' Amended Complaint under the Texas Wrongful Death Act for lack of standing.

Dated: May 27, 2008

Respectfully submitted,

**U-HAUL INTERNATIONAL, INC.**
**U-HAUL CO. OF FLORIDA, INC.**

  s/ Dmitry Shifrin  
George Jackson III, #6189680  
Dmitry Shifrin, #6279415  
BRYAN CAVE LLP  
161 N. Clark St., Suite 4300  
Chicago, IL 60601  
(312) 602-5000  
(312) 602-5060 (fax)

---

[4] In the event this motion is denied, Ida Trevino's Second Complaint should be dismissed and she should be required to pursue her claims along with Plaintiffs in this proceeding.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2008, a copy of the foregoing Memorandum in Support of Motion to Dismiss was served via the Court's CM/ECF system to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602

William J. Maiberger, Jr.
WATTS LAW FIRM, L.L.P.
Bank of America Plaza, Suite 100
300 Convent St.
San Antonio, TX 78205

                 s/ Dmitry Shifrin