UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO AND<br>ORALIA TREVINO<br><br>Plaintiffs,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>GENERAL MOTORS CORPORATION, AND<br>JANET M. DEUTSCH, AS SPECIAL<br>ADMINISTRATOR OF THE ESTATE OF<br>WILLIAM J. GEARY<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:08-cv-01409<br><br>JUDGE ROBERT M. DOW, JR. |

**PLAINTIFFS' RESPONSE TO U-HAUL DFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF STANDING**

Plaintiffs Gregorio and Oralia Trevino file this Response to the U-Haul Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Standing and request the Court not dismiss their Complaint.

The U-Haul Defendants contend the Plaintiffs' do not have standing under Texas law to assert their wrongful death claims arising out of the death of their son, Gregorio Trevino, Jr. This suit alleges the Defendants committed conduct that wrongfully caused the death of Gregorio Trevino, Jr. Under Texas law, Gregorio and Oralia Trevino, as the parents of Gregorio Trevino, Jr., have individual wrongful death claims, so that they have justiciable interests and potential benefits in the outcome of this suit. Consequently, they have standing in this action.

The gravamen of Defendants' complaint is that under Texas law there should be only one wrongful death action. Although this "single lawsuit" doctrine of Texas wrongful death law is neither mandatory nor jurisdictional, Plaintiffs do not dispute

1

that, if feasible, the claims of all wrongful death beneficiaries and survival claimants should be consolidated or joined in one action. The remedy to Defendants' complaint, however, is not dismissal of any claims, but rather, consolidation of the two lawsuits pending in this Court.

Plaintiffs, Gregorio and Oralia Trevino, request the Court deny Defendants' Motion to Dismiss. Although Plaintiffs believe the appropriate remedy to address Defendants' complaint is consolidation of the two pending lawsuit, if the Court determines the Plaintiffs claims should be dismissed, Plaintiffs request the Court allow the joinder of their wrongful death claims in the other proceeding, retroactive to the date of their original filing.

Respectfully submitted,

SALVI, SCHOSTOK & PRITCHARD
181 West Madison Street, Suite 3800
Chicago, Illinois 60602
Phone: (312) 372-1227
Fax:    (312) 372-3720

By:   /s/Donald R. McGarrah
DONALD R. MCGARRAH
ARDC#3123480

WATTS LAW FIRM, L.L.P.
Bank of America Plaza, Suite 100
300 Convent Street
San Antonio, Texas 78205
Phone: (210) 527-0500
Fax:    (210) 527-0501

By:   /s/ William J. Maiberger, Jr.
WILLIAM J. MAIBERGER, JR.
Admitted *Pro Hac Vice*
Texas State Bar No. 00787949
Federal Bar No. 18581

ATTORNEYS FOR PLAINTIFF

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June 2008, a copy of the foregoing Plaintiffs' Response to the U-Haul Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Standing was served via the Court's CM/ECF system to the following counsel of record:

George Jackson, III
Dmitry Shifrin
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Attorney representing U-Haul International, Inc., and U-Haul Company of Florida, Inc.

Dan H Ball
Bryan Cave, LLP
211 North Broadway
Suite 3600
St. Louis, MO 63102
(314) 259-2700
Attorney representing U-Haul Company of Illinois, Inc.

      /s/ William J. Maiberger, Jr.