UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO AND ORALIA TREVINO § § § | | |
| Plaintiffs, § § | | |
| v. § | CASE NO. 1:08-cv-01409 | |
| § | | |
| U-HAUL INTERNATIONAL, INC., § U-HAUL COMPANY OF FLORIDA, INC., § GENERAL MOTORS CORPORATION, AND § JANET M. DEUTSCH, AS SPECIAL § ADMINISTRATOR OF THE ESTATE OF § WILLIAM J. GEARY § § | JUDGE ROBERT M. DOW, JR. | |
| Defendants. § | | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RESPONSE TO U-HAUL DFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF STANDING**

Plaintiffs Gregorio and Oralia Trevino file this Memorandum in Support of Response to the U-Haul Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Standing and request the Court not dismiss their Complaint.

**I.    NATURE OF THE CASE**

On April 21, 2006, Gregorio Trevino, Jr., a citizen and resident of Texas, was driving a vehicle on Interstate 65 in Kentucky. His vehicle was struck by a U-Haul moving van driven by William J. Geary. As a result of the accident, Mr. Trevino sustained severe injuries and died.

On January 24, 2008, Gregorio Trevino, Sr. and Oralia Trevino, the parents of Gregorio Trevino, Jr., filed a lawsuit in Illinois state court against U-Haul Company of Illinois, Inc., U-Haul International, Inc., and William Geary, claiming they wrongfully caused the death of Gregorio Trevino, Jr.  That action was removed to this federal

Court. The Defendants presented evidence to Plaintiffs showing that the U-Haul vehicle at issue was not rented by U-Haul of Illinois, but U-Haul of Florida. On May 6, 2008, Plaintiffs substituted U-Haul of Florida as the party Defendant and added product liability claims against General Motors.

Gregorio Trevino, Jr. was survived by not only his parents but also by his wife (Ida Trevino) and child. At the time Gregorio and Oralia Trevino filed their initial lawsuit, the wife and child had not filed their wrongful death claims. On April 18, 2008, Ida Trevino filed wrongful death claims on her behalf and on behalf of the minor child, as well as the survival claims on behalf of the estate of Gregorio Trevino, Jr. That suit is pending in this Court.

The U-Haul Defendants have filed a Motion to Dismiss contending Plaintiffs do not have standing under Texas law to assert their wrongful death claims arising out of the death of their son, Gregorio Trevino, Jr. This suit alleges the Defendants committed conduct that wrongfully caused the death of Gregorio Trevino, Jr. Under Texas law, Gregorio and Oralia Trevino, as the parents of Gregorio Trevino, Jr., have individual wrongful death claims, so they a justiciable interest and potential benefits in the outcome of this suit. Consequently, they have standing in this action.

## II.   TEXAS WRONGFUL DEATH LAW – BENEFICIARIES HAVE STANDING TO ASSERT SEPARATE, INDIVIDUAL CLAIMS

Under Texas law, the surviving spouse, children, and parents of a deceased have a statutory cause of action to recover damages for wrongful death. Tex. Civ. Prac. & Rem. Code §§71.002 and 71.004. The only standing requirement for a party to bring suit under the Wrongful Death Act is, "to prove that he or she was the deceased's spouse, child, or parent." *Shepard v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998); *see also Garza v. Maverick Market, Inc.*, 768 S.W.2d 273, 275 (Tex. 1989) (holding it is improper to require

proof of anything other than being a parent, child, or spouse in order to bring a wrongful death claim).

Every wrongful death beneficiary has an individual, separate claim to recover wrongful death damages. *Utts v. Short*, 81 S.W.3d 822, 834 (Tex. 2002) (noting that Texas law "recognizes that derivative plaintiffs are asserting separate claims for their own losses caused by another person's injury or death."). Although Texas wrongful death law provides each beneficiary with a separate, individual claim, the law also contemplates a single lawsuit. *Trostle v. Trostle*, 77 S.W.3d 908, 913 (Tex.App.—Amarillo 2002, no pet.). Courts have explained, however, that the "single lawsuit" doctrine is neither mandatory nor jurisdictional. *Trostle*, 77 S.W.3d at 913 (the failure for a defendant to raise the issue may result in waiver); *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex.App.—San Antonio 1997, writ denied) (noting that a wrongful death action that fails to include all beneficiaries as parties is subject to special exceptions or abatement). Consequently, even though Texas wrongful death law contemplates only one lawsuit, this is a standard recognized for the benefit of the defendant to protect it against multiple lawsuits and not a mandatory or jurisdictional matter. *Avila*, 948 S.W.2d at 857 (Rickoff, J., concurring on denial of rehearing) ("While the 'one action' rule is designated to prevent a defendant from being subject to multiple suits, <u>it is not a mandatory rule</u>.") (emphasis added). In fact, because each wrongful death beneficiary has a separate, individual claim, the failure to include a beneficiary in an action will not result in the defendant being held liable for that beneficiary's damages. In Avila, the court explained:

> if the amount of compensation of any one of the beneficiaries has not been included in the first suit and he is entitled to it, no good reason can be given for holding him concluded by a judgment in which his rights were not considered. Only those for whom the action is prosecuted are bound by its decree. Thus, it has been said that a defendant who is liable to three

>beneficiaries under the act should be limited in liability to the same aggregate compensation, whether it be recovered in three suits brought by one, each of them, or one suit brought by all.

*Avila*, 948 S.W.2d at 851 (cites omitted). It is clear, therefore, that the "single lawsuit" doctrine cannot deprive a beneficiary from asserting his or her wrongful death claim. *Trostle*, 77 S.W.3d at 913 ("Beneficiaries who are not included in the lawsuit have been found entitled to bring their own lawsuit to recover the damages to which they individually may be entitled.").

**III.    The "Single Action" Issue Raised by Defendants is Not one of Standing, but rather, a Procedural Matter Resolved by Consolidation of the Two Lawsuits**

The U-Haul Defendants complain that Plaintiffs lack standing because of technicalities in the method and/or timing of the filing of the two separate lawsuits. As explained above, however, the only standing requirement under Texas wrongful death law is to prove the party is the spouse, child, or parent of the deceased. Consequently, the U-Haul Defendants are incorrect to assert that the brining of two separate lawsuits results in a lack of standing. There is no question Gregorio and Oralia Trevino, as the parents of Gregorio Trevino, Jr., have separate, individual wrongful death claims against all of the Defendants, which they have a right to pursue. Thus, even if one of the other beneficiaries or the executor of an estate had brought the wrongful death claims of Gregorio and Oralia Trevino on their behalf, they would still have the right to intervene in the action to individually assert those claims on their own behalf. In this case, however, nobody ever brought their wrongful death claims. Regardless, the technical arguments raised by the U-Haul Defendants do not constitute a lack of standing – i.e., a lack of a justiciable claim for redress against these Defendants for which wrongful death damages would be awarded to Plaintiffs.

That said, Plaintiffs recognize that under Texas law, Defendants have the right to ask that they not be subjected to multiple actions for a single wrongful death claim. As explained above, although it is not mandatory, Texas wrongful death law encourages that all wrongful death beneficiaries be brought, joined, or combined in one action. To that end, when multiple wrongful death suits are brought for a single death, Texas courts regularly allow joinder of the claims, abate actions, or consolidate lawsuits. Avila, 948 S.W.2d at 851 (noting the defendants normally file special exceptions or pleas in abatement). In fact, the case that Defendants rely heavily upon in their Motion to Dismiss, *Serv-Air, Inc. v. Profitt*, 18 S.W.3d 652 (Tex.App.—San Antonio 1999, pet. dism'd by agr.), was addressing whether the trial court should have abated a lawsuit. The appropriate remedy, therefore, is not for the Court to dismiss the claims of any beneficiary, but rather, to consolidate the two actions into one action.

IV. **Alternatively, if the Court Dismisses One of the Lawsuits, it Should Not Dismiss this First-Filed Action and Should Freely Allow Joinder of the Beneficiaries Retroactive to Their Original Filing**

In the alternative, if the Court decides that instead of consolidating the two actions that the "single lawsuit" doctrine should be accomplished by dismissing one of the actions and allowing joinder of the beneficiaries in that one action, Plaintiffs request the Court not dismiss this action.

Gregorio and Oralia Trevino were the first wrongful death beneficiaries to file their claims against the U-Haul Defendants. At that time and to this day, they had standing and capacity to bring these claims. Plaintiffs do not deny any beneficiary the right to bring his or her wrongful death claim. They believe the most efficient method of resolving the "single lawsuit" issue is to consolidate the two action. But if this Court

believes it is more efficient to have all the beneficiaries join in one action and dismiss the other, they request the Court allows this first-filed action to be remain.

In any event, if the Court requires dismissal of either of the wrongful death lawsuits, Plaintiffs request the Court freely allow all beneficiaries to join in the other pending action retroactive to the time they initially filed their claims. Because all of the beneficiaries brought their claims before the applicable statute of limitations expired, their claims should not be subject to a defense of limitations based on the "single lawsuit" doctrine.

## V. PRAYER

Plaintiffs, Gregorio and Oralia Trevino, request the Court deny Defendants' Motion to Dismiss. Although Plaintiffs believe the appropriate remedy to address Defendants' "single lawsuit" complaint is consolidation of the two pending lawsuit, if the Court determines the Plaintiffs claims should be dismissed, Plaintiffs request the Court allow the joinder of their wrongful death claims in the other proceeding, retroactive to the date of their original filing.

        Respectfully submitted,

        SALVI, SCHOSTOK & PRITCHARD
        181 West Madison Street, Suite 3800
        Chicago, Illinois  60602
        Phone:  (312) 372-1227
        Fax:      (312) 372-3720

By:    /s/Donald R. McGarrah
        DONALD R. MCGARRAH
        ARDC#3123480

        WATTS LAW FIRM, L.L.P.
        Bank of America Plaza, Suite 100
        300 Convent Street
        San Antonio, Texas  78205
        Phone:  (210) 527-0500
        Fax:      (210) 527-0501

By:    /s/ William J. Maiberger, Jr.
        WILLIAM J. MAIBERGER, JR.
        Admitted *Pro Hac Vice*
        Texas State Bar No. 00787949
        Federal Bar No. 18581

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June 2008, a copy of the foregoing Plaintiffs' Memorandum in Support of Response to the U-Haul Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Standing was served via the Court's CM/ECF system to the following counsel of record:

George Jackson, III
Dmitry Shifrin
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Attorney representing U-Haul International, Inc., and U-Haul Company of Florida, Inc.

Dan H Ball
Bryan Cave, LLP
211 North Broadway
Suite 3600
St. Louis, MO 63102
(314) 259-2700
Attorney representing U-Haul Company of Illinois, Inc.

                                                /s/ William J. Maiberger, Jr.