IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO and ORALIA TREVINO, | ) ) ) **JURY TRIAL DEMANDED** ) ) ) Case No. 08-cv-1409 ) ) Judge Dow ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF FLORIDA, INC., GENERAL MOTORS CORPORATION, and JANET M. DEUTSCH, as Special Administrator of the Estate of William J. Geary, | |
| Defendants. | |

### U-HAUL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF STANDING

Defendants U-Haul International, Inc. and U-Haul Co. of Florida, Inc. (collectively, "U-Haul") hereby file their Reply in Support of their Motion to Dismiss Plaintiffs' Amended Complaint for lack of standing, and state as follows in support.

It seems that U-Haul is caught between two competing sets of surviving family members who have been unable to agree on the most efficient, and procedurally proper, way to pursue their claims. Though U-Haul does not concede that Plaintiffs have standing to pursue their claims under Texas law, nor that Texas law even applies to Plaintiffs' claims, U-Haul would not object if the Court chose to consolidate Plaintiffs' wrongful death claims with Ida Trevino's, which were filed over two months after Plaintiffs' claims and which are now also pending before this Court. This would be consistent with what should have originally occurred had Ida Trevino

followed proper procedure, and would be consistent with both Texas and Illinois wrongful death law.[1]

However, should the Court choose to reach the merits of U-Haul's motion, U-Haul contends that Plaintiffs' Amended Complaint should be dismissed because Plaintiffs have brought a suit separate from Ida Trevino and her daughters – necessary parties to this proceeding. As a result, though Plaintiffs may have a wrongful death claim arising out of their son's death, it is not redressable in this particular proceeding, and they cannot be afforded relief, because all necessary parties have not been joined. Consequently, Plaintiffs lack standing and their Amended Complaint should be dismissed.

**I.    Argument.**

    **A.    U-Haul Would Not Object to Consolidation of All Pending Wrongful Death Claims Arising Out of the Subject Vehicular Accident.**

Though U-Haul does not concede that Plaintiffs have standing to pursue their claims under Texas law, nor that Texas law even applies to Plaintiffs' claims, U-Haul would not object if the Court chooses to consolidate Plaintiffs' and Ida Trevino's wrongful death claims. As stated in U-Haul International, Inc.'s opposition to Ida Trevino's remand motion in Case No. 08-cv-2255, over two months after Plaintiffs' complaint was filed, Ida Trevino inappropriately filed a second wrongful death suit arising out of the same accident at issue in Plaintiffs' first-filed complaint.

Ida Trevino should have intervened in Plaintiffs' suit and pursued her claims against Janet Deutsch, the special administrator appointed by Mr. Trevino to defend lawsuits against the estate of William Geary, who is the deceased driver of the other vehicle involved in the accident with Gregorio Trevino, Jr. This would have been consistent with avoiding multiple wrongful

---

[1]   Ida Trevino is pursuing her claims under the Illinois Wrongful Death Act.

78317.2                                              2

death suits under both Texas and Illinois law.  *See infra*; *Abiola v. Abubaker*, 2003 WL 22012220 at *2 (N.D. Ill. Aug. 25, 2003) (avoiding a multiplicity of actions arising out of the death of a single individual).

Thus, because Janet Deutsch is alleged to have already been appointed special administrator to represent William Geary's estate, U-Haul International, Inc. contends that Mr. Geary's estate has been fraudulently joined in Ida Trevino's suit.  Her claims against Mr. Geary's estate should have been pursued against Janet Deutsch in Plaintiffs' suit, rather than against the second administrator Ida Trevino inappropriately appointed in her own suit to serve in the identical capacity as Ms. Deutsch.

Consequently, U-Haul would not object to consolidation of Plaintiffs' and Ida Trevino's wrongful death claims.  This would permit all purported wrongful death beneficiaries to pursue their claims in one suit, which is what should have originally occurred had Ida Trevino followed proper procedure under both Texas and Illinois law.

**B.     Alternatively, Plaintiffs Lack Standing to Bring Their Amended Complaint.**

However, should the Court choose to reach the merits of U-Haul's motion, U-Haul contends that Plaintiffs mistakenly believe that being a designated beneficiary under the Texas Wrongful Death Act (the "Act") is the only standing requirement they must satisfy to bring their lawsuit.  Plaintiffs' response ignores their failure to follow any of the additional requirements to bring suit under the Act.

Though Plaintiffs may be designated beneficiaries under the Act, (i) they have improperly pursued their claims independent of other wrongful death beneficiaries, (ii) they have failed to seek relief on behalf of the entire class of beneficiaries, and (iii) they have sued individually when the act requires an estate representative to pursue all wrongful death claims

filed over three months after the death of the decedent.  Plaintiffs' Amended Complaint should be dismissed because it was brought in complete disregard of Texas law.

Under the Act, the failure of all beneficiaries to appear in a single wrongful death suit mandates dismissal.  Defendants have the absolute right to have all wrongful death beneficiaries joined in the same suit.  *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. Ct. App. 1997).  Though Plaintiffs may have been able to proceed separately from the other beneficiaries if U-Haul failed to address the absence of necessary parties, Plaintiffs cannot maintain their action once U-Haul has identified that procedural defect.  *Id.*

Plaintiffs' reliance on *Utts* is misplaced.  The proposition set forth in this case is not that a wrongful death beneficiary has standing to bring suit without joining the other beneficiaries.  The only question in *Utts* was whether a defendant could treat a group of settling plaintiffs as one "claimant" when determining what settlement credits to grant defendants.  *Utts* does not even address standing because there was no question whether any wrongful death beneficiaries were missing.  Thus, *Utts* does nothing to cure the procedural defect in Plaintiffs' Amended Complaint.

Plaintiffs also have no basis to rely on *Trostle* or *Avila*, which state that any beneficiaries *excluded* from a wrongful death suit by another beneficiary may be able to bring their own suit.  *Trostle v. Trostle*, 77 S.W.3d 908, 913 (Tex. Ct. App. 2002); *Avila*, 948 S.W.2d at 850.[2]  In the instant case, Plaintiffs have not been excluded from an existing wrongful death suit.  Rather, Plaintiffs' excluded Ida Trevino and her children from Plaintiffs' wrongful death suit, which was filed *over two months before* Ida Trevino's suit.  Plaintiffs cannot now claim that they will be

---

[2]  Of course when defendants raise the issue of missing beneficiaries, as U-Haul has done here, the circumstances justifying a separate suit no longer exist.  By raising the issue, defendants simultaneously preserve their right to have all claims disposed of in a single suit while permitting all beneficiaries to actively present their claims.  *Avila*, 948 S.W.2d at 850.

deprived a right to recover when they took the procedurally improper step of failing to join all necessary parties in their own suit.

Plaintiffs also misconstrue the *Shepherd* opinion and torture the holding in *Garza*. *Shepherd* discusses whether a common law spouse may bring a claim as a designated beneficiary under the Act. Nowhere does it discuss, let alone state, that the only requirement to bring suit is to be a designated beneficiary. Further, the *majority* opinion in *Garza* merely addresses whether an unrecognized illegitimate child may bring a claim as a designated beneficiary. Not only do Plaintiffs purport to rely on the *dissenting* opinion in *Garza*, but, like the majority, the dissenting opinion does not, by even the most liberal interpretation, stand for Plaintiffs' proposition that "it is improper to require proof of anything other than being a parent, child or spouse in order to bring a wrongful death claim."

Nor can such a proposition exist under Texas law. As *Avila* and other cases discuss, though one must be a designated beneficiary under the Act, that is not the only standing requirement Plaintiffs must meet. The Act also clearly sets forth that all beneficiaries must join in the same suit, or that Plaintiffs must bring suit on behalf of all beneficiaries, neither of which occurs here. *Avila*, 948 S.W.2d at 850 ("[a]lthough the Act speaks of a single suit, it is intended that the single suit be one where all of the beneficiaries appear as plaintiffs actively presenting their claim, or one in which one or some of the beneficiaries purport to prosecute a claim for the benefit of all entitled under the act."). It has been long held that failure to meet these requirements results in dismissal of an improperly filed suit. *Fry v. Lamb Rental Tools, Inc.*, 275 F. Supp. 283, 285 (W.D. La. 1967) (applying Texas law to dismiss diversity wrongful death case where all beneficiaries were not joined as necessary parties).

Furthermore, as the executor of Gregorio Trevino, Jr.'s estate, only Ida Trevino can bring wrongful death claims on behalf of all purported beneficiaries over three months after the death of the decedent. Plaintiffs' impermissibly filed their individual claims almost two years after the death of their son and after Ida Trevino had been appointed executor. *See Serv-Air, Inc. v. Profitt*, 18 S.W.3d 652, 664 (Tex. Ct. App. 1999).

Because Plaintiffs have failed to follow any of the requirements to confer standing under the Act, their Amended Complaint should be dismissed.

## II.  Conclusion.

U-Haul would not object to consolidation of Plaintiffs' and Ida Trevino's wrongful death claims. This would permit all purported wrongful death beneficiaries to pursue their claims in one suit, which is what should have originally occurred had Ida Trevino followed proper procedure under both Texas and Illinois law.

However, should the Court choose to reach the merits of U-Haul's motion, U-Haul contends that Plaintiffs lack standing to bring suit under the Texas Wrongful Death Act. Though Plaintiffs may have a wrongful death claim arising out of their son's death, it is not redressable in this particular proceeding because all necessary parties have not been joined, and Plaintiffs have not sued on behalf of all beneficiaries. Furthermore, Plaintiffs' suit was filed over three months after their son's death, in which case the executor of their son's estate is required to bring suit on behalf of all beneficiaries. Consequently, Plaintiffs lack standing to bring their claims, and their Amended Complaint should be dismissed.

WHEREFORE, for all of the foregoing reasons, Defendants U-Haul International, Inc. and U-Haul Co. of Florida, Inc. respectfully request this Court to consolidate Plaintiffs' and Ida

78317.2

Trevino's wrongful death claims or, alternatively, if the Court reaches the merits of U-Haul's motion to dismiss, to dismiss Plaintiffs' Amended Complaint for lack of standing.

Dated: June 25, 2008                                   Respectfully submitted,

**U-HAUL INTERNATIONAL, INC.**
**U-HAUL CO. OF FLORIDA, INC.**


_____s/ Dmitry Shifrin_____
George Jackson III, #6189680
Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2008, a copy of the foregoing Reply in Support of Motion to Dismiss was served via the Court's CM/ECF system to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602

William J. Maiberger, Jr.
WATTS LAW FIRM, L.L.P.
Bank of America Plaza, Suite 100
300 Convent St.
San Antonio, TX 78205

                                                    s/ Dmitry Shifrin