# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO and ORALIA TREVINO, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 08-cv-1409 |
| U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF FLORIDA, INC., GENERAL MOTORS CORPORATION, and JANET M. DEUTSCH, as Special Administrator of the ESTATE OF WILLIAM J. GEARY, | ) Judge Robert M. Dow, Jr. ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' U-Haul International, Inc. and U-Haul Co. of Florida, Inc. ("U-Haul Defendants") motions to dismiss Plaintiffs' original complaint [7] and Plaintiffs' amended complaint [33]. For the reasons stated below, the motion to dismiss the amended complaint [33] is granted and the motion to dismiss the original complaint [7] is stricken as moot.

## I.   Background

On April 21, 2006, a rented U-Haul moving truck driven by an Illinois citizen, William Geary, crossed a highway median in Kentucky and crashed into a tractor-trailer driven by a Texas citizen, Gregorio Trevino, Jr. As a result of the collision, both vehicles caught fire and three people were killed, including both drivers.

Mr. Trevino, Jr. was survived by his spouse, Ida Trevino, his two minor children, Sara and Angela Trevino, and his parents, Gregorio and Oralia Trevino. At some time in 2007, before

any wrongful death action was filed arising out of the 2006 accident, letters of office were filed in Texas probate court appointing Ida Trevino as executor of the estate of her late husband, Gregorio Trevino, Jr. This case is one of multiple actions that have been brought on behalf of Mr. Trevino Jr.'s survivors, all of whom are residents of Texas. Because the procedural history of those actions is relevant to the disposition of the pending motion, the Court will set forth that history in some detail below.

On January 24, 2008, Gregorio Trevino, Sr. brought a lawsuit in the Circuit Court of Cook County (No. 08-L-0841) against U-Haul International, Inc., U-Haul Company of Illinois, Inc., and Roger D. Geary, who is William Geary's step-son and a citizen of Tennessee. That lawsuit asserted claims on behalf of Mr. Trevino, Jr.'s parents only and attached an order appointing Janet M. Deutsch as "Special Administrator to serve as Defendant for all purposes relating to this lawsuit." On March 10, 2008, the U-Haul Defendants removed Mr. Trevino, Sr.'s lawsuit to this Court. Plaintiff did not seek remand, thereby consenting to have the case heard in federal court. On May 6, 2008, with leave of Court, Plaintiff filed an amended complaint [30] in order to allege a cause of action under the Texas Wrongful Death Act (Tex. Civ. Prac. & Rem. Code § 71.004), instead of the Illinois Wrongful Death Act. The amended lawsuit named both of Mr. Trevino, Jr.'s parents as Plaintiffs.

On April 10, 2008, Ida Trevino, in her individual capacity and as Special Administrator of her deceased husband's estate, and as the representative of the minor children, brought a lawsuit in the Circuit Court of Cook County (No. 08-L-3922) against various U-Haul entities, General Motors Corporation, and Mechelle Walsh, as Special Administrator of the Estate of William Geary. Ms. Trevino's initial lawsuit consisted of fifteen counts and sought relief under theories of strict liability, negligence, and willful and wanton conduct under the Illinois

2

Wrongful Death Act, the Survival Act, and the Family Expense Act. On April 14, 2008, before any local Defendants were served with the lawsuit, U-Haul International, Inc. removed the lawsuit to federal court, where it was assigned to Judge Gettleman as Case No. 08-cv-2120. After amending her complaint as of right on April 16, 2008, to add additional U-Haul entities as Defendants, Ms. Trevino voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1) on April 17, 2008.

The following day, April 18, 2008, Ms. Trevino filed a second complaint in the Circuit Court of Cook County (No. 08-L-4269), asserting virtually the same claims as in her amended complaint in the prior lawsuit, but appointing Jeffrey Crook in place of Mechelle Walsh as Special Administrator to serve as a Defendant on behalf of William Geary's estate. On that same day, Ms. Trevino served Mr. Crook – who is deemed to be a local defendant because he stands in the shoes of an Illinois citizen, William Geary – and Mr. Crook filed a responsive pleading. On April 21, 2008, U-Haul International, Inc. removed Ms. Trevino's second lawsuit to federal court, where again it was assigned to Judge Gettleman as Case No. 08-cv-2255. This Court subsequently granted the U-Haul Defendants' motion to reassign that case to this Court as related to the lawsuit filed by Mr. Trevino, Jr.'s parents (No. 08-cv-1409), and on November 18, 2008, issued an order granting Ms. Trevino's motion to remand Case No. 08-cv-2255 to the Circuit Court of Cook County.

## II.     Analysis

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that

the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

As noted above, this is one of two current lawsuits brought by surviving members of the family of Gregorio Trevino, Jr. One of the lawsuits was brought by Mr. Trevino, Jr.'s spouse, Ida Trevino, on behalf of herself and their children. That lawsuit seeks recovery under multiple theories, including pursuant to the Illinois wrongful death statute. It originally was filed in Illinois state court, was removed to this Court, and then remanded to state court for the reasons stated in this Court's November 18, 2008 memorandum opinion and order. This lawsuit, by contrast, was brought by Mr. Trevino, Jr.'s parents, and seeks recovery under the Texas wrongful death statute. Like the lawsuit brought by Ida Trevino, this lawsuit began in state court and was removed to this Court. However, the parties now agree that there is no procedural mechanism for remanding this case; it must remain in federal court for resolution.

The parties agree that both the Illinois and Texas wrongful death statutes contemplate a single lawsuit on behalf of all potential beneficiaries of the action. Recognizing that clearly

4

stated policy preference, the Court convened a status hearing in October 2008 and requested supplemental briefing [49, 50] to explore whether consolidation of the cases was feasible. In view of Ida Trevino's desire and right to litigate her action in Illinois state court and the inability to remand the action brought by Gregorio Trevino, Sr. and Oralia Trevino to state court, the Court and the parties concluded that consolidation or joinder of the actions was not possible. Accordingly, the Court must decide Defendant's motion to dismiss [33], which presents the issue of whether the separate action by the parents may proceed under Texas law.

One of the complicating factors is that Illinois and Texas law differ in regard to the scope of potential beneficiaries under the states' wrongful death statutes. Under Illinois law, the parents of the deceased have no right to recovery in a wrongful death action if the deceased leaves a surviving spouse and/or children. See, *e.g.*, *Mio v. Alberto-Culver Co.*, 715 N.E.2d 309, 313 (Ill. App. 2d Dist. 1999). By contrast, Texas law permits recovery in a wrongful death action by the surviving spouse, children, and parents of the deceased (Tex. Civ. Prac. & Rem. Code Ann. § 71.004(a), (b)) and authorizes any of the beneficiaries to commence a lawsuit within the first three months after the death of the injured individual (*id*. § 71.004(c)). However, after that initial time period, the Texas statute provides that only the "executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." *Id*.

Here, none of the "individuals entitled to bring an action" under the Texas wrongful death statute did so within the first three months after the death of Mr. Trevino, Jr. And it is acknowledged that Ida Trevino was appointed administrator of Mr. Trevino, Jr.'s estate prior to the filing of any lawsuit. As of the date of her appointment, Ida Trevino had the statutory right to commence an action under the Texas wrongful death statute. However, she chose not to sue under that statute, but instead opted to file an action under the Illinois statute. A consequence of

5

that decision is that Plaintiffs in this action are excluded from the wrongful death lawsuit brought by the administrator of the deceased's estate, because they have no right to recover under Illinois law. The novel question that remains is whether Plaintiffs, as parents of the decedent, may maintain a separate lawsuit under Texas law on their own behalf and in the absence of other beneficiaries, including the administrator of the estate herself.

Plaintiffs contend that they may proceed with their action notwithstanding the clear statutory preference for a single wrongful death action and the express provision conferring on the administrator the right to "bring and prosecute the action" after the initial three month period in which any potential beneficiary may sue. Plaintiffs suggest that statutory beneficiaries who are excluded from a wrongful death action brought by the administrator may file their own lawsuit. See *Trostle v. Trostle*, 77 S.W.3d 908, 913 (Tex. App. 2002).

Defendants counter that Plaintiffs' lawsuit is flawed in multiple respects that mandate dismissal. To begin with, Defendants contend that an individual action cannot be maintained by anyone other than the estate representative outside of the three month window during which any beneficiary may commence a Texas wrongful death action. Defendants further argue that Plaintiffs' lawsuit improperly attempts to proceed without joining or seeking relief on behalf of the other wrongful death beneficiaries in their lawsuit, even though Plaintiffs filed their lawsuit prior to the filing of the lawsuit filed by and on behalf of Ida Trevino and her children – all of whom clearly are potential beneficiaries under Texas law.

Neither the parties nor the Court have located any Texas decision addressing whether potential beneficiaries under the Texas wrongful death statute may maintain an independent lawsuit where, as here, the administrator of the deceased's estate has filed a wrongful death action under the law of another state. However, guided by the language and structure of the

6

statute itself, as well as the most analogous case law, the Court concludes that Texas law would not permit Plaintiffs to proceed with an independent action in these circumstances for two reasons.

First, while Plaintiffs clearly had a right to commence an action within the first three months after Mr. Trevino, Jr.'s death, the Texas statute clearly contemplates that after the initial period lapses and an administrator is appointed, the administrator controls the wrongful death litigation. As the Texas Court of Appeals has explained, "[t]he Wrongful Death Act provides a window of time within which any statutory beneficiary may file an action 'for the benefit of all.'" *Serv-Air, Inc. v. Profitt*, 18 S.W.3d 652, 664 (Tex. App. 1999). Neither Plaintiffs nor anyone else commenced an action within that time frame. Under Texas law, if no action is commenced "within three calendar months of the date of death, the time during which any statutory beneficiary could bring an action on behalf of all beneficiaries expire[s]," and the administrator becomes "the proper plaintiff representative." *Id*. (citing Tex. Civ. Prac. & Rem. Code Ann. § 71.004(c)).

Here, of course, the administrator chose not to file any action at all under the Texas statute, but rather pursued a wrongful death action under Illinois law. There is no suggestion that the administrator acted improperly in so doing. In fact, the driver of the vehicle that allegedly caused the fatal accident was a resident of Illinois at the time of the incident. It also is worth noting that because there was no lawsuit filed at all by the administrator under the Texas statute, this is not an instance in which a potential beneficiary has been singled out for exclusion from an otherwise proper wrongful death action brought under the *Texas* statute. *Cf. Trostle*, 77 S.W.3d at 913; *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 855 (Tex. App. 1997). Ida Trevino chose to sue under Illinois law, and Plaintiffs acknowledge that they have no right to recover

7

under the Illinois wrongful death statute. Finally, and perhaps most significantly, by conferring special rights on the administrator after the initial three month period, the Texas statute places the ball in the administrator's court in regard to the "bring[ing] and prosecut[ion]" of a wrongful death action. See Tex. Civ. Prac. & Rem. Code Ann. § 71.004(c). In view of that expression of deference to the judgment of the administrator, the Court sees no reason why the Texas courts would not honor the administrator's decision to bring a wrongful death action under the law of another state, even if that state's laws differ from Texas' laws in regard to potential beneficiaries. And from the perspective of Illinois law, Ida Trevino's lawsuit "is being prosecuted for the benefit of all the eligible beneficiaries." *Avila*, 948 S.W.2d at 851. For all of these reasons, the Court concludes that Texas law would not permit Plaintiffs to maintain a separate wrongful death action either to supplement or supplant Ms. Trevino's action that is pending in Illinois state court.

The issues raised in this case are somewhat similar to those involved in *In re Air Crash at Dallas/Fort Worth Airport on Aug. 2, 1985*, 861 F.2d 814 (5th Cir. 1989). In that case, the court held that the parents of a decedent were barred, under the doctrine of res judicata, from bringing an action under the Texas Wrongful Death Act, where the decedent's representative already had brought a successful claim under Florida law in federal district court. Although the Fifth Circuit noted that the parents could not recover under Florida law and so in a literal sense the suits were not "identical," the court reasoned that the decedent's representative could have asked the federal district court in Florida to apply Texas' wrongful death statute. *Id.* at 816-17. After discussing the purpose of Florida's wrongful death statute in preventing "a multiplicity of litigation" (*id.* at 817), the court concluded that any action by the parents, if one were viable, would have to be for a breach of fiduciary duty if the litigation choices made by the representative "harmed their

8

interests." *Id.* at 818 & n.3. Based on the foregoing statutory analysis, a similar outcome applies here.

Moreover, even if the analysis in the preceding paragraphs is not a correct prediction of how the Texas courts would rule in the absence of precedent on point, dismissal appears necessary on another ground. For, even if Texas law may permit the filing of a lawsuit by a potential beneficiary other than the administrator in certain circumstances – including where, as here, the administrator chooses to bring a wrongful death action under the law of another state – the Texas statute mandates that any such lawsuit be brought "for the benefit of all" beneficiaries. Tex. Civ. Prac. & Rem. Code Ann. § 71.004(b). In carrying out the intent of the legislature, the Texas courts thus have stressed that "[a]ll or anyone of the parties, to whom the right of action is given, may bring suit and where it is brought by only one [or some but not all] of the parties, it *must appear* that the suit was brought for the benefit of all." *Avila*, 948 S.W.2d at 850 (emphasis in original); see also *id*. ("All of the parties who are to share in the recovery must appear on the face of the petition"); *Serv-Air*, 18 S.W.3d at 664 (criticizing plaintiffs who "did not sue on behalf of all beneficiaries").

At the time that Plaintiffs filed their lawsuit, no other wrongful death action had been filed by anyone in any court. Yet in both their original and amended complaints, Plaintiffs brought this action only on behalf of themselves. The other statutory beneficiaries neither appear on the face of the complaint nor anywhere else in the pleading. For that reason as well, the lawsuit does not comport with Texas law and must be dismissed.

### III.    Conclusion

For the foregoing reasons, the U-Haul Defendants' motion to dismiss Plaintiffs' amended complaint [33] is granted and the U-Haul Defendants' motion to dismiss Plaintiffs' original complaint [7] is stricken as moot.

Dated: March 31, 2009

_____
Robert M. Dow, Jr.
United States District Judge